UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY GRAND JURY 2020
MARCH 10, 2020 SESSION

FILED
MAR 10 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.

Criminal No. 2:20-cr-00054
18 U.S.C. § 1349
18 U.S.C. § 2314
18 U.S.C. § 1956 (a)(2)(B)(i)

NEDELTCHO VLADIMIROV

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Wire Fraud Conspiracy)**

Overview of the Scheme

1. Beginning no later than in or around December 2016, up to and including in or around February 10, 2020, defendant NEDELTCHO VLADIMIROV, and others known and unknown to the Grand Jury, were members of a criminal theft ring based in the Southern District of West Virginia executing a wire fraud scheme. The primary objective of the scheme was for defendant NEDELTCHO VLADIMIROV to obtain money under false pretenses by listing and selling stolen items in online marketplaces.

Manner and Means of Execution of the Scheme

The scheme generally worked as follows:

2. Defendant NEDELTCHO VLADIMIROV enlisted a crew of coconspirators known as "boosters" to steal merchandise from retail stores located in the Southern District of

West Virginia. In furtherance of the scheme, defendant NEDELTCHO VLADIMIROV intentionally selected people addicted to controlled substances as boosters.

3. Defendant NEDELTCHO VLADIMIROV met with boosters to receive stolen items in Cross Lanes, West Virginia and elsewhere. Defendant NEDELTCHO VLADIMIROV knew the merchandise received from boosters was stolen. During the meetings, defendant NEDELTCHO VLADIMIROV examined and often scanned barcodes of items from retail stores on his mobile electronic device to determine the approximate online sales price and demand for the merchandise. Defendant NEDELTCHO VLADIMIROV then offered to pay cash to the booster for the item at a fraction of the retail price. After completion of the sale, boosters typically used the cash received from defendant NEDELTCHO VLADIMIROV to buy controlled substances to support their drug habits. Multiple boosters sold stolen items to VLADIMIROV on multiple occasions over the course of the scheme.

4. Defendant NEDELTCHO VLADIMIROV listed the stolen items for sale online at a higher price than what defendant NEDELTCHO VLADIMIROV paid to the booster. The online marketplace primarily used by defendant NEDELTCHO VLADIMIROV, eBay, prohibited the sale of stolen merchandise. Defendant NEDELTCHO VLADIMIROV listed the items for sale on eBay under false pretenses, that is, that the items were not stolen and that he had the legal right to sell the items.

5. After completing sales of the stolen items on eBay, defendant NEDELTCHO VLADIMIROV used common carriers to ship and deliver the stolen items to buyers throughout the United States and outside of the United States.

## Statutory Allegations

6. Beginning no later than in or around December 2016, up to and including in or around February 10, 2020, in the Southern District of West Virginia and elsewhere, defendant NEDELTCHO VLADIMIROV, and others known and unknown to the Grand Jury, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of 18 U.S.C. § 1343.

7. It was a part and an object of the conspiracy that defendant NEDELTCHO VLADIMIROV, and others known and unknown to the Grand Jury, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1343, to wit, engaged in a fraud scheme to obtain money under false pretenses and representations by listing stolen items for sale on eBay in violation of eBay's policy prohibiting the sale of stolen items, thereby representing that the items listed for sale were not stolen and that defendant NEDELTCHO VLADIMIROV had the legal right to sell them, and sent and received interstate and wire communications in furtherance of that scheme.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Interstate Transportation of Stolen Goods)

8.     The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of this Indictment as though fully set forth herein.

9.     Beginning no later than in or around December 2016, up to and including in or around February 10, 2020, in the Southern District of West Virginia, defendant NEDELTCHO VLADIMIROV, did unlawfully transport, transmit, and transfer in interstate and foreign commerce from Cross Lanes, Kanawha County, West Virginia, to states and countries outside of the state of West Virginia, stolen goods, wares and merchandise, that is, merchandise received from boosters, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

All in violation of Title 18, United States Code, Section 2314.

## COUNT THREE
### (International Money Laundering)

10. The Grand Jury realleges and incorporates by reference paragraphs 1 through 7 of this Indictment as though fully set forth herein.

11. From December 2016 to February 2020, defendant NEDELTCHO VLADIMIROV received more than $250,000 from online buyers, which was deposited into an account held by defendant NEDELTCHO VLADIMIROV with PayPal, a company operating a worldwide online payments system.

12. From December 2016 to February 2020, defendant NEDELTCHO VLADIMIROV transferred proceeds of the fraudulent scheme from the account held by defendant NEDELTCHO VLADIMIROV with PayPal into a FDIC-insured bank account xxx8889 at City National Bank in Cross Lanes, West Virginia.

13. From December 2016 to February 2020, defendant NEDELTCHO VLADIMIROV then transferred more than $250,000 from bank account xxx8889 at City National Bank to savings account xxx4623 at City National Bank in Cross Lanes, West Virginia.

14. On or about July 23, 2019, in Cross Lanes, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant NEDELTCHO VLADIMIROV, knowingly transferred funds from a place in the United States to and through a place outside the United States, that is, Bulgaria, knowing that the funds involved in the transfer represented the proceeds of some form of unlawful activity and in fact involved the proceeds of specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. § 1343.

15. At the time the financial transactions described below occurred, defendant NEDELTCHO VLADIMIROV knew the transactions were designed in whole and in part to

5

conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activities:

| Approx. Date | Transaction |
|---|---|
| July 8, 2019 | Transferred $155,000 from his savings account xxx4623 to his checking account xxx8889 at City National Bank in Cross Lanes, West Virginia |
| July 8, 2019 | Issued personal check #1045 from his checking account xxx8889 at City National Bank in Cross Lanes, West Virginia to himself for $155,000 |
| July 8, 2019 | Deposited personal check #1045 for $155,000 into his account xxx8197 at JPMorgan Chase Bank in Cross Lanes, West Virginia |
| July 23, 2019 | Transferred $153,000 from his JPMorgan Chase Bank xxx8197 in Cross Lanes, West Virginia to a bank outside of the United States, that is, Bulgaria |

All in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## Notice of Forfeiture

1. The allegations contained in Counts 1-3 of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

1. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1349, 1956, and 2314 set forth in Counts 1-3 of this indictment, the defendant NEDELTCHO VLADIMIROV shall forfeit to the United States of America, pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

2. The following property is subject to forfeiture on one or more grounds stated above:

   a. Approximately $60,000.00 seized from defendant NEDELTCHO VLADIMIROV ending in 4623 at City National Bank;
   b. Approximately $9,029.24 seized from defendant NEDELTCHO VLADIMIROV ending in 8889 at City National Bank;
   c. Approximately $1,831.75 seized from defendant NEDELTCHO VLADIMIROV ending in 4623 at JP Morgan Chase Bank; and
   d. A forfeiture money judgment in the amount of at least $250,000, such amount constituting the proceeds of the violations set forth in this indictment.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461.

All pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

By: _____
ANDREW J. TESSMAN
Assistant United States Attorney