```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF WEST VIRGINIA
                           CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

### RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on March 16, 2020, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Preliminary Response:**

In this case, the United States provides expansive discovery, which has been made available through an online file-sharing service, USAfx, as outlined below:

Request E – Items Material to the Defense

**Request A:  Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.  [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response**:  The United States has disclosed statements made by Defendant on January 23, 28-29, and February 10, 2020. See Response

to Request E, "USSS\Post Arrest Recording" & "West Virginia State Police"; see also "Violent Crime Drug Task Force West"; see also "USSS\Devices".

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows-- or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** See Response to Request A.

**(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response**: See Response to Request A. See also Response to Request E, USSS\Arrest.

**(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response**: Not applicable

**Request C: Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response**:  Not applicable

**Request D**:  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]

**Response**:  The United States Probation Office has disclosed the defendants' criminal history to Defendant at the hearings on February 13 and March 16, 2020.

**Request E**:  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:**  The United States has disclosed the reports, records, and other documents/communications of the following federal, state and local law enforcement agencies and Organized Retail Crime divisions:

1. Kroger ORC;
2. Target ORC;
3. South Charleston Police Dept;
4. United States Secret Service;
5. United States Attorneys Office;
6. West Virginia State Police; and
7. Violent Crime Drug Task Force West.

**Request F**:  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use

3

**the item in its case-in-chief at trial.  [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response**:  Not applicable.

**Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response**:  Not applicable

**Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response**:  The United States is unaware of any such evidence other than that which may otherwise be included in response to Request E, such as the criminal history of known co-conspirators of Defendant. To the extent such criminal history exists and is in the possession of the United States, it will supplement this response.

**Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response**:  The United States does not intend to present any evidence pursuant to Rule 404(b).  However, if such material is discovered, the United States will timely notify defendant.

4

**Request J:**  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.
**Response**:  Not applicable.

**Request K:**  Disclose to defendant any matter as to which the government will seek judicial notice.

Response:  The United States will seek judicial notice that (1) Kanawha County is within the Southern District of West Virginia; and (2) Ebay had a policy prohibiting the sale of stolen goods during the relevant time period of this case.

**Request L:**  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response**:  Not applicable

**Request M:**  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

Response:  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

5

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

    Respectfully submitted,

    UNITED STATES OF AMERICA

    MICHAEL B. STUART
    United States Attorney


    s/Andrew J. Tessman
    ANDREW J. TESSMAN
    Assistant United States Attorney
    WV State Bar No. 13734
    300 Virginia Street, East, Room 4000
    Charleston, WV  25301
    Telephone:  304-345-2200
    Fax:  304-347-5104
    E-mail: andrew.tessman@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 30th day of **March**, **2020** to:

    Rachel Zimarowski
    Assistant Federal Public Defender
    Counsel for Defendant
    United States Courthouse, Room 3400
    300 Virginia Street East
    Charleston, West Virginia 25301

                                        By:  <u>s/ Andrew J. Tessman</u>