```
        IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO: 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

## AMENDED MOTION OF THE UNITED STATES TO TOLL THE SPEEDY TRIAL ACT AND CONTINUE TRIAL[1]

Comes now the United States of America, by Andrew J. Tessman, Assistant United States Attorney for the Southern District of West Virginia, and respectfully requests that this Court toll the Speedy Trial Act and continue trial in this case based on the public health threat caused by the COVID-19 virus and the General Orders entered in the Southern District of West Virginia.

Defendant was arrested on a criminal complaint on February 10, 2010 and indicted on March 10, 2020. Trial was scheduled for May 11, 2020. On March 13, 2020, the Court continued all grand juries and jury trials in this District from Thursday, March 13, 2020 to March 27, 2020, per General Order in Case No. 2:20-mc-00052. On April 13, 2020, after the defendant filed a motion to

---

[1] The United States requests leave to withdraw the motion at ECF 39 and instead consider this amended motion. Two footnotes were inadvertently included in the motion at ECF 39 that do not apply to this case.

continue the trial (ECF 35), the Court continued trial to July 13, 2020. On April 14, 2020, General Order #5 further continued all grand juries, jury trials, and in-person hearings until May 31, 2020. On April 14, 2020, General Order #5 further continued all grand juries, jury trials, and in-person hearings until May 31, 2020. On May 22, 2020, General Order #6 further continued all grand juries, jury trials, and in-person hearings until June 30, 2020.

The United States now moves the Court to continue the trial for at least 30 days from July 13, 2020. If the Court continues the trial, the United States further moves for an order specifically tolling the time period from July 13, 2020 through the new trial date based on excludable delay under the Speedy Trial Act.

The requested continuance is excludable delay under the provisions of the Speedy Trial Act. 18 U.S.C. § 3161(h). Section 3161(h) governs the periods of time which shall be excluded from the time period within which a defendant must be brought to trial under the Speedy Trial Act. Specifically, § 3161(h)(7)(A) excludes "delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In making this ends-of-justice finding, the court is to consider, inter alia, whether the failure

2

to continue the proceeding would "be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Id*. § 3161(h)(7)(B).

The ends of justice outweigh the interests of the public and the defendant in a speedy trial due to the measures the Court has reasonably taken to address the substantial public health threat posed to the public by the COVID-19 virus. In order to reduce the spread of the virus, the Court has continued all grand juries, jury trials, and in-person hearings until after June 30, 2020. A further continuance of the July 13, 2020 trial is necessary based on continued health concerns and the difficulties and complications of preparing for trial.

It is difficult to subpoena and meet with witnesses, including law enforcement officers. At least two witnesses would need to travel from out of state for trial preparation and the jury trial. Due to the nature of the case, certain types of witnesses do not have reliable contact information. These witnesses will be more difficult to track down to serve with subpoenas, and officers will likely be required to meet and interact with several individuals other than the witnesses in public in order to locate the witness. Due to current public health concerns, the undersigned attorney has been hesitant to request that law enforcement officers attempt to track down these witnesses at this time.

The undersigned counsel conferred with counsel for the defendant, Rachel Zimarowski, who stated that she opposes the motion because she has been unable to consult with her client about the requested continuance due to visitation at the South Central Regional Jail being suspended as a result of positive COVID-19 cases at the jail.

Accordingly, the United States respectfully requests that based on the above-stated health concerns, the Court toll the time from July 13, 2020, through the new trial date from the calculation of the time period for when this case must go to trial. The United States further respectfully requests that the Court continue the trial in this matter and all related deadlines and hearings for at least 30 days from its current trial date of July 13, 2020.

DATED: June 16, 2020

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

By: /s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
West Virginia Bar No. 13734
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: andrew.tessman@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing document has been electronically filed and service has been made on opposing counsel by virtue of electronic filing on June 16th, 2020 to:

```
Rachel Zimarowski
United States Courthouse, Room 3400
300 Virginia Street East
Charleston, West Virginia 25307
```

By: s/Andrew J. Tessman