IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                     CRIMINAL NO. 2:20-cr-00054

NEDELTCHO VLADIMIROV

RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER PRETRIAL DETENTION

The United States of America opposes defendant Nedeltcho Vladimirov's motion (ECF 44) to reconsider Judge Tinsley's Order finding that Vladimirov poses a risk of nonappearance and that there is no condition or combination of conditions for Vladimirov to be released on bond.[1]

Vladimirov has filed a motion asking the Court to reconsider Judge Tinsley's Order. ECF 44. The motion should be denied because Vladimirov has not met his burden to establish that reconsideration is warranted. Vladimirov has not made any showing that he is at risk of contracting COVID-19 at South Central Regional Jail (SCRJ) where Vladimirov is detained. In fact, SCRJ currently has no active cases of

---

[1] If Defendant's motion construed as an appeal on a nondispositive order under Rule 59(a), it should be dismissed because it was filed out of time. *See* Fed. R. Crim. P. 59(a). If Defendant's motion is construed as a motion to reconsider, it should be directed to the judge who rendered the decision under reconsideration. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind")).

COVID-19. Furthermore, the United States disagrees with Vladimirov's assertion that Judge Tinsley's "initial concern as to his flight risk [have] largely evaporated." ECF 44 at 9. For the reasons discussed in detail by Judge Tinsley in his Order, Vladimirov remains a serious flight risk.

### A. Procedural History

Nedeltcho Vladimirov was arrested on a criminal complaint charging money laundering offenses on February 10, 2020. ECF 9. Judge Dwane L. Tinsley held preliminary and detention hearings three days later. ECF 15. United States Secret Service Special Agent Terry Hedrick and U.S. Probation Officer Justin Gibson testified at the hearing. ECF 20. Judge Tinsley found probable cause for the offenses charged in the criminal complaint, and held that there were no condition or combination of conditions for Vladimirov to be released on bond. ECF 20 at 51.

Specifically as to detention, Judge Tinsley made the following findings:

(1) The defendant is charged with a financial crime, and that financial crime is promotion of money laundering and engaging in monetary transactions in property derived from specified unlawful activity;

(2) Based upon the testimony that has been offered, the defendant allegedly enlisted several drug users to steal various items from various businesses that the defendant eventually sold on eBay;

(3) The defendant was born in Sofia, Bulgaria, and became a naturalized United States citizen in 2003.

(4) The defendant maintains a dual citizenship with the United States and Bulgaria;

(5) The defendant has traveled internationally to Bulgaria in 2019, and to Spain and Germany in 2017;

(6) The defendant has a valid passport;

(7) Since 2012, the defendant has lived in Cross Lanes, West Virginia, here in the Southern District of West Virginia;

(8) The defendant has no family ties here and no community ties here;

(9) The defendant is self-employed, an eBay vendor, which may be related or appears to be related to the nature of these charges in this criminal complaint;

(10)   On the date of his initial appearance, the defendant's drug screen was positive for marijuana and benzodiazepines;

(11)   The defendant does not have any significant criminal history, but he does have two domestic violence emergency protection orders filed here in Kanawha County in 2014;

(12)   There has been no verification of his residence in terms of him living there, no verification whether there is any support from his neighbors or his friends or anything of that nature, whether he has any knowledge of anyone that lives in his neighborhood;

(13)   The defendant has no income and no job. It appears that his occupation was the eBay account which now has been terminated, I would suspect;

(14) The defendant has no landline in his home. Even though counsel indicated one could be installed, there is not one in his home at this time.

(15) The defendant had weapons in his home. Even though those weapons could be removed, he did have weapons in his home, and they have not been removed as we sit here today;

(16) The defendant has transferred large sums of money to Bulgaria, and it appears that this defendant did obtain a lot of money based upon his eBay account that he had.

ECF 20 at 49-51.

After considering all of those factors, Judge Tinsley found by a preponderance of the evidence that Vladimirov posed a risk of nonappearance and that there was no condition or combination of conditions for Vladimirov to be released on bond. ECF 20 at 51. Therefore, Vladimirov was detained and remanded to the custody of the United States Marshal. *See id.*

Vladimirov was indicted on March 10, 2020 in a three-count indictment. ECF 21. The trial in this case is currently set for October 19, 2020. ECF 45.

