IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                             CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

**SUPPLEMENTAL RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on March 16, 2020, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Preliminary Response:**

In this case, the United States provides expansive discovery, which has been made available through an online file-sharing service, USAfx, as outlined below:

**Request E:  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:**  The United States has disclosed the following items:

1. Curriculum vitae of Jose Varlea, Regional Manager, CVS Health, Organized Retail Crime Team;
2. Images received from Nicholas Niehaus, Market Investigator, Target Corporation, on July 29 and August 12, 2020;
3. Memorandum of Interview: Christian Hardman, eBay;
4. Defendant's JailATM Report; and
5. Emails.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response**: The United States intends to call the following individuals as witnesses at the trial of this matter:

1. Jose Varela, Regional Manager, CVS Health, Organized Retail Crime Team.
2. Herb Shelton, Organized Retail Crime Investigator, Kroger.
3. Nicholas Niehaus, Market Investigator, Target Corporation.

The witnesses are expected to base their testimony on their training, experience, and the evidence previously disclosed in this case. The witnesses testify generally about their experience with organized retail fencing operations, including the characteristics and identification of fencing operations. The witnesses will testify as to specific characteristics of Defendant's eBay operation and provide examples as to how

2

Defendant's eBay operation has the characteristics of a fencing operation rather than a legitimate business.

The United States takes the position that the evidence is lay testimony under Rule 701, rather than expert testimony, because it is based on their personal observations and experience as retail investigators. Nevertheless, notice is given to defendant as a precautionary measure.

Jose Varela's curriculum vitae is provided in this discovery response. The United States will supplement this response with the curriculum vitae of Herb Shelton and Nicholas Niehaus as well as additional reports as they are received.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response**: The United States hereby gives notice that it intends to introduce testimony showing that Defendant requested and obtained controlled substances from persons selling stolen items to the Defendant (i.e. "boosters"). This evidence is not other bad acts evidence under Federal Rule of Evidence 404(b). It is direct, intrinsic evidence of the scheme to defraud and to obtain money under false pretenses charged in the Indictment because the scheme relied upon Defendant taking advantage of vulnerable persons he knew to be drug addicts and could manipulate to obtain the stolen goods Defendant sold on eBay. Defendant's

3

requests to obtain controlled substances from boosters demonstrates his knowledge that the boosters were, in fact, drug addicts. It is the position of the United States that this evidence is inextricably intertwined with the evidence regarding the charged offense and is necessary to complete the story of the crime. Thus, it is the position of the United States that, although this evidence meets the standard for admission under Rule 404(b) of the Federal Rules of Evidence as evidence of motive, intent, plan, knowledge and absence of mistake, notice is not required. Nevertheless, notice is given to defendant as a precautionary measure.

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

Response: The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

s/Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV  25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: andrew.tessman@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SUPPLEMENTAL RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY," has been electronically filed and service has been

made on opposing counsel by virtue of such electronic filing this 24th day of **August, 2020** to:

    Rachel Zimarowski
    Assistant Federal Public Defender
    Counsel for Defendant
    United States Courthouse, Room 3400
    300 Virginia Street East
    Charleston, West Virginia 25301

                        By: <u>s/ Andrew J. Tessman</u>