IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION NO. 2:20-CR-54 |
| | ) |
| NEDELTCHO VLADIMIROV, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Pending before the Court is ***Defendant's Motion to Reopen Detention Hearing and Reconsider Pretrial Release*** (ECF No. 44).

Procedural History

On February 10, 2020, Defendant was arrested pursuant to a criminal complaint charging him with promotional money laundering in violation of 18 U.S.C. § 1956(a)(1)(A) and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a). (ECF Nos. 9, 13) The United States filed a Motion for Detention Hearing (ECF No. 5). The Defendant had his initial appearance on February 10, 2020 before United States Magistrate Judge Dwane L. Tinsley (ECF No. 11). On February 13, 2020, Magistrate Judge Tinsley held a preliminary hearing and a detention hearing and thereafter entered an ***Order*** (ECF No. 18) finding "[b]y a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure [his] appearance as required." (Id. at 2) In support of this conclusion, Magistrate Judge Tinsley cited "[l]ack of stable employment," "[l]ack of significant community or family ties to this district," "[s]ignificant family or other ties outside the United States," and "[b]ackground unknown or unverified." (Id. at 3) He concluded:

> The defendant was born in Sofia, Bulgaria. He is a naturalized United States citizen, but maintains dual citizenship with Bulgaria. The defendant traveled internationally to Bulgaria in 2019 and has traveled to Spain and Germany in 2017. Recently, the defendant transferred a large amount of money to Bulgaria and possesses a valid passport. The defendant also has had multiple emergency protective orders placed against him. He was not able to provide a collateral contact to verify any information.

(Id. at 3)

On March 10, 2020, a grand jury indicted Defendant on one count of engaging in a wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349; one count of interstate transportation of stolen goods in violation of 18 U.S.C. § 2314; and one count of international money laundering in violation of 18 U.S.C. §§ 1343 and 1956(a)(2)(B)(i); and one count seeking forfeiture of $70,860.75 in seized funds as well as a money judgment of at least $250,000. (ECF No. 21) On March 16, 2020, Defendant had an initial appearance and arraignment on the indictment before the undersigned. (ECF No. 30) On March 18, 2020, the Court entered General Order #2 effectively closing the federal courthouses in the Southern District of West Virginia due to the ongoing COVID-19 pandemic.

On April 13, 2020, Defendant, by counsel, filed a motion to continue this matter in light of the pandemic. (ECF No. 35) On June 16, 2020, the United States filed a similar motion, noting that the Court continued grand jury meetings, jury trials and in-person proceedings until June 30, 2020 as a result of the pandemic. (ECF Nos. 39 40) On July 20, 2020, Defendant, by counsel, filed another motion to continue this matter because of ongoing problems with both investigating Defendant's case and communicating with him during his confinement at South Central Regional Jail ("SCRJ"). (ECF No. 43) The next day, Defendant filed the subject ***Motion to Reopen Detention Hearing and Reconsider Pretrial Release*** (ECF No. 44). The United States has filed its ***Response in Opposition*** (ECF No. 47).

2

Discussion

In his Motion, Defendant represents to the Court that as COVID-19 infection rates continue to worsen, particularly in places of confinement such as jails and prisons, he is at greater risk due to his age (52) and underlying health conditions, hypertension and sleep apnea. (ECF No. 44) In further support of his Motion, Defendant asserts that he can stay with a friend, Ivaylo Lenkov, at his residence in Point Pleasant, West Virginia. (Id.) Counsel for Defendant also submits that communications with Defendant are difficult given the jail's mandatory regulations concerning phone calls and video conferencing, where private attorney-client communications are compromised given that a staff member must always be present with Defendant. (Id.) Additionally, there is a language barrier, which is exacerbated by masks and social distancing requirements. (Id.) Defendant asserts he is not a flight risk, given that his home in Bulgaria has greater restrictions on international travel as a result of the pandemic and that he will turn over his passport in order to remain confined to his friend's home. (Id.)

18 U.S.C. § 3142(f)(2)(B) provides:

> "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial **if the judicial officer finds that information exists that was not known to the movant at the time of the hearing** and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." (Emphasis added).

Decision

Upon review of the Defendant's Motion, the Court **FINDS** that the Defendant has not alleged any new "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and

3

the community." 18 U.S.C. § 3142(f)(2)(B). Although the COVID-19 pandemic has worsened in the Southern District of West Virginia since Defendant's initial date of detention, and that his underlying health concerns may render him at greater risk of infection, the factual findings made by Magistrate Judge Tinsley following Defendant's detention hearing underscore that Defendant remains a flight risk. Despite Defendant's assertion that he can reside with Mr. Lenkov, Mr. Lenkov indicated to the United States Probation Officer that he will only permit Defendant to reside at his home for 2-3 months, and that Defendant will be largely left alone during the week due to his work as a truck driver. Furthermore, Mr. Lenkov has not communicated with Defendant for approximately a year before his incarceration, suggesting Defendant does not have strong ties with Mr. Lenkov. Therefore, the Court does hereby **DENY** the ***Defendant's Motion to Reopen Detention Hearing and Reconsider Pretrial Release*** (ECF No. 44).

  The Clerk is directed to forward a copy of this Order to all counsel of record, to the United States Marshal and to the United States Probation Office.

**ENTER: August 26, 2020.**

Omar J. Aboulhosn
United States Magistrate Judge