UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2020
FEBRUARY 23, 2021 SESSION



FILED
FEB 2 4 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.             Criminal No. __2:20-cr-00054__
18 U.S.C. § 1349
18 U.S.C. § 1956(h)
NEDELTCHO VLADIMIROV       18 U.S.C. § 1957(a)

# SUPERSEDING INDICTMENT

The Grand Jury charges:

## Overview of the Scheme

1. Beginning no later than in or around December 2016, up to and including in or around February 10, 2020, defendant NEDELTCHO VLADIMIROV, and others known and unknown to the Grand Jury, were members of a criminal theft ring based in the Southern District of West Virginia executing a wire fraud scheme. The primary objective of the scheme was for VLADIMIROV to obtain money under false pretenses by listing and selling stolen items in online marketplaces.

## Manner and Means

The scheme generally worked as follows:

2. VLADIMIROV enlisted a crew of coconspirators known as "boosters" to steal merchandise from retail stores located in the Southern District of West Virginia. In furtherance of the scheme, VLADIMIROV intentionally selected vulnerable people addicted to controlled substances as boosters to execute the theft of merchandise from retail stores. Prior to the theft, the stolen merchandise was shipped in interstate commerce to the retail stores by mail and private commercial carriers.

3. VLADIMIROV met with boosters to receive stolen items in Cross Lanes, West Virginia, and elsewhere. VLADIMIROV knew the merchandise received from boosters was stolen. During the meetings, VLADIMIROV examined stolen items and often scanned barcodes of items from retail stores on his mobile electronic device to determine the approximate online sales price and demand for the merchandise. VLADIMIROV then offered to pay cash to the booster for the item at a fraction of the retail price. After completion of the sale, boosters typically used the cash received from VLADIMIROV to buy controlled substances and support their drug addictions. Multiple boosters, who were aware that VLADIMIROV was selling the stolen items online, sold stolen items to VLADIMIROV on multiple occasions over the course of the scheme.

4. VLADIMIROV made profits listing the stolen items for sale online at a higher price than what VLADIMIROV paid to the booster. The online marketplace primarily used by VLADIMIROV, eBay, prohibited the sale of stolen merchandise. VLADIMIROV listed the items for sale on eBay under false pretenses, that is, that the items were not stolen and that he had the legal right to sell the items.

5. After completing sales of the stolen items on eBay, VLADIMIROV used the mail and private commercial carriers to ship and deliver the stolen items to buyers throughout the United States and outside of the United States.

6. During the fraudulent scheme, VLADIMIROV received more than $500,000 from online buyers, which was deposited into an account held by VLADIMIROV with PayPal, a company operating a worldwide online payments system.

7. During the fraudulent scheme, VLADIMIROV transferred the proceeds of the fraudulent scheme from the account held by VLADIMIROV with PayPal into a FDIC-insured bank account xxx8889 at City National Bank in Cross Lanes, West Virginia.

8. After receipt of the proceeds of the fraudulent scheme, VLADIMIROV withdrew cash from bank account xxx8889 at City National Bank with the intent to promote the carrying on of the

fraudulent scheme. To promote the scheme, VLADIMIROV used the withdrawn cash to conduct additional financial transactions involving additional stolen items with boosters.

9. During the fraudulent scheme, VLADIMIROV transferred more than $10,000 of proceeds of the fraudulent scheme from bank account xxx8889 at City National Bank to a FDIC-insured savings account xxx4623 at City National Bank in Cross Lanes, West Virginia.

## COUNT ONE
### (Money Laundering Conspiracy)

10. The Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Superseding Indictment as though fully set forth herein.

11. Beginning no later than in or around December 2016, up to and including in or around February 10, 2020, in or near the Southern District of West Virginia and elsewhere, defendant NEDELTCHO VLADIMIROV, along with other persons known and unknown to the Grand Jury, did knowingly conspire with each other to commit offenses in violation of 18 U.S.C. § 1956(a)(1)(A)(i), that is knowingly to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activities, with the intent to promote the carrying on of the specified unlawful activity, while knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

12. The specified unlawful activities included the crimes of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and interstate transportation of stolen property (18 U.S.C. § 2314), in connection with the scheme set forth in this Superseding Indictment.

13. VLADIMIROV, along with the co-conspirators in the above-described scheme, intended to promote the carrying on of the specified unlawful activities by using the proceeds of the fraudulent scheme to conduct additional financial transactions involving additional stolen items in the fraud scheme.

In violation of Title 18, United States Code, Section 1956(h).

## COUNTS TWO-FOUR
### (Money Laundering)

14. The Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Superseding Indictment as though fully set forth herein.

15. On or about the dates set forth below in Cross Lanes, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, the defendant, NEDELTCHO VLADIMIROV, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of U.S. currency, such property having been derived from a specified unlawful activity, that is, mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and interstate transportation of stolen property (18 U.S.C. § 2314):

| Count | Approx. Date | Transaction |
|---|---|---|
| 2 | July 8, 2019 | Transferred $155,000 from his savings account xxx4623 at City National Bank in Cross Lanes, West Virginia, to his checking account xxx8889 at City National Bank in Cross Lanes, West Virginia |
| 3 | July 8, 2019 | Deposited personal check #1045 for $155,000 from checking account xxx8889 at City National Bank in Cross Lanes, West Virginia, into his account xxx8197 at JPMorgan Chase Bank in Cross Lanes, West Virginia |
| 4 | July 23, 2019 | Transferred $153,000 from his JPMorgan Chase Bank account xxx8197 in Cross Lanes, West Virginia to a bank outside of the United States, that is, Bulgaria |

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT FIVE
## (Fraud Conspiracy)

16. Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Superseding Indictment as though fully set forth herein.

17. Beginning no later than in or around December 2016, up to and including in or around February 10, 2020, in the Southern District of West Virginia and elsewhere, defendant NEDELTCHO VLADIMIROV, and others known and unknown to the Grand Jury, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

18. It was a part and an object of the conspiracy that VLADIMIROV, and others known and unknown to the Grand Jury, knowingly having devised and intended to devise the above-described scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly would and did and attempt to transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1343. It was further a part and an object of the conspiracy that VLADIMIROV, and others known and unknown to the Grand Jury, knowingly having devised and intending to devise the above-described scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly would and did cause and attempt to cause stolen items to be delivered by mail and private and commercial interstate carriers for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1341.

All in violation of Title 18, United States Code, Section 1349.

## Notice of Forfeiture

1. The allegations contained in this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981 and 982, 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2.

2. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1349, 1956, and 1957 set forth in this Superseding Indictment, the defendant NEDELTCHO VLADIMIROV shall forfeit to the United States of America, pursuant to 18 U.S.C. §§ 981 and 982, 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s) or is involved in money laundering.

3. The following property is subject to forfeiture on one or more grounds stated above:

   a. Approximately $60,000.00 seized from defendant NEDELTCHO VLADIMIROV ending in 4623 at City National Bank;

   b. Approximately $9,029.24 seized from defendant NEDELTCHO VLADIMIROV ending in 8889 at City National Bank;

   c. Approximately $1,831.75 seized from defendant NEDELTCHO VLADIMIROV ending in 8197 at JP Morgan Chase Bank;

   d. All property seized pursuant to a search warrant executed on February 10, 2020, at 5429 Hillbrook Drive, Cross Lanes, West Virginia; and

   e. A forfeiture money judgment of at least $500,000.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461.

All pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

                    UNITED STATES OF AMERICA

                    MICHAEL B. STUART
                    United States Attorney

By: _____
     ANDREW J. TESSMAN
     Assistant United States Attorney