# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL ACTION NO. 2:20-cr-00054 |
| NEDELTCHO VLADIMIROV, | ) ) ) |
| Defendant. | ) |

## ORDER REQUIRING BRADY DISCLOSURES

Pursuant to the enactment of United States Senate Bill 1380 regarding the obligation of the United States Attorney to make disclosures under **_Brady v. Maryland_**, 373 U.S. 83 (1963), it is hereby **ORDERED** as follows:

(a) Unless the parties otherwise agree and where not prohibited by law, the government shall disclose to the defense all information that is "favorable to an accused," or otherwise exculpatory, and that is known to the government.

This requirement applies regardless of whether the information would itself constitute admissible evidence. The information, furthermore, shall be produced in a reasonably usable form unless that is impracticable; in such a circumstance, it shall be made available to the defense for inspection and copying. The government does not satisfy its obligations under this order by just providing both exculpatory and inculpatory information without separately identifying the exculpatory information. Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case.

(b) The information to be disclosed under (a) includes, but is not limited to:

(1) Information that is inconsistent with or tends to cast doubt on the defendant's guilt as to any element, including identification of the offense(s) with which the defendant is charged;

(2) Information that tends to mitigate the charged offense(s) or reduce the potential penalty;

(3) Information that tends to establish an articulated and legally cognizable defense theory or recognized affirmative defense to the offense(s) with which the defendant is charged;

(4) Information that casts doubt on the credibility, accuracy, or admissibility of any evidence, including witness testimony, the government anticipates using in its case-in-chief at trial;

(5) Information that diminishes the degree of the defendant's culpability or the applicable base offense level under the United States Sentencing Guidelines, and

(6) Impeachment information, which includes but is not limited to:

    (i) information regarding whether any promise, reward, or inducement has been given by the government to any witness it anticipates calling in its case-in-chief;

    (ii) information that identifies all pending criminal cases against, and all criminal convictions of, any such witness;

    (iii) information about any bias or prejudice any witness may have against the defendant or any government witness;

  (iv)  information providing a written description of any prosecutable offense committed by a government witness, whether arrested, prosecuted, convicted or not;

  (v)  information about any mental or physical impairment of any government witness; and

  (vi)  information about any evidence admissible under Fed. R. Evid. 608 against any government witness.

(c) As impeachment information described in (b)(6) and witness-credibility information described in (b)(4) are dependent on which witnesses the government intends to call at trial, this order does not require the government to disclose such information before a trial date is set.

(d) In the event the government believes that a disclosure under this order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of the requirements of this order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

(e) For purposes of this order, the government includes federal, state, and local law enforcement officers and other government officials who have participated in the investigation and prosecution of the offense(s) with which the defendant is charged. The government has an obligation to seek from these sources all information subject to disclosure under this order.

(f) The Court may set specific timelines for disclosure of any information encompassed by this order.

(g) If the government fails to comply with this order, the Court, in addition to directing production of the information, may: (1) specify the terms and conditions of such production; (2)

grant a continuance; (3) impose evidentiary sanctions; or (4) enter any other order that is just under the circumstances. Further, failure to comply may also result in disciplinary action against the prosecutor.

Entered this 4th day of March, 2021.

_____
Omar J. Aboulhosn
United States Magistrate Judge