IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                       CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

FIFTH SUPPLEMENTAL RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on March 16, 2020, and March 4, 2021, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Third Supplemental Response:**

In this case, the United States provides expansive discovery, which has been made available to defense counsel by disc on March 4, 2021, April 30, 2021, May 27, 2021, and by email on March 16, 2021. The United States hereby incorporates by reference its prior discovery responses on March 30, 2020 (ECF 34), May 20, 2020 (ECF 38), August 24, 2020 (ECF 48), March 18, 2021 (ECF 70), April 30, 2021 (ECF 75), May 27, 2021 (ECF 76) and further supplements its responses as follows:

**Request E:  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:**  The United States has disclosed the following items:

1. Draft summary charts;

2. Photos of various relevant locations in Cross Lanes and South Charleston;

3. Draft demonstrative exhibits;

4. Draft transcripts of recordings previously produced in discovery;

5. Curriculum vitae of Jeremy M. Thompson.

**Request G:  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:**  The United States intends to call law enforcement officer Jeremy M. Thompson at the trial of this matter. The witness is expected to base his testimony on his training, experience, and the evidence previously disclosed in this case. The witness will

testify generally about his experience with electronic device analysis. The witness will testify as to the collection and analysis of data contained on the electronic devices seized from defendant in this case, including the computer software used in this process and his post-analysis summary of the data. The United States takes the position that the evidence is lay testimony under Rule 701, rather than expert testimony, because it is based on his personal observations and experience as a law enforcement officer. Nevertheless, notice is given to defendant as a precautionary measure. Jeremy Thompson's curriculum vitae is provided herein and will produce analysis reports.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is unaware of any such evidence other than that which may otherwise be included herein and in its supplemental responses. As a precautionary measure, the United States discloses that Nicholas Trent Martin stated to the United States, on June 23, 2021, that he sold items to defendant approximately two times per week from late 2017 until October of 2018. Martin previously testified that he sold items to defendant "around ten times."

3

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

UNITED STATES OF AMERICA

LISA G. JOHNSTON
Acting United States Attorney

s/Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "FIFTH SUPPLENTAL RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 25th day of **June, 2021** to:

    Timothy J. LaFon
    CICCARELLO DELGIUDICE & LAFON
    Suite 100
    1219 Virginia Street East
    Charleston, WV 25301-2912


                                By:   <u>s/ Andrew J. Tessman</u>