IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

## NOTICE OF INTENT TO INTRODUCE
## BUSINESS RECORDS AND SUMMARY CHARTS

The United States of America hereby provides notice of its intent to introduce business records, admissible under Rules 902(11) and 803(6) of the Federal Rules of Evidence, and corresponding summary charts under Rule 1006, at trial.

### I.  Legal Standard

Rule 902(11) permits parties to introduce records through the written declarations of custodians of records. Rule 902 does not require "extrinsic evidence of authenticity" with respect to:

> (11) Certified Domestic Records of Regularly Conducted Activity. The original or a copy of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.

A party intending to offer a record into evidence under these paragraphs must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

A conforming amendment to Rule 803(6), which establishes the business record exception to the hearsay rule, allows such records to be admitted based on the authenticating testimony of a custodian of records or upon a written declaration under Rule 902(11).

The United States intends to rely on the following business records, which are relevant to this case:

- City National, Chemical Bank, and JP Morgan Chase bank account records for Defendant's bank account (the "bank records);

- eBay records of all purchase and sale transactions under user name/account "nedined," and registration records for "nedined"; and

- PayPal records of all purchase and sale transactions related to eBay user "nedined".

## II. Business Records

The United States intends to introduce the above records in its case-in-chief. These records are self-authenticating, and a proper foundation is laid through sworn declarations from the records custodians. The United States intends to introduce these records with the accompanying sworn declarations from records custodians as business records that satisfy both the requirements of 902(11) and are exceptions to the hearsay rule under 803(6). Both the records and the declarations have previously been provided to defendant.

Admission of these records under Rule 902(11) and 803(6) will save witnesses considerable time and the inconvenience of traveling to West Virginia for brief testimony. If required to testify, the witnesses from these companies will testify as to what they have already sworn in their declarations to lay the proper foundation for these business records.

## III. Summary Charts

The eBay, PayPal, and bank records are voluminous and inclusive of a lot of data that is irrelevant to this case. For example, one of the eBay records is a spreadsheet that includes 3833 rows of information — one row for every eBay transaction by "nedined" between 2018 and 2020 — when only some of the rows are relevant. The columns in the eBay records further contain data that is not relevant, would be confusing or difficult for the jury

to understand, contain small print, and cannot be conveniently examined in court. The United States is attaching examples of these records to this motion as Exhibit A.

As mentioned above, these records are self-authenticating records of regularly conducted activities under Rule 902(11) and fall under the business records exception to the hearsay rule. However, rather than relying on all of these records at trial, the United States intends to introduce charts that compile and summarize much of the relevant data from these records, pursuant to Rule 1006 of the Federal Rules of Evidence. The United States intends to introduce summary charts showing the existence of a conspiracy to sell stolen merchandise on Defendant's eBay account. Defendant's coconspirators will testify that the items were stolen from local retail stores and repeatedly provided to Defendant for sale on Defendant's eBay account. The charts show that Defendant sold the same items on eBay that were provided to him by the coconspirators during the relevant timeframe of the conspiracy. An example of the chart produced in discovery is attached to this motion as Exhibit B.

The use of "summary charts" is approved, and encouraged, especially when there are numerous documents or other items being summarized. See, e.g., United States v. Loayza, 107 F.3d 257, 264 (4th Cir. 1997). "Summary charts are admissible if they aid the jury in ascertaining the truth. The complexity and length of the

case as well as the numbers of witnesses and exhibits are considered in making that determination." Id. (citation omitted).

In contrast to traditional demonstrative evidence, such charts and summaries are themselves the evidence. See, e.g., United States v. Nivica, 887 F.2d 1110, 1125-26 (1st Cir. 1989) (summaries of banking activities); United States v. Massachusetts Maritime Academy, 762 F.2d 142, 157 (1st Cir. 1985) (summaries of the academy's applicant files).

After admission under Rule 1006, the charts and summaries may be used by the jury during deliberations like any other piece of evidence. United States v. Koskerides, 877 F.2d 1129, 1134 (2d Cir. 1989). The chart or summary must be based on admissible evidence, but the underlying documents or items need not be actually admitted. United States v. Strissel, 920 F.2d 1162, 1164 (4th Cir. 1990). The underlying documents must be made available for inspection by the other party. Id. In this case, the charts are summaries of underlying data in admissible business records that were turned over to the defendant in discovery.

Although the charts must accurately and fairly reflect the contents of the documents and testimony being summarized, there is no requirement that a chart include the opponent's version of the evidence or her theory of the case. United States v. Ambrosiani, 610 F.2d 65, 68 n.2 (1st Cir. 1979), cert. denied, 445 U.S. 930

5

(1980); Myers v. United States, 356 F.2d 469, 470 (5th Cir. 1966), cert. denied, 384 U.S. 952 (1966).

The headings and captions on the summary chart may be grounded on assumptions about the underlying evidence, so long as the chart, and the assumptions in it, remain a summary of evidence. United States v. Diez, 515 F.2d 892, 905 (5th Cir. 1975), cert. denied, 423 U.S. 1052 (1976). In light of this rule, the proponent of the chart has wide latitude in constructing her charts.[1]

### IV. Conclusion

The business records outlined above are self-authenticating and admissible as exceptions to the hearsay rule. The attached summaries are accurate summaries of data from these admissible records. The United States is providing notice of its intent to introduce and rely on these records and charts at trial.

The United States anticipates calling approximately twenty witnesses at trial. Introducing the above records and charts as business records, admissible under Rule 902(11) and 803(6), will not only reduce the witness list by five, but will save considerable time and inconvenience of the representatives of each company from all over the country.

---

[1] United States v. Lacob, 416 F.2d 756, 762 (7th Cir. 1969) (chart upheld which used caption or heading "Total Net Unreported Income"); Diez, 515 F.2d at 905 (chart upheld which used caption or heading "Schedule of Sales, Net Taxable Gains to Peter A. Palori and Amounts Not Reported or Taxable Gain Reported by Others"); United States v. Smyth, 556 F.2d 1179, 1182-84 (5th Cir. 1977) (chart upheld which used caption or heading "falsified data" and "difference between original/false").

6

Respectfully submitted,

                            UNITED STATES OF AMERICA

                            LISA G. JOHNSTON
                            Acting United States Attorney

                        By: /s/ Andrew J. Tessman
                            ANDREW J. TESSMAN
                            Assistant United States Attorney
                            West Virginia Bar No. 13734
                            300 Virginia Street, East
                            Room 4000
                            Charleston, WV 25301
                            Telephone:  304-345-2200
                            Fax: 304-347-5104
                            Email:  andrew.tessman@usdoj.gov


**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing **"NOTICE OF INTENT TO INTRODUCE BUSINESS RECORDS"** has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 25th day of June 2021, to:

   Timothy J. LaFon
   CICCARELLO DELGIUDICE & LAFON
   Suite 100
   1219 Virginia Street East
   Charleston, WV 25301-2912


                                By:  s/Andrew J. Tessman