IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**UNITED STATES OF AMERICA,**

v.                                                                Case No. 2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

    **Defendant.**

## MOTION IN LIMINE NO. 1

    Now comes the Defendant, Nedeltcho Vladimirov, by counsel, Timothy J. LaFon, and moves in *Limine* this Honorable Court to enter an Order limiting the United States' ability to present in the trial of this matter evidence from investigators as overview evidence. In support of said Motion, the Defendant Nedeltcho Vladimirov states as follows:

    1.    Upon information and belief, the United States intends to present investigating agents on this matter to testify to their investigation and overview evidence. These investigators would be from law enforcement and private entities.

    2.    The case in this matter involves allegations and Counts of the Indictment against the Defendant for a money laundering conspiracy and fraud conspiracy. The specific events alleged in the Indictment claim that the Defendant improperly conspired with others to obtain stolen property and sell the same on E-bay.

    3.    The investigators in this matter began their investigation of shoplifting applicable to certain alleged co-conspirators of Defendant.

    4.    The only information that these investigators could possibly have, they do not know from first-hand knowledge.

5. The only information they could testify to would have been learned from hearsay statements and/or review of documents that could not be properly authenticated by these investigating officers.

6. The presentation of said evidence could not clear the hurdles of Rule 402 and 403 of the Federal Rules of Evidence.

7. The presentation of an overview witness who camouflages his testimony with conclusions that he could have only reached from hearing hearsay statements and/or reviewing documents obtained upon which he could not vouch for their authenticity would be in violation of the Hearsay Rule in the Federal Rules of Evidence.

8. In addition, Rule 602 of the Federal Rules Evidence requires a witness to have personal knowledge of the situation in which they are testifying.

9. These witnesses will not have any first-hand personal knowledge of the events that they discovered in their investigation; their testimony would be equally barred by Rule 701 for opinion testimony by a lay witnesses.

10. Courts have condemned overview testimony because of these problems. *See* United States v. Garcia, 413 F.3d 201, 231 (Second Circuit 2005), and United States v. Meises, 645 F.3d , 24 (First Circuit 2011).

11. Overview testimony given by a witness who does not have first-hand knowledge such as an investigator was condemned in the case of United States v. Griffin, 324 F.3rd 330, 349 (Fifth Circuit 2003).

12. Consistent with Griffin, commentators and most other decisions addressing overview testimony agree that it is not admissible.

13.     *See e.g.,* United States v. Moore, 651 F.3d 30, 54-61 (D.C. Cir. 2011) (discussing erroneous admission of overview testimony but holding harmless); United States v. Garcia, 413 F.3d 201, 214 (Second Circuit. 2005); United States v. Garcia-Morales, 382 F.3d 12, 16-18 (First Circuit 2004); BENNETT, PROSECUTORIAL MISCONDUCT § 10:34. Westlaw (database updated Sept. 2015) (discussing the impropriety of overview witnesses); 6 WEINSTEIN & BERGER, *supra* note 145, at § 1006.08 [4] (stating "[i]t is improper , however, for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury"). *But see* United States v. Smith, 640 F3d 358, 367 (D.C. Circuit 2011) (assuming but not deciding that overview testimony is improper).

14.     Overview testimony from an investigating officer gives improper bolstering of witnesses' testimony to come; secondly, it gives an air of authority to conclusions reached by the investigator, which are nothing more than improper opinion and hearsay testimony.

15.     The issue in the case is whether the Defendant committed the crimes as alleged and admissible evidence must be used to prove the same.

16.     Overview evidence improperly allows for an investigator to testify to items that he does not have personal knowledge, relying on inadmissible hearsay or surmise. *See* United States v. Flores-De Jesus, 569 F.3d 8 (First Circuit 2009).

17.     Overview testimony also allows a witness to testify to matters that may not ultimately be established in the case.

18.     And further overview testimony improperly bolsters both the prosecutions claims in opening statements and the testimony of all the later witnesses in the trial.

19.     Finally, the witness may incorporate improper opinion into the overview.

20. In addition, since the overview witnesses will testify as to items that they clearly obtained through hearsay statements, using the overview witnesses may deny the Defendant the right to confront his accusers. The case of Price v. McCabe, 212 U.S. District, Lexis 39078, highlights the risk and error of allowing an investigator to testify as to hearsay statements as denying the Defendant his Constitutional Right of Confrontation to his accusers.

21. In the case at hand, the investigators have no first-hand knowledge and has no ability to testify as to anything that would be admissible under the Federal Rules of Evidence.

**WHEREFORE**, the Defendant requests the Court enter an Order limiting the United States' ability to present this overview witness investigator as being highly prejudicial and lack any probative value. The Defendant requests such other and further relief as this Court deems just.

**NEDELTCHO VLADIMIROV**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**UNITED STATES OF AMERICA,**

v.  Case No. 2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

**Defendant.**

## CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"Motion in Limine No. 1"** has been served upon all parties via the Court's electronic filing system on the 29th day of June, 2021:

> Andrew Tessman, Esquire
> United States Attorney's Office
> P.O. Box 1713
> Charleston, West Virginia 25326

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Attorney for Defendant

S:\Debby\Clients\Vladimirov, Nedeltcho\2021-6-26 - Motion in Limine No. 1.docx