# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**UNITED STATES OF AMERICA,**

v.  Case No. 2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

    **Defendant.**

## MOTION IN LIMINE NO. 2

Now comes the Defendant, Nedeltcho Vladimirov, by counsel, Timothy J. LaFon, and moves in *Limine* that this Honorable Court enter an Order limiting the United States' from using the word "boosters" or "fence" in the trial of this matter. In support of said Motion, the Defendant Nedeltcho Vladimirov states as follows:

1. The Defendant is charged with certain conspiracy Counts pursuant to 18 U.S.C. §1349, 18 U.S.C. §1956(h), and U.S.C. §1957(a). These conspiracy charges include money laundering conspiracies and mail fraud conspiracy.

2. The Government alleges that the Defendant entered into agreements with certain other individuals to have items stolen from various merchants in the area to be sold on E-bay and that the wires and postal service were utilized in said conspiracy.

3. Throughout this investigation, in the Grand Jury proceedings and in interviews of various and sundry witnesses the United States and law enforcement witnesses have utilized the term "boosters" to represent the individuals that it is alleged that the Defendant was working with to obtain stolen items.

4. The Government alleges these "boosters" were known drug addicts and/or recruited by the Defendant to steal items that he could sell on E-bay.

5. These terms are terms that were created by law enforcement. In fact, one of the chief Investigators in this case, Terry Hedrick in the Preliminary and Detention Hearing occurring on February 13, 2020 testified on Page 20 of the transcript as follows:

Q. You used the term boosters, where did that come from?

A. Boosters?

Q. Yes. Mm-hmm.

A. It's a common name used for these type of fraud cases.

Q. Did you ever hear my client use the term "Boosters"?

A. No.

Q. Is that what the individuals called themselves?

A. That's what – again, it's just a term used from the investigators from similar types of schemes in the past.

Q. So that's a law enforcement term?

A. Correct

Obviously, using these terms is very prejudicial to the Defendant and imply guilt without a basis in fact. Using these terms by law enforcement is no more than expressing an opinion as to the case.

6. The utilization of these terms cannot be based in fact as the investigators have no firsthand knowledge as to the crimes and are utilized to help persuade the fact finder.

7. The utilization of these terms would be highly prejudicial to the Defendant and far outweigh any probative value.

8. The utilization of these terms would not clear the hurdles of Rule 402 and Rule 403 of the Federal Rules of Procedure and would be improper testimony.

9. Rule 403 should prevent the utilization of these terms.

**WHEREFORE**, the Defendant requests the Court enter an Order preventing the Government in its opening and or presentation of evidence in using these terms. The Defendant requests such other and further relief as this Court deems just.

**NEDELTCHO VLADIMIROV**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
Timothy J. LaFon (WV #2123)
1219 Virginia Street, East, Suite 100
Charleston, West Virginia 25301
Phone: (304) 343-4440
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**UNITED STATES OF AMERICA,**

v.  Case No. 2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"Motion in Limine No. 2"** has been served upon all parties via the Court's electronic filing system on the 29th day of June, 2021:

    Andrew Tessman, Esquire
    United States Attorney's Office
    P.O. Box 1713
    Charleston, West Virginia 25326


**CICCARELLO, DEL GIUDICE & LAFON**


By: /s/Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Attorney for Defendant


S:\Debby\Clients\Vladimirov, Nedeltcho\2021-6-26 - Motion in Limine No. 2.docx