IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**UNITED STATES OF AMERICA,**

v.                                                                                  Case No.  2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

    **Defendant.**

## MOTION IN LIMINE NO. 3

Now comes the Defendant, Nedeltcho Vladimirov, by counsel, Timothy J. LaFon, and moves in *Limine* this Honorable Court to enter an Order inhibiting the United States' ability to introduce conclusory statements by witnesses that the Defendant "knew" the items he was selling on E-bay were stolen.  In support of said Motion, the Defendant Nedeltcho Vladimirov states as follows:

1.  The United States alleges in this case that the Defendant entered into a conspiracy with other individuals to steal items from local merchants and to sell them at a discount on E-bay.

2.  Throughout the investigation of this case, both in the Grand Jury and in other interviews the Defendant's witnesses who were the alleged co-conspirators of the Defendant and investigators were asked if the Defendant "knew" that the items were stolen.

3.  Without foundation, these witnesses then testified that the Defendant did know and then went on to give a set of circumstances why they believed the Defendant knew the items were stolen.

4.  In fact, none of the witnesses could testify that they had ever advised the Defendant that these items were stolen, therefore, testimony that he "knew" would be entirely speculative and improper opinion testimony.

5.    This could be best exhibited by the testimony of the one of the chief Investigators (Terry Hedrick) in the Preliminary and Detention hearing conducted on February 13, 2020, at page 21, when the following question and answer session took place:

    Q.    Did any of them say that Ned knew that the items were stolen?

    A.    Not that I know of.

    Q.    Did anyone say that they told Ned that the items were stolen?

    A.    Not that I know of.

    Q.    You testified that the evidence that he knew the items were stolen was that he didn't ask for a receipt, that the items were clearly purchased and sold at different values than they should have been, and the type of people that were working as booster; is that right?

    A.    Correct.

6.    Obviously, testimony by any witness that the Defendant "knew" these items were stolen would be speculative and improper opinion testimony and would be highly prejudicial and said prejudice would exceed any probative value.

7.    Rule 403 of the Federal Rules of Procedure analysis should prevent this testimony.

**WHEREFORE**, the Defendant requests the Honorable Court for an Order limiting the United States' ability to introduce evidence of conclusions that the Defendant "knew" that these items were stolen.  The Defendant requests such other and further relief as this Court deems just.

## **NEDELTCHO VLADIMIROV**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**UNITED STATES OF AMERICA,**

v.                                                                             Case No.  2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

   **Defendant.**

## CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"Motion in Limine No. 3"** has been served upon all parties via the Court's electronic filing system on the 29th day of June, 2021:

> Andrew Tessman, Esquire
> United States Attorney's Office
> P.O. Box 1713
> Charleston, West Virginia 25326

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
   Timothy J. LaFon (WV #2123)
   Attorney for Defendant

S:\Debby\Clients\Vladimirov, Nedeltcho\2021-6-26 - Motion in Limine No. 3.docx

4