# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**UNITED STATES OF AMERICA,**

**v.**  Criminal Case No. 2:20-cr-00054

**NEDELTCHO VLADIMIROV,**

    **Defendant.**

---

## JURY INSTRUCTIONS
---

# TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | Introduction……………………………………………………….. | 4. |
| 2. | Function of a Jury……………………………………………….. | 5. |
| 3. | Evidence Received in this Case…………………………………… | 5. |
| 4. | Inferences – Defined……………………………………………. | 5. |
| 5. | Evidence – Direct and Circumstantial……………………………… | 5-6. |
| 6. | Objections and Weight of the Evidence………………………….. | 6. |
| 7. | Jury's Recollection Controls…………………………………… | 6. |
| 8. | Presumption of Innocence, Burden of Proof, Reasonable Doubt……………………………………………………. | 6-7. |
| 9. | Consider Each Charge Separately……………………………….. | 7. |
| 10. | Understanding the Indictment……………………………………. | 7-8. |
| 11. | Money Laundering: Defined……………………………………... | 8. |
| 12. | Money Laundering Conspiracy Elements………………………….. | 8. |
| 13. | Wire Fraud: Defined…………………………………………… | 8-9. |
| 14. | Essential Elements of Wire Fraud……………………………….. | 9. |
| 15. | Transportation of Stolen Property: Defined……………………. | 9-10. |
| 16. | Mail Fraud: Defined…………………………………………… | 10. |
| 17. | Criminal Conspiracy: Defined…………………………………… | 10-11. |
| 18. | Scheme: Defined………………………………………………… | 11. |
| 19. | Defraud: Defined……………………………………………….. | 11. |
| 20. | False or Fraudulent Pretenses: Defined…………………………… | 11. |
| 21. | Material: Defined……………………………………………… | 11. |
| 22. | Conflict of Evidence…………………………………………….. | 11-12. |
| 23. | Character and Reputation of Defendant……………………………. | 12. |
| 24. | Differing Inferences……………………………………………... | 12. |
| 25. | Evidence to be Reviewed Separately……………………………… | 12. |
| 26. | Not Guilty……………………………………………………… | 12. |
| 27. | Credibility of a Witness…………………………………………. | 13-14. |
| 28. | Number of Witnesses…………………………………………… | 14. |

| | | |
|---|---|---|
| **29.** | **Testimony of Witnesses Under Grant of Immunity or Reduced Criminal Liability**……………………………………………….. | 14-15. |
| **30.** | **Knowingly: Defined**……………………………………………………….. | 15 |
| **31.** | **Defendant's Election Not to Testify or Present Evidence**……………….. | 15. |
| **32.** | **Unanimous Verdict**………………………………………………………. | 15. |

### 1.    **<u>Introduction</u>**

Members of the jury, we have now come to the end of this trial. This case, like all criminal cases, is a serious one. I say this because the Defendant and the United States have a deep concern for your mature consideration of the evidence as presented and the law which I am about to give you. Although you as the jury are the sole judges of the facts, you are duty bound to follow the law as I instruct you, and to apply that law to the facts as you find them to be from the evidence which has been presented during this trial. You are not to single out any one instruction as stating the law. Rather, you must consider these instructions in their entirety. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion which you might have as to what the law ought to be. It would be a violation of your sworn duty to base your verdict upon any version of the law other than that which I am about to give to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "not guilty" plea of the defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the government are entitled to an impartial consideration of all the evidence. Moreover, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## 2. Function of a Jury

Ladies and gentlemen, you are the trier of facts; you alone must determine what the facts are in this particular case. It is the Court's function and duty to instruct you on the law that applies to this case. It is the juries' duty to accept the law as it is given to you – whether or not you agree with it – and to apply that law to the facts as you find them.

