IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                         CRIMINAL NO.    2:20-cr-00054

**NEDELTCHO VLADIMIROV**

## RESPONSE OF THE UNITED STATES
## TO DEFENDANT'S MOTION IN LIMINE NO. 1

The United States of America offers the following response to Defendant's Motion in Limine No. 1 (exclusion of investigators as "overview" witnesses) (ECF 79).

Defendant seeks to exclude unspecified "investigators" entirely in the trial of this matter by improperly characterizing entire testimony as "overview" testimony, citing cases in support that "overview" testimony is generally disfavored. ECF 79. The United States intends to call investigators from the United States Secret Service and others who will testify at trial to information that they directly obtained and observed. These witnesses are fact witnesses, not overview witnesses, and as such, they are competent to testify at this trial.

Every person is presumed competent to testify, unless the [Federal Rules of Evidence] provide otherwise. See Fed. R. Evid. 601. The witness needs to have "personal knowledge of the matter."

See Fed. R. Evid. 602. All "investigator" witnesses that the United States intends to call meet this initial threshold.

The United States never intended to offer any witness as an "overview" witness in its case-in-chief and any allegation to the contrary is based on supposition. Further, efforts in this Motion in Limine to anticipate improper "hearsay" questions in advance are pointless. The United States agrees that it generally cannot offer in its case-in-chief what another witness said through an investigator. This is hearsay testimony absent a recognized exception. See Fed. R. Evid. 801, 802.

An investigator's interviews of witnesses could become relevant depending on cross examination or impeachment and whether certain witnesses offer prior inconsistent statements. See Fed. R. Evid. 613 and 801(d)(1)(A), (d)(2)(A) or (B). These facts and circumstances are entirely dependent on the testimony and almost certainly cannot be resolved in advance. Defendant's premature speculation should not result in the exclusion of witnesses by what Defendant believes his testimony might be in the United States case-in-chief.

**CONCLUSION**

The United States respectfully requests that the Court deny Defendant's Motion in Limine No. 1 (exclusion of investigators as "overview" witnesses) (ECF 79).

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:
/s/Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov


/s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN LIMINE NO. 1," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of July, 2021 to:

>Timothy J. LaFon
>CICCARELLO DELGIUDICE & LAFON
>1219 Virginia Street, East, Suite 100
>Charleston, WV 25301
>E-mail: tlafon@cdlwv.com

>/s/Andrew J. Tessman
>ANDREW J. TESSMAN
>Assistant United States Attorney
>WV State Bar No. 13734
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: andrew.tessman@usdoj.gov

>/s/Erik S. Goes
>ERIK S. GOES
>Assistant United States Attorney
>WV Bar No. 6893
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: erik.goes@usdoj.gov