IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**     CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

### RESPONSE OF THE UNITED STATES
### TO DEFENDANT'S MOTION IN LIMINE NO. 2

The United States of America offers the following response to Defendant's Motion in Limine No. 2 (exclusion of terms "boosters" or "fence") (ECF 80).

Defendant seeks an order prohibiting the United States from referring to co-conspirators as "boosters" and Defendant's operations as a "fence." ECF 80. Without elaboration, Defendant states that "[o]bviously, using these terms is very prejudicial to the Defendant and imply guilt without a basis in fact. . . .and [t]he utilization of these terms would be highly prejudicial to the Defendant and far outweigh any probative value." Id. Defendant cites to Rule 403 of the Federal Rules of Evidence. No alternative suggestion is provided to the Court for how to refer to the members of the conspiracy alleged in the Superseding Indictment.

Rule 403 provides that the Court "may exclude relevant evidence if its probative value *is substantially outweighed* by a danger of one or more of the following: *unfair prejudice*, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).

On a basic level, a "fence" is an individual who knowingly buys stolen goods to later resell them for profit. The "fence" acts as a middleman between thieves and the eventual buyers of stolen goods who may not be aware that the goods are stolen. The "booster" steals the items for the fence and is willing to accept a low profit margin to reduce his risks by instantly disposing of the stolen items to disassociate from the criminal theft act that procured it.

After the sale, the "fence" recoups his investment by disguising the stolen nature of the goods (via methods such as repackaging and altering/effacing serial numbers) and reselling the goods as near to the white market price as possible without drawing suspicion. This process often relies on a legal business, such as an eBay site, to launder the stolen goods by intermixing them with legally purchased items of the same type. The "fence" makes significant profits with stolen merchandise because he is

able to secretly pay "boosters" a very low price for stolen goods that cannot be easily sold on the open markets.

In this case, the United States is alleging that Defendant functioned as a "fence"[1] and the "boosters" were his co-conspirators. The United States carries the burden of proof to show beyond a reasonable doubt that this was the scheme Defendant was operating. The burden of explaining the meaning of the terms to the jury falls upon the United States. Because the common person does not understand what these terms mean when they hear them for the first time, it is difficult to understand how the terms are any more prejudicial to Defendant than use of the terms "Defendant" or "co-conspirator." Defendant has not met his burden of explaining how the terms are unfairly prejudicial to him and how the relevance is "substantially outweighed" by "unfair prejudice." Fed. R. Evid. 403.

---

[1] The words "fence" and "fencing" do not appear in the Superseding Indictment.

**CONCLUSION**

The United States respectfully requests that the Court deny Defendant's Motion in Limine No. 2 (exclusion of terms "boosters" or "fence") (ECF 80).

                                      Respectfully submitted,

                                      LISA G. JOHNSTON
                                      Acting United States Attorney

By:

                                      /s/Andrew J. Tessman
                                      ANDREW J. TESSMAN
                                      Assistant United States Attorney
                                      WV State Bar No. 13734
                                      300 Virginia Street, East
                                      Room 4000
                                      Charleston, WV 25301
                                      Telephone: 304-345-2200
                                      Fax: 304-347-5104
                                      E-mail: andrew.tessman@usdoj.gov

                                      /s/Erik S. Goes
                                      ERIK S. GOES
                                      Assistant United States Attorney
                                      WV Bar No. 6893
                                      300 Virginia Street, East
                                      Room 4000
                                      Charleston, WV 25301
                                      Telephone: 304-345-2200
                                      Fax: 304-347-5104
                                      E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN LIMINE NO. 2," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of July, 2021 to:

    Timothy J. LaFon
    CICCARELLO DELGIUDICE & LAFON
    1219 Virginia Street, East, Suite 100
    Charleston, WV 25301
    E-mail: tlafon@cdlwv.com

    /s/Andrew J. Tessman
    ANDREW J. TESSMAN
    Assistant United States Attorney
    WV State Bar No. 13734
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    E-mail: andrew.tessman@usdoj.gov

    /s/Erik S. Goes
    ERIK S. GOES
    Assistant United States Attorney
    WV Bar No. 6893
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    E-mail: erik.goes@usdoj.gov