IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                CRIMINAL NO.    2:20-cr-00054

**NEDELTCHO VLADIMIROV**

## RESPONSE OF THE UNITED STATES
## TO DEFENDANT'S MOTION IN LIMINE NO. 4

The United States of America offers the following response to Defendant's Motion in Limine No. 4 (exclusion of testimony of banker's testimony concerning purpose of transactions) (ECF 82).

Defendant requests an order limiting the United States' ability to enter conclusory statements by bankers into evidence that certain financial transactions conducted by the Defendant were for the purpose of money laundering. ECF 82. As an initial matter, the United States does not intend to ask a banker to opine on the purpose behind any financial transaction by Defendant.

The United States expects that the evidence at trial will be that Defendant sold the stolen items he purchased from the shoplifters and other witnesses on eBay. The eBay records will show that the same types of items sold by the shoplifters were listed for sale on Defendant's eBay account ("nedined@hotmail.com"). Records will show that the items sold

by Defendant were paid for using PayPal, an online payment system, and the profit posted to a PayPal account registered to Defendant. The proceeds from eBay were then transferred from Paypal to Defendant's City National Bank checking account (xxx8889). From 2016-2020, Defendant routinely transferred money from his City National Bank checking account (xxx8889) to a City National Bank savings account (xxx4623). During the same time period, Defendant routinely withdrew cash from his City National Bank checking account (xxx8889).

The United States further expects that bank records will show the following: in the months leading up to July 2019, more than $10,000 in deposits were made from Paypal into Defendant's City National Bank checking account (xxx8889). In the same time period, more than $10,000 was transferred from Defendant's City National Bank checking account (xxx8889) to Defendant's City National Bank savings account (xxx4623). On July 8, 2019, Defendant transferred $155,000 from his City National Bank savings account (xxx4623) to his City National Bank checking account (xxx8889). On the same date, Defendant then wrote a personal check (#1045) for $155,000 from his City National Bank checking account (xxx8889) and deposited it into his JPMorgan Chase Bank account (xxx8197). On July 23, 2019, Defendant then transferred $153,000 from his JPMorgan Chase Bank account (xxx8197) to First

Investment Bank in Bulgaria.

The United States expects that Financial Analyst Stephen Rowley will testify as to his examination of the records produced by City National Bank and JPMorgan Chase Bank in this case and information contained within those records (bank statements). This testimony will consist of what the witness observed when he examined the information contained within the records.

To the extent that any question arguably asks for an opinion[1] as to what is contained within the bank records, this factual information will not extend beyond what a common user of banks would know, and thus is not expert testimony. Federal Rule of Evidence 701 provides for the admission of lay opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge [for which an expert would be required]." Fed. R. Evid. 701. The first requirement is satisfied when the witness has first-hand knowledge of the matter about which he is testifying. See United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992). The second requirement

---

[1] The United States does not intend to ask Mr. Rowley to opine that the purpose behind any particular transaction was money laundering—this will be reserved for counsel for the United States in closing argument.

prohibits testimony on "meaningless assertions which amount to little more than choosing up sides." Fed. R. Evid. 701, Advisory Committee Note (1972). As to the third requirement, a witness may provide lay opinion testimony about a subject matter as long as the testimony does not require specialized or technical knowledge. See Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 81 (3d Cir. 2009).

"Lay and expert testimony are distinguishable in that 'lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field.'" United States v. Thompson, 393 F. App'x 852, 858 (3d Cir. 2010) (quoting Fed. R. Evid. 701 Advisory Committee's Notes (2000)). The reasoning required to arrive at these opinions is not reasoning learned through specialized training or mastery in a field. It is common, everyday reasoning that anyone could apply to their work experiences. Their explanations and interpretations are those that "an untrained layman could . . . make if perceiving the same acts or events." United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001). "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." United States v. Hill, 643 F.3d 807, 841 (11th Cir. 2011).

Therefore, Mr. Rowley can testify about the contents of the bank records without being qualified as an expert witness.

**CONCLUSION**

The United States respectfully requests that the Court deny Defendant's Motion in Limine No. 4 (exclusion of testimony of banker's testimony concerning purpose of transactions) (ECF 82).

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:
/s/Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov


/s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN LIMINE NO. 4," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of July, 2021 to:

> Timothy J. LaFon
> CICCARELLO DELGIUDICE & LAFON
> 1219 Virginia Street, East, Suite 100
> Charleston, WV 25301
> E-mail: tlafon@cdlwv.com

> /s/Andrew J. Tessman
> ANDREW J. TESSMAN
> Assistant United States Attorney
> WV State Bar No. 13734
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> E-mail: andrew.tessman@usdoj.gov

> /s/Erik S. Goes
> ERIK S. GOES
> Assistant United States Attorney
> WV Bar No. 6893
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> E-mail: erik.goes@usdoj.gov