**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

**PROPOSED VOIR DIRE QUESTIONS OF THE UNITED STATES**

Comes now the United States of America, by Andrew J. Tessman and Erik S. Goes, Assistant United States Attorneys for the Southern District of West Virginia, and requests the Court to ask the following voir dire questions of the jury panel.

A.  General Voir Dire

1.  It has been estimated by the attorneys that it may take three working days to complete the trial of this case.  Do any of you have any reason to believe that you would not be able to serve as a juror for that period of time?

[This would include any personal or business obligations that might cause an interruption in the trial of this case.]

    a.  Would serving as a juror on this case have any adverse affect with regard to your family life or your job?

    b.  Do you have any physical or medical problems that might make it difficult to follow the evidence or sit on the jury?

2. All of the United States of America has been affected by the COVID-19 pandemic. This Court, working with the Clerk of Court and many others, has taken steps to try this criminal case as safely as possible. Is there anything about the COVID-19 pandemic itself or participating in this jury trial that would cause you to not be able to sit fairly as a juror in this case?

3. Are any of you acquainted with or have any kind of relationship, professionally or personally, including through social networking websites such as Twitter and/or Facebook, with any of the following individuals who <u>may</u> be called as witnesses in this case?[1]

4. Are any of you acquainted with, professionally or personally, including through social networking websites such as Twitter and/or Facebook, or have any of you or any of your family members ever been represented by any of the following?

    a. Timothy J. LaFon, Esquire, or any other person or attorney who works with Mr. LaFon;

    b. Andrew J. Tessman or Erik S. Goes, Assistant United States Attorneys, or any member of the United States Attorney's Office.

---

[1] In accordance with the Arraignment Order, the United States will file a separate witness list. The United States reserves the right to amend or alter the witness list prior to or during trial.

5. Are you or any member of your family related to or acquainted with the defendant, NEDELTCHO VLADIMIROV, or any member of his family, professionally or personally, including through social networking websites such as Twitter and/or Facebook?

6. Are any of you acquainted with or have any relationship, professionally or personally, including through social networking websites such as Twitter and/or Facebook, or otherwise, with any other member of the jury panel? If yes, would this in any way affect your ability to decide this case solely on the law and the evidence presented? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

7. Have you, any member of your family, or any close personal friends ever been questioned or arrested by a law enforcement officer? (You may approach the bench to answer this question if you would like. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

8. Have you, any member of your family, or any close personal friend ever been charged with or convicted of committing either a felony or a misdemeanor? (You may approach the bench to answer this question if you would like. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

9. Have you, any member of your family, or any of your close friends ever been incarcerated? (You may approach the bench to answer this question if you would like. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

10. Have you read about this case in the newspapers, either online or in print? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

11. Have you heard or seen anything about this case, or about the defendant generally on the radio or television? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

12. Have you heard anything at all from any source about the facts of this case, including on or through social networking websites such as Twitter and/or Facebook? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

13. Do you, of your personal knowledge, excluding what you have read in the newspapers or heard through the media, have any information about the facts of this case?

14. Have you discussed any aspect of this case with anyone who claimed to have some knowledge of what actually occurred, including on or through social networking websites such as Twitter and/or Facebook?

15. Notwithstanding what you have heard on the television or radio or what you have read in the newspapers, or what you have read and/or discussed on or through social networking websites such as Twitter and/or Facebook, would you be able to sit as a juror in the case and render a verdict based solely upon the law and the evidence?

16. Will you be able to disregard anything you may have read or heard about this case, and decide this case solely on the law and the evidence presented?

17. Are there any reasons at all why you should not wish to sit on this case? [An opportunity should be provided each juror to discuss their answer to this question out of the presence of other prospective jurors.]

18. Are you or have you ever been involved in any conflict, controversy or litigation with the United States Attorney's Office? [If yes, would this affect your ability to sit as an impartial juror in this case?]

19. Are you or have you ever been involved in any conflict, controversy or litigation with any department or agency of the United States? [If yes, would this affect your ability to sit as an impartial juror in this case?]

20. Have you ever served as a petit juror in a criminal or civil case either in federal or state courts? [If so, what was the case about and what was the outcome?]

21. Have you ever served as a grand juror on either a federal or state panel?

22. Have you or your family ever participated in a lawsuit as a party or witness or in some other capacity? [If so, what was the case about and what was the outcome?]

23. Have you or any member of your family ever participated in a criminal trial either as a witness for the prosecution or as a witness for the defense? [If so, what was the offense charged and the verdict.]

24. Are any of you related by blood, marriage, or adoption to any law enforcement officers, either local, state or federal?

25. Are any of the panel members related by blood, marriage, or adoption to any person who has been prosecuted by the United States?

26. Have any of the panel members expressed or do any panel members have any strong sentiment about the justness of any recent prosecution brought by the United States Attorney's Office in this District?

27. Some of the witnesses who may be called to testify include local, state, and/or federal law enforcement officers. Do any of you have any strong feelings for or against law enforcement officers for whatever reason?

28. Have you or any member of your family or any of your close friends ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?

29. Have any of you had a dispute with the United States Secret Service or the South Charleston Police Department, either now or in the past?

30. Have you, or has anyone close to you, ever been the victim of a crime? If so, would that experience prevent you from giving either the government or the defendant a fair trial?

31. Irrespective of your personal feelings about any issue that may arise in this case, will you follow the law as the Court gives it to you during this case?

32. There are some people who, for moral, ethical, or religious reasons, believe that it is not proper, or who would find it difficult, to pass judgment on the conduct of others. Is there any

7

one of you who holds such beliefs, or who might be affected by such beliefs?

33. Even if you disagree with the law, would you be able to return a verdict of guilty, if the United States meets its burden beyond a reasonable doubt?

34. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

35. Have any of you or your close family members been contacted in any way, via telephone, in writing, or on or through social networking websites such as Twitter and/or Facebook, by any of the parties in this case including the defendant, NEDELTCHO VLADIMIROV, or any of his family members, lawyers or their investigators, or the United States Attorney's Office?

36. If you were one of the parties in this case, do you know of any reason why you should not be content to have someone in your frame of mind sitting on the jury in this case?

The United States requests that the Court ask appropriate follow up questions if any juror answers in the affirmative.

Respectfully Submitted,

LISA G. JOHNSTON
Acting United States Attorney

By: /s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

/s/ Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "PROPOSED VOIR DIRE QUESTIONS OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 6th day of July, 2021 to:

>Timothy J. LaFon, Esquire
>CICCARELLO DELGIUDICE & LAFON
>1219 Virginia Street, East, Suite 100
>Charleston, WV 25301-2912
>E-mail: tlafon@cdlwv.com

>/s/ Andrew J. Tessman
>ANDREW J. TESSMAN
>Assistant United States Attorney
>WV State Bar No. 13734
>300 Virginia Street, East, Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: andrew.tessman@usdoj.gov

>/s/ Erik S. Goes
>ERIK S. GOES
>Assistant United States Attorney
>WV State Bar No. 6893
>300 Virginia Street, East, Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: erik.goes@usdoj.gov