# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:20-cr-00054

NEDELTCHO VLADIMIROV

## UNITED STATES PROPOSED FORFEITURE
## JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

Comes now the United States of America, by Andrew J. Tessman and Erik S. Goes, Assistant United States Attorneys for the Southern District of West Virginia, and submits the following proposed jury instructions and special verdict form regarding forfeiture.

Respectfully Submitted,

LISA G. JOHNSTON
Acting United States Attorney

By: /s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
Illinois State Bar No. 6297763
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

/s/ Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov

## UNITED STATES PROPOSED INSTRUCTION NO. ___
## FORFEITURE GENERALLY

Ladies and Gentlemen of the Jury, in view of your verdict that
Defendant NEDELTCHO VLADIMIROV is guilty of the offenses charged
in Counts 1 through 5 of the Superseding Indictment, you have one
more task to perform before you are discharged. I now must ask you
to render special verdicts concerning property that the United States
has alleged is subject to forfeiture to the United States.

There are two separate statutes providing for the forfeiture
of property in this case, one based on a conspiracy to commit mail
and wire fraud and one based on money laundering. The fraud conspiracy
statute provides that all property derived from or constituting the
proceeds of a scheme to defraud is subject to forfeiture. The money
laundering statute provides that all property involved in a money
laundering offense, or any property traceable thereto, is subject
to forfeiture. As to each item of property for which the United States
seeks forfeiture, you must find whether the property is connected
to the underlying crime in the way that statute provides. I will
define these terms for you in a moment.

The items that the United States is seeking to forfeit include:

a.  Approximately $60,000.00 seized from defendant NEDELTCHO VLADIMIROV'S account ending in 4623 at City National Bank;

b.  Approximately $9,029.24 seized from defendant NEDELTCHO VLADIMIROV'S account ending in 8889 at City National Bank;

c.  Approximately $1,831.75 seized from defendant NEDELTCHO VLADIMIROV'S account ending in 8197 at JP Morgan Chase Bank; and

d.  A forfeiture money judgment of at least $500,000.

These items will also be listed for you on special verdict forms, which I will give to you before you retire to consider your verdict.[1]

---

[1] Federal Rules of Criminal Procedure 32.2(b)(1) and (4).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**JURY MAY CONSIDER TRIAL EVIDENCE AS WELL AS ANY**
**ADDITIONAL EVIDENCE PRESENTED ON THE ISSUE OF FORFEITURE**

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.[2]

---

[2]United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction hat while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations"), cert. denied, 528 U.S. 1139 (2000); United States v. Capoccia, 53 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of trial, even if the forfeiture is contested; it is not necessary for the United States to reintroduce that evidence in the forfeiture hearing); Fed. R. Crim. P. 32.2(b)(1) (court's determination may be based on evidence already in the record).

## UNITED STATES PROPOSED INSTRUCTION NO.__
## DEFINITION OF PROCEEDS

Property subject to forfeiture as proceeds of a scheme to defraud includes any money obtained as a result of the scheme, and any property obtained with the money. Proceeds are not limited to the net gain or profit realized from the offense but means the total amount of money received by the defendant as a result of his criminal activity.

Proceeds remain proceeds regardless of how many times the property may change form. For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy a car. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds. Proceeds of an offense remain the proceeds of the offense even as the change form from one thing to another.

In a case, like this one, involving a scheme to defraud, property is subject to forfeiture if it is derived from or traceable to the scheme as a whole; it is not necessary for the United States to trace the property to a particular execution of the scheme, such as a particular mailing or wire transfer.[3]

---

[3]United States v. Swanson, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); United States v. Venturella, 585 F.3d 1013, 1015, 1016-17 (7th Cir. 2009) (forfeiture in mail fraud case "is not limited to the amount of the particular mailing but extends to the entire scheme.").

**UNITED STATES PROPOSED INSTRUCTION NO. _**
**"INVOLVED IN" PROEPRTY EXPLAINED**

The phrase "property involved in" a money laundering violation either in 18 U.S.C. § 1956 or 18 U.S.C. § 1957 includes:

(1)   The money or other property that was the subject of the financial transaction that constituted the money laundering violation;

(2)   Any fees or commission paid to the money launderer; and

(3)   Any property used to facilitate the money laundering violation.[4]

Property may be the subject of the money laundering financial transaction in a number of ways. For example, the property may be the proceeds of the underlying specified unlawful activity which are being laundered; it may be the legitimately obtained property that the criminally derived proceeds were commingled with at the time the financial transaction took place[5]; or it may be property that was obtained as party of an exchange or purchase that constitutes the money laundering violation for which the defendant has been found guilty.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect. Property need not be indispensable to the commission of the money laundering violation and need not be used exclusively for that purpose to be facilitating property.

