UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

### NOTICE TO THE COURT OF PROCEDURES AND BURDEN OF PROOF AS TO FORFEITURE

Comes now the United States of America, by Andrew J. Tessman and Erik S. Goes, Assistant United States Attorneys for the Southern District of West Virginia, and hereby advises the Court of the following:

1. Rule 32.2 of the Federal Rules of Criminal Procedure governs the method by which criminal forfeitures are determined:

(A) In any case tried before a jury, if the indictment or information states that the United States is seeking forfeiture, the Court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict. Fed. R. Crim. P. 32.2(b)(5)(A);

(B) If a party timely requests to have the jury determine the forfeiture, the United States must submit a proposed Special Verdict Form listing each property subject to forfeiture

and asking the jury to determine whether the United States has established the requisite nexus between the property and the offense committed by the defendant. Fed. R. Crim. P. 32.2(b)(5)(B);

(C) Otherwise, if neither party requests to have the jury determine forfeiture, as soon as practical after a verdict or finding of guilty on any count in an indictment regarding which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A);

(D) If the United States seeks forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense. Id.;

(E) If the United States seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay. Id.;

(F) The Court's determination may be based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable. If the forfeiture is contested, on either party's request the Court must conduct a hearing after the verdict or finding of guilty. Fed. R.

Crim. P. 32.2(b)(1)(B); and

(G) If the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the United States has met the statutory criteria. The Court must enter the preliminary order of forfeiture without regard to any third party's interest since determining such third party's interest must be deferred until any third party files a claim in the ancillary proceeding. Fed. R. Crim. P. 32.2(b)(2)(A).

2. For purposes of the Court or jury making its determination pursuant to Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(5) as outlined in paragraph 1 above, the burden of proof for making such a determination for criminal forfeitures is by a preponderance of the evidence. United States v. Martin, 662 F.3d 301, 306-07 (4th Cir. 2011); United States v. Herder, 594 F.3d 352, 363-64 (4th Cir. 2010); United States v. Cherry, 330 F.3d 658, 668-70 (4th Cir. 2003). See also United States v. Corrado, 227 F.3d 543, 551-52 (6th Cir. 2000).

3. The United States is submitting jury instructions as to the forfeiture allegations in the event the United States or the defendant request the jury to make the determination as to forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5). The jury instructions, which are fully incorporated herein by reference, specifically identify the property sought to be forfeited and the statutory authority for forfeiture in this case.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By: /s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

/s/ Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: erik.goes@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "Notice to the Court of Procedures and Burden of Proof as to Forfeiture" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of July, 2021, to:

>Timothy J. LaFon
>CICCARELLO DELGIUDICE & LAFON
>1219 Virginia Street, East, Suite 100
>Charleston, WV 25301-2912
>tlafon@cdlwv.com

>/s/ Andrew J. Tessman
>ANDREW J. TESSMAN
>Assistant United States Attorney
>Illinois State Bar No. 6297763
>300 Virginia Street, East, Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: andrew.tessman@usdoj.gov

>/s/ Erik S. GOES
>ERIK S. GOES
>Assistant United States Attorney
>WV Bar No. 6893
>300 Virginia Street, East, Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: erik.goes@usdoj.gov