### B. Legal Standard

"A motion to reconsider asserts an error in an earlier decision and requires the movant to specify the error of fact or law in the prior decision." *D'Cruze v. Holder*, 387 F. App'x 382, 382–83 (4th Cir. 2010) (citing *Jean v. Gonzales*, 435 F.3d 475, 483 (4th Cir. 2006)). "The burden is on the movant to establish that reconsideration is warranted." *Id.* (citing *INS v. Abudu*, 485 U.S. 94, 110 (1988); *Ahmed v. Ashcroft*, 388

F.3d 247, 249 (7th Cir. 2004) ("To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind")).

A defendant may be detained pretrial when the government establishes that there is "a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A). In determining whether there are conditions of release that will reasonably assure the appearance of the person, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g).

A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." *See* 18 U.S.C. § 3142(f)(2).

## C. Argument

Here, Vladimirov argues that Judge Tinsley's detention order should be reconsidered due to the COVID-19 pandemic, his own underlying health issues,[2] his inability to communicate with counsel, and his new plan to be released to the residence of his friend, Ivailo Lenkov. ECF 44.

First, Vladimirov's risk of contracting COVID-19 while detained at SCRJ is apparently lesser than if he were to be released on bond. There are currently no active COVID-19 cases at SCRJ,[3] while Vladimirov's motion to reconsider points out that well over 5,000 people have been infected in West Virginia, ECF 44 at 3.

Second, Vladimirov has not provided sufficient information concerning "his new plan to be released to the residence of his friend, Ivailo Lenkov." The United States understands that an investigation into the suitability of the residence has been ordered. However, at the time of the prior detention hearing, Vladimirov had a residence in Cross Lanes, West Virginia, and Judge Tinsley found that Vladimirov was unable to even verify that he lived there, knew any of his neighbors, and had any

---

[2] As a preliminary matter, the information concerning Vladimirov's underlying health conditions was available and presented by defense counsel to Judge Tinsley as a basis to be placed on bond at the February 13, 2020, hearing. *See* ECF 20 at 47. Therefore, the health information was known to the movant at the time of the prior detention hearing and should not be considered as a basis to reopen the hearing. *See* 18 U.S.C. § 3142(f)(2). However, the undersigned attorney understands defense counsel's point to be that the health information should now be considered in the context of the COVID-19 pandemic.

[3] This information can be obtained by calling South Central Regional Jail at (304) 558-1336.

friends who could verify information.[4] Vladimirov has now apparently sold or transferred the Cross Lanes residence and is asking the court to place him on home confinement inside the home of a new, mysterious individual we know nothing about, Ivailo Lenkov. This strange set of circumstances should in no way serve to alleviate any of the concerns Judge Tinseley articulated in his detention order.

Lastly, the suggestion that the Court should no longer be concerned about Vladimirov being a flight risk due to international air travel currently being restricted is unfounded. The risk of nonappearance is substantial for the same reasons discussed by Judge Tinsley on February 13, 2020, even if he cannot fly internationally on an airplane.[5] Vladimirov has: (1) no ties to this district—family, community or otherwise; (2) no income or job; (3) no verification of basic background information; (4) used illegal drugs; (4) possessed weapons; and (5) has transferred substantial sums of money to foreign jurisdictions. He is facing serious federal charges. The evidence at trial will establish that he took advantage of desperate people and helped exasperate the illegal drug problem in West Virginia by continually providing cash to known drug addicts in exchange for items he knew to be stolen just so that he could turn a quick profit for himself on eBay.

### D. Conclusion

For the reasons stated above, the United States respectfully requests that the Court deny Defendant's motion (ECF 44) to reconsider Judge Tinsley's Order finding

---

[4] Curiously, Ivailo Lenkov was not identified as a friend at that time.

[5] A passport is not required to fly domestically.

that Vladimirov poses a risk of nonappearance and that there is no condition or combination of conditions for Vladimirov to be released on bond.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        MICHAEL B. STUART
        United States Attorney

By:   /s/ Andrew J. Tessman
      ANDREW J. TESSMAN
      Assistant United States Attorney West
      Virginia Bar No. 13734
      300 Virginia Street, East
      Room 4000
      Charleston, WV 25301
      Telephone: 304-345-2200
      Email: andrew.tessman@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER PRETRIAL DETENTION" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 27th day of July 2020, to:

Rachel Zimarowski
United States Courthouse, Room 3400
300 Virginia Street East
Charleston, West Virginia 25307

                By:   s/Andrew J. Tessman