## 3. Evidence Received in this Case

For the purpose of determining whether or not the government has sustained its burden of proof, the jury must evaluate all of the evidence. The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received in evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, as well as any testimony ordered stricken by the Court, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

## 4. Inferences – Defined

In determining whether the government has sustained its burden of proof, the jury is to consider only the evidence. But in the consideration of the evidence, the jury are not limited to statements of the witnesses, or solely to what the jury sees and hears as the witnesses testify. The jury is permitted to draw from the facts which you find have been proven, such reasonable inferences as seem justified in light of your experiences. Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

## 5. Evidence – Direct & Circumstantial

There are, generally speaking, two types of evidence. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, which is a chain of

circumstances pointing to certain facts.  The makes no distinction at all between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  In determining whether the government has sustained its burden of proof, the jury can and should weigh all the evidence, but direct and circumstantial.

## 6. Objections and Weight of the Evidence

The fact that the Court may have admitted evidence over objections should not influence you in determining the weight that the jury will give such evidence.  Nor should statements made by counsel, either for or against the admission of offered evidence, influence your determination of the weight that the jury will give the evidence if admitted. In other words, the jury should determine the weight that you will give such evidence on the basis of your own consideration of it and without regard to the statements of counsel concerning the admissibility of such evidence.

## 7. Jury's Recollection Controls

In any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during deliberations.

## 8. Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The indictment is not any evidence at all of guilt.  It is just the formal way that the Government tells a Defendant what crime he is accused of committing.  It does not even raise a suspicion of guilt.

A Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the Government presents evidence here in Court that overcomes the presumption and convinces you

beyond a reasonable doubt that he is guilty of the crime charged. It is not up to the Defendant to prove his innocence.

This means that a Defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove each and every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubt or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, lack of evidence or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved a Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### 9.    Consider Each Charge Separately

The indictment in this case contains charges. The jury should consider each charge and the evidence pertaining to it separately. The fact that the jury may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to the other offenses charged.

### 10.    Understanding the Indictment

This is a criminal trial upon an indictment returned by a federal grand jury against the Defendant, Nedeltcho Vladimirov . An indictment is nothing more than an accusation. It is a piece

of paper filed with the Court to bring a criminal charge against a Defendant. Here, the Defendant has pled not guilty. The Government therefore has the burden of proving the allegations made against him. The fact than an indictment has been filed in this case does not give rise to a presumption of guilty. It does not even lead to an inference of guilt. The indictment simply brings this matter before the jury for determination. Beyond that, it has no significance whatsoever.

## 11. Money Laundering: Defined

Section 1956 of Title 18 of the United States Code provides in relevant part: "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity – with the intent to promote the carrying on of specified unlawful activity" is guilty of a crime against the United States.

## 12. Money Laundering Conspiracy Elements

For the jury to find the Defendant guilty of money laundering, the jury must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:

1. An agreement to commit money laundering existed between two or more persons;

2. the Defendant knew that the money laundering proceeds had been derived from an illegal activity; and

3. the Defendant knowingly and voluntarily became part of the conspiracy.

## 13. Wire Fraud: Defined

Section 1343 of Title 18 of the United State Code provides in relevant part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire…communication in interstate…commerce, any

writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice" is guilty of a crime against the United States.

## 14. Essential Elements of Wire Fraud

For the jury to find the Defendant guilty of wire fraud, the jury must be convinced that the Government has proven each of the following four elements beyond a reasonable doubt:

1. That there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by the means of false or fraudulent pretenses;

2. That the scheme to defraud involved the misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half truth or knowing concealment concerning a material fact or matter;

3. That the Defendant knowingly and willfully participated in this scheme with the intent to defraud; and

4. That the Defendant caused an interstate wire communication to be used, or are about the date alleged, in furtherance of this scheme, or that its use was a necessary foreseeable part of the scheme.