Property that is used the majority of the time for legitimate purposes may nevertheless facilitate a money laundering violation. Accordingly, the types of property that may be used to facilitate a money laundering violation include money in financial accounts, personal property, real property, and businesses. All that is necessary is that the United States prove that the property was used in any manner or part to commit or facilitate the commission of a

---

[4]United States v. Warshak, No. 1:06-cr-00111, 2008 WL 509258, at *1 (S.D. Ohio Feb. 22, 2008).
[5]United States v. Kivanc, 714 F.3d 782, 794-95 (4th Cir. 2013).

money laundering violation.[6]

As in the case of property subject to forfeiture as proceeds, property involved in a money laundering offense includes any property traceable to the property that was involved in the offense.

_____

[6]<u>United States v. Warshak</u>, No. 1:06-cr-00111, 2008 WL 509258, at *1 (S.D. Ohio Feb. 22, 2008).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**FORFEITURE FOR MONEY LAUNDERING VIOLATIONS**
**MONEY LAUNDERING – COUNTS TWO THROUGH FOUR**
**(18 U.S.C. § 1957(a))**

As you know, Counts Two through Four of the Superseding Indictment charged defendant, NEDELTCHO VLADIMIROV, with having violated Title 18, United States Code, Section 1957(a), that is, knowingly engaged and attempted to engage in monetary transactions affecting interstate commerce in criminally derived property that was of a value greater than $10,000 and that was derived from a specified unlawful activity, that is, mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and interstate transportation of stolen property (18 U.S.C. § 2314).

Since you have determined by your verdict that the defendant did violate Section 1957(a), as charged in Counts Two through Four, you must now decide whether the defendant must forfeit certain property alleged as being subject to forfeiture under Title 18, United States Code, Section 982(a)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2(a).

To "forfeit" means to be divested or deprived of the ownership of something as a penalty for the commission of a crime. Section 982(a)(1) requires the defendant to forfeit to the United States any property, real or personal, that was involved in the money laundering offenses for which he has been convicted, or any property traceable to such property.

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**FORFEITURE FOR MONEY LAUNDERING VIOLATIONS**
**MONEY LAUNDERING CONSPIRACY - COUNT ONE**
**(18 U.S.C. § 1956(h))**

As you know, Count One of the Superseding Indictment charged the defendant, NEDELTCHO VLADIMIROV, with a violation of Title 18, United States Code, Section 1956(h), money laundering conspiracy.

Since you have determined by your verdict that the defendant did violate Title 18, United States Code, Section 1956(h), you must now decide whether the defendant must forfeit certain property alleged to be subject to forfeiture under Title 18, United States Code, Section 982(a)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2(a).

Title 18, United States Code, Section 982(a)(1) provides, in pertinent part, as follows:

> The court, in imposing sentence on a        person convicted of an offense in violation of . . . Title 18, United States Code, Section 1956, . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

> Federal Rule of Criminal Procedure 32.2(b)(1)(A)

provides, in pertinent part, as follows:

> As soon as practical after a verdict or finding of guilty, . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court (or jury) must determine what property is subject to forfeiture under the applicable statute . . . .

10

Further, any person who is convicted of violating the 18 U.S.C. § 1956(h) money laundering conspiracy statute shall forfeit any real or personal property involved in such violation, or any property traceable to such property.[7]

---

[7]18 U.S.C. § 982(a)(1).

### FORFEITURE REGARDING CONSPIRACY TO COMMIT MAIL FRAUD AND WIRE FRAUD – COUNT FIVE (18 U.S.C. § 1349)

As you know, Count Five of the Superseding Indictment charged defendant, NEDELTCHO VLADIMIROV, with conspiracy to commit mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), in violation of 18 U.S.C. § 1349.

Since you have determined by your verdict that the defendant did violate 18 U.S.C. § 1349 by conspiring to commit mail fraud and wire fraud, you must now decide whether the defendant must forfeit certain property alleged to be subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2(a).

Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), provide for the criminal forfeiture of:

> [a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" . . . or a conspiracy to commit such offense.

Title 18, United States Code, Sections 1341 and 1343 are identified in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1), as specified unlawful activities, therefore, forfeiture

of the above-described property is appropriate for those offenses under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

**UNITED STATES PROPOSED INSTRUCTION NO. _____**

**STANDARD OF PROOF FOR FORFEITURES**

To find that the alleged property are subject to forfeiture, you must be convinced by a preponderance of the evidence[8] that property charged fairly represent the amounts derived from proceeds that the defendant obtained directly or indirectly from the offenses charged in the Superseding Indictment, or where appropriate, that such property were involved in those offenses.