## 15. Transportation of Stolen Property: Defined

Section 2314 of Title 18 of the United State Code provides in relevant part: Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, <u>knowing</u> the same to have been stolen, converted or taken by fraud, or having devised or intended to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person…to

travel in the execution of a common scheme to defraud that person or those persons of money or property having a value of $5,000 or more is guilty of a crime against the United States. In other words, for the Defendant to be guilty of the fraud conspiracy the Government show that the Defendant knew that the items that were the subject of the alleged conspiracy were stolen.

### 16. Mail Fraud: Defined

Section 1341 of Title 18 of the United States Code provides in relevant part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed" is guilty of a crime against the United States.

### 17. Criminal Conspiracy: Defined

Criminal conspiracy is defined as the agreement to "engage in conduct which constitutes a crime or an attempt or solicitation to commit a crime" or to "aid…in the planning or commission of a crime or of an attempt or solicitation to commit a crime," with the "intent of promoting or

facilitating the commission" of such a crime. In order for the Government to prove conspiracy they must show there was an agreement between the Defendant and one or more other individuals.

### 18. Scheme: Defined

A scheme includes any plan, pattern or course of action. It is not necessary that the Government prove all the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone. But the Government must prove beyond a reasonable doubt that the scheme was substantially as charged in the Indictment.

### 19. Defraud: Defined

The term "defraud" means to deceive another in order to obtain money or property.

### 20. False or Fraudulent Pretenses: Defined

The term "false" or "fraudulent pretenses" means any false statements or assertions that where either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud. The term includes actual, direct false statements as well as half-truths and the knowing concealment of facts.

### 21. Material: Defined

A material fact is one that has a natural tendency to influence or be capable of influencing the decision of the decision maker to whom it was addressed.

### 22. Conflict of Evidence

If you find there is a conflict in the evidence in this case on any fact or circumstance tending to establish the guilt or innocence of the Defendant, a part of which is in favor of the theory of the Government and a part is in favor of the theory of the Defendant, and you entertain a reasonable

doubt as to which is true, then it is your duty to adopt the evidence, theory and conclusions most favorable to the Defendant.

### 23. Character and Reputation of Defendant

The jury may hear testimony about the Defendant's character. The jury should consider this testimony, along with all the other evidence, in deciding if the Government has proved beyond a reasonable doubt that he committed the crimes charged. Character evidence alone may be considered by the jury as sufficient to determine that reasonable doubt exists as to whether the Defendant is guilty.

### 24. Differing Inferences

When as a jury, you review the evidence, you should do so as reasonable jurors. If there exists evidence from which two different reasonable inferences can be made, one tending to lead to the guilt of the Defendants and the other tending to lead to the innocence of the Defendants, it is your duty to provide to the Defendants the benefit of the doubt and choose the inference of innocence.

### 25. Evidence to be Reviewed Separately

You have been presented much evidence as a jury. In reviewing the evidence, you should consider it separately between each of the Defendants. You should not view evidence against one Defendant as evidence against the other unless there exist sufficient reasons in your mind to do so.

### 26. Not Guilty

A verdict of not guilty merely means that the Government has failed to prove each and every element of the charges against the Defendant beyond a reasonable doubt.

## 27.  Credibility of a Witness

Another part of your job as a jurist is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness' memory seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the Government or the Defendant, or anything to gain or lose from the case that might influence the witness' testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable.  Sometimes it may;

other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider the other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

### 28.   **Number of Witnesses**

Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that and not on the numbers.

### 29.   **Testimony of Witness Under Grant of Immunity or Reduced Criminal Liability**

You have heard the testimony of witnesses who may receive a reduced sentence in exchange for their cooperation. You should consider their testimony with more caution than the testimony of other witnesses. You should consider whether their testimony may have been influenced by their deal with the Government.

A witness who realizes that he or she may be able to obtain his or her own freedom or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his or her testimony with caution and weigh it with great care. If, after scrutinizing his or her testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

### 30. Knowingly: Defined

The Government must prove that the Defendant is aware of the act and does not act through ignorance or mistake. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

### 31. Defendant's Election Not to Testify or Present Evidence

A Defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

### 32. Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous. To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.