To prove something "by a preponderance of the evidence" means "to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case."[9]

---

[8]United States v. Powell, No. 00-4293, 00-4309, 2001 WL 51010 (4th Cir.), cert. denied, 532 U.S. 1072 (2001), citing United States v. Corrado, 227 F.3d 543, 551-52 (6th Cir. 2000); United States v. Tanner, 61 F.3d 231 (4th Cir. 1995), cert. denied, 516 U.S. 1119 (1996).

[9]3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 104.01 (5th ed. 2000).

### GENERAL FORFEITURE PROVISIONS

To "forfeit" means to be divested or deprived of the ownership of something as a penalty for the commission of a crime. In your consideration of the forfeiture claim, you are instructed that your previous determination that the defendant is guilty of having committed the offenses alleged in the Superseding Indictment is final and conclusive, and you must not seek to discuss or determine anew the guilt or innocence of the defendant.

You are further instructed that all of the instructions previously given to you concerning your consideration of the evidence, the credibility or the believability of the witnesses, your duty to deliberate together, and the necessity of a unanimous verdict, will all continue to apply during your supplementary deliberations concerning the forfeiture claim. The specific instructions I gave you earlier continue to apply.

With respect to the proceeds alleged to be forfeitable, you will be provided with a special verdict form for your convenience and use. You will take this special verdict form to the jury room and, when you have reached a unanimous agreement as to the claim of forfeiture, your foreperson will complete the special verdict form, sign and date it, and then return it to the courtroom.

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**
**MULTIPLE GROUNDS FOR FORFEITURE**

Certain monies or items of property which are determined to be forfeitable may be subject to forfeiture on multiple grounds. You need not be concerned with "overlapping" of monetary amounts or properties. The Court will conduct additional proceedings later, if necessary, to account for possible overlapping. You need concern yourself only with whether the properties as set out in the special verdict forms below were connected with violations of federal laws as stated in the Superseding Indictment and these instructions. It is important, however, that you indicate on the special form all grounds on which you find any given property subject to forfeiture.

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**
**SPECIAL VERDICT FORMS**

A special verdict form has been prepared for you. The special verdict form lists the property that the United States asserts has a nexus to the crimes for which the defendant has been convicted. The same property may be subject to forfeiture in connection with more than one offense,[10] so you must answer the questions separately for each time and for each offense. You may answer each question by simply putting an "X" or check in space provided next to the words "YES" or "NO."

---

[10]United States v. Brown, No. 3:06-cr-204, 2007 WL 470445, at *6 (M.D. Fla. Feb. 13, 2007) (there was nothing improper about an instruction advising the jury that the special verdict form allowed it to indicate that the property was forfeitable on more than on basis.)

UNITED STATES OF AMERICA


v.                                          CRIMINAL NO. 2:20-cr-00054


NEDELTCHO VLADIMIROV


### SPECIAL VERDICT FORM

We, the jury, return the following Special Verdict as to the property for which the United States has alleged there is a nexus between the property and the defendant's offenses:

1. Approximately $60,000.00 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 4623 at City National Bank

    a.  Does the approximately $60,000.00 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 4623 at City National Bank represent property constituting or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in Counts One through Five of the Superseding Indictment?

        YES _____     NO _____


    b.  Does the approximately $60,000.00 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 4623 at City National Bank involved in the money laundering violations charged in Counts One through Four of the Superseding Indictment?

        YES _____     NO _____

2. Approximately $9,029.24 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 8889 at City National Bank

    a.   Does the approximately $9,029.24 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 8889 at City National Bank represent property constituting or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in Counts One through Five of the Superseding Indictment?

       YES _____      NO _____

    b.   Does the approximately $9,029.24 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 8889 at City National Bank involved in the money laundering violations charged in Counts One through Four of the Superseding Indictment?

       YES _____      NO _____

3. Approximately $1,831.75 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 8197 at JP Morgan Chase Bank

    a.   Does the approximately $1,831.75 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 8197 at JP Morgan Chase Bank represent property constituting or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in Counts One through Five of the Superseding Indictment?

       YES _____      NO _____

    b.   Does the Approximately $1,831.75 seized from defendant NEDELTCHO VLADIMIROV'S bank account ending in 8197 at JP Morgan Chase Bank involved in the money laundering violations charged in Counts One through Four of the Superseding Indictment?

       YES _____      NO _____

FOREMAN: _____   DATE: _____

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "UNITED STATES PROPOSED FORFEITURE JURY INSTRUCTIONS AND SPECIAL VERDICT FORM" have been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 6th day of July, 2021 to:

> Timothy J. LaFon
> CICCARELLO DELGIUDICE & LAFON
> Suite 100
> 1219 Virginia Street East
> Charleston, WV 25301-2912
> tlafon@cdlwv.com

/s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

/s/ Erik S. GOES
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov
