**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**


**UNITED STATES OF AMERICA**


**v.**                                            **CRIMINAL NO. 2:20-cr-00054**


**NEDELTCHO VLADIMIROV**


## <u>UNITED STATES PROPOSED JURY INSTRUCTIONS</u>

Comes now comes the United States of America, by Andrew J. Tessman and Erik S. Goes, Assistant United States Attorneys for the Southern District of West Virginia, and submits the following proposed jury instructions.

Respectfully Submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:  /s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

/s/ Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov

**NATURE OF OFFENSE CHARGED**
**COUNT ONE: MONEY LAUNDERING CONSPIRACY**
**(18 U.S.C. § 1956(h))**

Count One of the Superseding Indictment charges a violation of 18 U.S.C. § 1956(h). That is, beginning no later than in or around December 2016, up to and including in or around February 10, 2020, in or near the Southern District of West Virginia and elsewhere, defendant NEDELTCHO VLADIMIROV, along with other persons known and unknown to the Grand Jury, did knowingly conspire with each other to commit offenses in violation of 18 U.S.C. § 1956(a)(1)(A)(i), that is knowingly to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activities, with the intent to promote the carrying on of the specified unlawful activity, while knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

The specified unlawful activities included the crimes of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and interstate transportation of stolen property (18 U.S.C. § 2314), in connection with the scheme set forth in this Superseding Indictment.

VLADIMIROV, along with the co-conspirators in the above-described scheme, intended to promote the carrying on of the

specified unlawful activities by using the proceeds of the fraudulent scheme to conduct additional financial transactions involving additional stolen items in the fraud scheme.

In violation of Title 18, United States Code, Section 1956(h).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**COUNT ONE: STATUTE INVOLVED**
**MONEY LAUNDERING CONSPIRACY - (18 U.S.C § 1956(h))**

Title 18, United States Code, Section 1956(h) provides in
pertinent part that:

> Any person who conspires to commit any offense defined
> in . . . section 1956 and 1957 shall be subject to the
> same penalties as those prescribed for the offense the
> commission of which was the object of the conspiracy.

Title 18, United States Code, Section 1956(a)(1)(A)(i)
provides in pertinent part that:

> (a)(1) Whoever, knowing that the property involved in a
> financial transaction represents the proceeds of
> some form of unlawful activity, conducts or attempts to
> conduct such a financial transaction which in fact
> involves the proceeds of specified unlawful activity--
>
> (A)(i) with the intent to promote the carrying on of
> specified unlawful activity . . .

[shall be guilty of a crime against the United States.]

18 U.S.C. § 1956(h); 18 U.S.C. § 1956(a)(1)(A).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

## COUNT ONE: ELEMENTS OF MONEY LAUNDERING CONSIRACY
## (18 U.S.C § 1956(h))

Section 1956(h) of Title 18, United States Code, makes it a crime for any person to conspire to engage in monetary transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956(a)(1)(A)(i).

For you to find the defendant guilty, the United States must prove each of the following elements beyond a reasonable doubt:

**FIRST:** That two or more persons conspired to conduct or attempt to conduct a financial transaction having at least a minimal effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a minimal effect on, interstate or foreign commerce;

**SECOND:** That the property that was the subject of the monetary transaction involved the proceeds of specified unlawful activity;

**THIRD:** That at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the property involved represented the proceeds of some form of unlawful activity;

**FOURTH:** That the defendant engaged in the financial transaction with the intent to promote the carrying on of specified unlawful activity; and

**FIFTH:** That the defendant knowingly and voluntarily joined the conspiracy.

The specified unlawful activity referenced in the money laundering conspiracy in Count One of the Superseding Indictment included mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343, and interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.

Later in these instructions, I will provide you with the elements of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). Additionally after Counts Two through Four, I will define what constitutes a conspiracy.

United States v. Green, 599 F.3d 360, 374 (4th Cir. 2010) (§ 1956(h) requires proof of an agreement to commit money laundering, that defendant knew that at least some of the money was criminally derived, and he intended to join the conspiracy); United States v. Molina-Sanchez, 630 F. App'x. 173 (4th Cir. 2015); United States v. Alerre, 430 F.3d 681, 693-94 (4th Cir. 2005) (government must prove that there was a conspiracy to commit money laundering and during the life of the conspiracy, each defendant knew the purpose of the conspiracy and deliberately joined it; this means defendants must know that the property to be laundered was derived from illegal activity); United States v. Singh, 518 F.3d 236, 248 (4th Cir. 2008) (following Alerre; to prove a § 1956(h) conspiracy, government must establish (1) an agreement to commit money laundering existed between one or more persons; (2) defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) defendant knowingly and voluntarily became part of the conspiracy); United States v. Olla, 754 F. App'x. 168 (4th Cir. 2018) (same); United States v. Green, 599 F.3d 360, 374 (4th Cir. 2010) (§ 1956(h) does not require proof of an over act, but such proof may be useful in showing that the conspiracy continued into the period covered by the statute of limitations, that a given defendant knowingly joined the conspiracy, and to establish venue); United States v. Rojas-Diaz, 643 F. App'x. 279 (4th Cir. 2016); United States v. Green, 599 F.3d 360, 373-74 (4th Cir. 2010) (proof that defendant participated

in a substantive money laundering transaction is not required to prove his agreement to join a money laundering conspiracy); United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004) ("proof of a conspiracy does not require proof that the object of the conspiracy was achieved or could have been achieved, only that the parties agreed to achieve it"); United States v. Alerre, 430 F.3d 681, 695 (4th Cir. 2005) (if defendants are charged only with a conspiracy to commit promotion money laundering, it is not necessary to prove that they completed a substantive violation of § 1956(a)(1)(A)(i)); United States v. Green, 599 F.3d 360, 372 (4th Cir. 2010) (18 U.S.C. § 1956(h) does not require an overt act to be either alleged or proven) (citing Whitfield v. United States, 543 U.S. 209, 219 (2005)).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_**

<u>**MONEY LAUNDERING CONSPIRACY - DEFINITIONS**</u>
<u>**(18 U.S.C § 1956(h))**</u>

The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree. 18 U.S.C. § 1956(c)(4).

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected. 18 U.S.C. § 1956(c)(3).

The term "financial institution" means, among other things, an insured bank, a commercial bank or trust company, or a private banker. 31 U.S.C. § 5312(a)(2).

The term "monetary instruments" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders . . . . 18 U.S.C. § 1956(c)(5).

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. 18 U.S.C. § 1956(c)(9).

The term "specified unlawful activity" includes:  any act or activity constituting an offense under 18 U.S.C. § 1341 relating to mail fraud and 18 U.S.C. § 1343 relating to wire fraud.

---

3 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions-Criminal</u>, § 50A-27(2020) (modified); 18 U.S.C. §§ 1957(f) and 1956(c); <u>United States v. Paramo</u>, 998 F.2d 1212, 1222 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1121 (1994); <u>United States v. Lombardi</u>, 5 F.3d 568 (1st Cir. 1993); <u>United States v. Haun</u>, 90 F.3d 1096 (6th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 691 (1997).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_**

**VENUE - CONSPIRACY TO COMMIT MONEY LAUNDERING**

Venue for Count One, the conspiracy to commit money laundering, is proper in any district where venue would be proper for the completed object of the conspiracy, that is: (1) in any judicial district where the financial or monetary transaction is conducted; or (2) in any judicial district where venue is proper for the underlying specified unlawful activity, if the defendant participated in the transfer of the proceeds of the unlawful conduct from that district to the district where the financial or monetary transaction is conducted. Venue for Count One is also proper in any judicial district where an act in furtherance of the conspiracy took place. To convict defendant under consideration of Count One, you must find that venue for Count One is proper within the Southern District of West Virginia.

The United States is not required to show that all of the members of a conspiracy committed an act within the district of prosecution. So long as one conspirator committed an act within the district, venue is established as to all members of the conspiracy. The act(s) need not be substantial and could be as simple as telephone calls or other electronic transmission to or from the district.

Unlike all other elements that I have described, this is just a fact that the United States only has to prove by a preponderance of the evidence. This means the United States only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all other elements I have described must be proved beyond a reasonable doubt.

18 U.S.C. § 1956(i); <u>Whitfield v. United States</u>, 543 U.S. 209, 218 (2005); <u>United States v. Bowens</u>, 224 F.3d 302, 311 n.4 (4th Cir. 2000); <u>United States v. Al-Talib</u>, 55 F.3d 923, 928-29 (4th Cir. 1995).

**NATURE OF OFFENSE CHARGED**
**COUNTS TWO THROUGH FOUR: MONEY LAUNDERING**
**(18 U.S.C. § 1957(a))**

Counts Two through Four of the Superseding Indictment charge that on or about the date listed below for each Count, in Cross Lanes, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, the defendant, NEDELTCHO VLADIMIROV, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of U.S. currency, such property having been derived from a specified unlawful activity, that is, mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and interstate transportation of stolen property (18 U.S.C. § 2314):

| Count | Approx. Date | Transaction |
|-------|--------------|-------------|
| 2 | July 8, 2019 | Transferred $155,000 from his savings account xxx4623 at City National Bank in Cross Lanes, West Virginia, to his checking account xxx8889 at City National Bank in Cross Lanes, West Virginia |
| 3 | July 8, 2019 | Deposited personal check #1045 for $155,000 from checking account xxx8889 at City National Bank in Cross Lanes, West Virginia, into his account xxx8197 at JPMorgan Chase Bank in Cross Lanes, West Virginia |

| Count | Approx. Date | Transaction |
|---|---|---|
| 4 | July 23, 2019 | Transferred $153,000 from his JPMorgan Chase Bank account xxx8197 in Cross Lanes, West Virginia to a bank outside of the United States, that is, Bulgaria |

All in violation of Title 18, United States Code, Section 1957(a).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**COUNTS TWO THROUGH FOUR: STATUTE INVOLVED**
**MONEY LAUNDERING – (18 U.S.C. § 1957(a))**

Title 18, United States Code, Section 1957 provides in pertinent part that:

> (a) Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity . . .

[shall be guilty of a crime against the United States.]

> (f) As used in this section –
>
> > (1) the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange in or affecting interstate or foreign commerce, of funds or a monetary instrument . . . by, through, or to a financial institution . . . .

18 U.S.C. § 1957(a) and (f).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_**

**<u>COUNTS TWO THROUGH FOUR: ELEMENTS OF MONEY LAUNDERING</u>**
**<u>(18 U.S.C. § 1957(a))</u>**

In order to prove defendant guilty of money laundering, as charged in Counts Two through Four of the Superseding Indictment, the United States must establish beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| **<u>FIRST</u>:** | The defendant engaged or attempted to engage in a monetary transaction in or affecting interstate or foreign commerce; |
| **<u>SECOND</u>:** | The monetary transaction involved criminally derived property of a value greater than $10,000; |
| **<u>THIRD</u>:** | The property was derived from specified unlawful activity; |
| **<u>FOURTH</u>:** | The defendant acted with knowledge that the transaction involved proceeds of a criminal offense; and |
| **<u>FIFTH</u>:** | The transaction took place in the United States. |

3 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions-Criminal</u>, § 50A-26 (2020); <u>United States v. Bivens</u>, 104 F. App'x 892 (4th Cir. 2008); <u>United States v. Smith</u>, 44 F.3d 1259 (4th Cir. 1995); <u>United States v. Hatcher</u>, 132 F. App'x 468 (4th Cir. 2005); <u>United States v. Savage</u>, 390 F.3d 823, 831–32 (4th Cir. 2004) (instructing jury that the monetary transaction in a § 1957 prosecution may take the form of a deposit, withdrawal, or transfer was proper and not a constructive amendment to an indictment that alleged only that defendant deposited the money), <u>cert. granted & judgment vac'd on other grounds</u>, 545 U.S. 1102 (Mem) (2005).

## ENGAGING IN A MONETARY TRANSACTION
## (18 U.S.C § 1957)

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting  or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution, including any transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that City National Bank or JPMorgan Chase Bank was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as

well. Third, if you find that the transaction itself involved an
interstate transfer of funds, that would also be sufficient.

18 U.S.C. § 1957(f)(1); 3 L. Sand, <u>et al.</u>, <u>Modern Federal Jury
Instructions-Criminal</u>, § 50A-27 (2020).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_**

**"CRIMINALLY DERIVED PROPERTY" – DEFINED**
**(18 U.S.C § 1957)**

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. As I have previously stated, the term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The United States is not required to prove that all of the property involved in the transaction was criminally derived property. However, the United States must prove that more than $10,000 of the property involved was criminally derived property.

18 U.S.C. § 1957(f)(2); 18 U.S.C. § 1956(c)(9); 3 L. Sand, et al., Modern Federal Jury Instructions-Criminal, § 50A-28 (2020).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**<u>VENUE - MONEY LAUNDERING</u>**

Venue for Counts Two through Four, money laundering, is proper: (1) in any judicial district where the financial or monetary transaction is conducted; or (2) in any judicial district where venue is proper for the underlying specified unlawful activity, if the defendant participated in the transfer of the proceeds of the unlawful conduct from that district to the district where the financial or monetary transaction is conducted.

To convict defendant of Counts Two through Four, you must find that venue for each of these counts is proper within the Southern District of West Virginia.

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**COMINGLING**

The United States need not prove that all of the money involved in the transaction constituted the proceeds of the criminal activity; it is sufficient if the United States proves that at least part of the money represented such proceeds.

See United States v. Wilkinson, 137 F.3d 214, 222 (4th Cir. 1998) (en banc) ("[W]hen the funds used in a particular transaction originated from a single source of commingled, legally-and illegally-acquired funds, it may be presumed that the transacted funds, at least up to the full amount originally derived from crime, were the proceeds the criminal activity."); United States v. Silver, 864 F.3d 102 (2d Cir. 2017) (government is not required to trace criminal funds that are commingled with legitimate funds to prove a violation of 18 U.S.C. § 1957); United States v. Moore, 27 F.3d 969, 976-77 (4th Cir. 1994) (because money is fungible, it may be presumed in § 1957 cases that transacted funds, up to the amount of criminal proceeds in an account, constitute such proceeds).

**NATURE OF THE OFFENSE CHARGED**
**COUNT FIVE: CONSPIRACY TO COMMIT MAIL FRAUD**
**AND WIRE FRAUD – (18 U.S.C. § 1349)**

Count Five of the Superseding Indictment charges that beginning no later than in or around December 2016, up to and including in or around February 10, 2020, in the Southern District of West Virginia and elsewhere, defendant NEDELTCHO VLADIMIROV, and others known and unknown to the Grand Jury, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, that is:

    a.    knowingly having devised and intended to devise the above-described scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly would and did and attempt to transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1343.

    b.    knowingly having devised and intending to devise the above-described scheme and artifice to defraud and for

obtaining money and property by means of false and
fraudulent pretenses, representations, and promises,
knowingly would and did cause and attempt to cause stolen
items to be delivered by mail and private and commercial
interstate carriers for the purpose of executing such
scheme and artifice, in violation of 18 U.S.C. § 1341.

In violation of Title 18, United States Code, Section 1349.

**<u>COUNT FIVE: STATUTE INVOLVED - CONSPIRACY TO COMMIT
MAIL FRAUD AND WIRE FRAUD – (18 U.S.C. § 1349)</u>**

Title 18, United States Code, Section 1349 provides in
pertinent part:

> Any person who . . . conspires to commit any
> offense under this chapter [including a
> violation of 18 U.S.C. § 1341 and 18 U.S.C.
> § 1343] . . .

[shall be guilty of an offense against the United States].

The mail fraud statute, Title 18, United States Code, Section
1341, provides in pertinent part that:

> Whoever, having devised or intending to devise any
> scheme or artifice to defraud, or for obtaining money
> or property by means of false or fraudulent pretenses,
> representations, or promises, . . . and for the purpose
> of executing such scheme or artifice or attempting
> so to do, places in any post office or authorized
> depository or mail matter, any matter or thing whatever
> to be sent or delivered by the Postal Service, or
> deposits or causes to be deposited any matter or thing
> whatever to be sent or delivered by any private or
> commercial interstate carrier, or takes or receives
> therefrom, any such matter or thing, or knowingly causes
> to be delivered by mail or such carrier according to the
> direction thereon, or at the place at which it is
> directed to be delivered by the person to whom it is
> addressed, any such matter or thing . . .

[shall be guilty of an offense against the United States].

The wire fraud statute, Title 18, United States Code, Section
1343, provides in pertinent part that:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . .

[shall be guilty of an offense against the United States].

18 U.S.C. § 1349, 18 U.S.C. § 1341, 18 U.S.C. § 1343.

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**COUNT FIVE: ELEMENTS OF CONSPIRACY TO COMMIT**
**MAIL FRAUD AND WIRE FRAUD – (18 U.S.C. § 1349)**

For you to find the defendant guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

**FIRST:** That two or more persons, in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to commit mail fraud or wire fraud, as charged in Count Five of the Superseding Indictment; and

**SECOND:** That the defendant willfully became a member of such conspiracy.

18 U.S.C. § 1349; <u>United States v. Burfoot</u>, 899 F.3d 326, 335 (4th Cir. 2018).

## UNITED STATES PROPOSED INSTRUCTION NO. ___

## "CONSPIRACY" - DEFINED

The definition of conspiracy applies to Count One and Count Five as charged by the United States.

A conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and statements of every other member made in furtherance of their unlawful conspiracy.

For the conspiracies charged in the Count One and Count Five of the Superseding Indictment, the evidence need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished.

Similarly, the evidence need not establish that all of the means or methods set forth in the Superseding Indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

The essence of the crime of conspiracy is an agreement to commit a criminal act. But there does not have to be evidence that the agreement was specific or explicit. By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement. Therefore, the United States may prove a conspiracy by circumstantial evidence. Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. The conspiracy does not need a discrete, identifiable organizational structure. The fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy. The United States need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. It is sufficient if the defendant played only a minor part in the conspiracy. Thus, a variety of conduct can constitute participation in a conspiracy. Moreover, a defendant may change his role in the conspiracy. Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy. The United

States must produce evidence to prove the defendant's connection beyond a reasonable doubt, but the connection itself may be slight, because the defendant does not need to know all of his co-conspirators, understand the reach of the conspiracy, participate in all the enterprises of the conspiracy, or have joined the conspiracy from its inception.

So, if the defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joined in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he played only a minor part in the conspiracy.

A conspirator must intend to further an endeavor which, if completed, would [be a federal crime], but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the [criminal objective].

To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, or accident, or other innocent reason. To act willfully in a conspiracy means to act voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific

intent to fail to do something the law requires to be done. If a defendant or any other person, with understanding of the unlawful character of a plan, knowingly and intentionally encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he/she thereby becomes a knowing and willful participant -- a conspirator. One who knowingly joins an existing conspiracy is charged with the same responsibility as if he/she had been one of the originators or instigators of the conspiracy.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants.

A person cannot conspire with himself, and therefore you cannot find a defendant guilty unless you find that he participated in the conspiracy as charged with at least one other person.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons, and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, do not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

However, whenever it appears beyond a reasonable doubt from the evidence that a conspiracy existed, and that a defendant was one of the members of the conspiracy, then the statements and the acts by any other member may be considered as evidence against that defendant, even if he had no knowledge of the statements and acts, provided such statements and acts were knowingly made or done during and in furtherance of the conspiracy.

There may be conviction even though the conspirators may not have succeeded in accomplishing their common object or purpose and in fact may have failed in so doing.

The extent of a defendant's participation, moreover, is not determinative of his guilt or innocence.  A defendant may be convicted as a conspirator even though he may have played only a minor part in the conspiracy.

United States v. Fleschner, 98 F.3d 155, 159-60 (4th Cir. 1996), cert. denied, 521 U.S. 1106 (1997); Salinas v. United States, 522 U.S. 52, 65 (1997); United States v. Burgos, 94 F.3d 849, 869 (4th Cir. 1996) (en banc); Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, 18 U.S.C. § 371, at 60-62 (2020 Online Edition).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

<u>**SUCCESS OF CONSPIRACY IMMATERIAL**</u>

The United States is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

2 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31.08 (6th ed. 2008); <u>United States v. Molovinsky</u>, 688 F.2d 243 (4th Cir. 1982).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

<u>**CO-CONSPIRATORS' STATEMENTS**</u>

Whenever it appears from the evidence that a conspiracy existed, then the statements thereafter knowingly made and the acts thereafter knowingly done by any person likewise found to be a member of the conspiracy, may be considered by the jury as evidence in the case as to a defendant even though the statements and acts may have occurred in the absence and without the knowledge of that defendant, provided such statements and acts were knowingly made and done during the continuance of such conspiracy, and in furtherance of some object or purpose of the conspiracy.

However, statements made before the conspiracy began, after it ended or not in furtherance of the conspiracy, may be considered as evidence only against the person making them.

<u>Bourjaily v. United States</u>, 483 U.S. 171 (1987); <u>United States v.</u> <u>Leavis</u>, 853 F.2d 215, 219-20 (4th Cir. 1988); 2 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31.06 (6th ed. 2008).

## EVIDENCE OF CONSPIRACY

As stated earlier, a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and statements of every other member made in furtherance of their unlawful conspiracy.

Again, to act willfully in a conspiracy means to act voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done. So, if the defendant, or any other person, with understanding of the unlawful character of a plan, knowingly encourages, advises or assists, for the purpose of furthering the undertaking of conspiracy, he thereby becomes a willful participant -- a conspirator.

One who willfully joins an existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants.

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

**<u>DURATION OF A CONSPIRACY</u>**

You are instructed that a conspiracy once formed continues to exist until (1) it has accomplished its manifest purpose and objects, or (2) it is terminated by the withdrawal of the members of the conspiracy, evidenced by a clear showing of the intent of the conspirators to withdraw and no longer be a part of the conspiracy.

2 O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (6th ed. 2008).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**CONSPIRACY - PROOF OF MAILING OR WIRE NOT REQUIRED**

The crime of conspiracy to commit mail fraud or wire fraud does not require proof of a mailing or a wire communication. Instead, the crime of conspiracy to commit mail fraud or wire fraud requires, among other things, proof that the persons charged with the conspiracy reasonably contemplated the use of either the mail or a wire communication so that the persons charged intended mails or a communication be used in furtherance of the scheme or that the nature of the scheme was such that the use of the mail or a wire was reasonably foreseeable.

United States v. Edwards, 188 F.3d 230, 233-34 (4th Cir. 1999), cert. denied, 120 S. Ct. 968 (2000) (knowledge element in conspiracy charges generally) (citing United States v. Feola, 420 U.S. 671, 694-95 (1975)); United States v. Pereira, 347 U.S. 1, 8-9 (1954) (scienter element of mail fraud in particular).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**VENUE - CONSPIRACY TO COMMIT MAIL OR WIRE FRAUD**

Venue for Count Five of the Superseding Indictment, the conspiracy to commit mail or wire fraud, is proper in any district where the agreement was formed or in any district where any one of the conspirators engaged in an act in furtherance of the conspiracy. To convict the defendant of Count Five, you must find that venue for Count Five is proper within the Southern District of West Virginia. The United States is not required to show that all of the members of a conspiracy committed an act within the district of prosecution. So long as one conspirator committed an act within the district, venue is established as to all members of the conspiracy. The act(s) need not be substantial and could be as simple as telephone calls or other electronic transmission to or from the district.

Unlike all other elements that I have described, this is just a fact that the United States only has to prove by a preponderance of the evidence. This means the United States only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all other elements I have described must be proved beyond a reasonable doubt.

18 U.S.C. § 3237(a); Whitfield v. United States, 543 U.S. 209, 218 (2005); United States v. Ebersole, 411 F.3d 517, 525-27 (4th Cir. 2005); United States v. Jefferson, 562 F. Supp. 2d 695, 702-05 (E.D. Va. 2009); United States v. Bowens, 224 F.3d 302, 311 n.4 (4th Cir. 2000); United States v. Al-Talib, 55 F.3d 923, 928-29 (4th Cir. 1995).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**MULTIPLE OBJECT CONSPIRACY**

You will note that Count Five of the Superseding Indictment charges a multiple object conspiracy, for example that the defendant and others conspired to commit the offense of mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343.

It is not necessary for the United States to prove beyond a reasonable doubt that the conspiracy furthered both objects. Rather, the United States has properly charged different means of violating the statute and you need only find beyond a reasonable doubt that the defendant knowingly committed one of these acts, for example, conspired to commit the offense of mail fraud, in violation of 18 U.S.C. § 1341, or conspired to commit the offense of wire fraud, in violation of 18 U.S.C. § 1343.

United States v. Watlington, 287 F. App'x 257 (4th Cir. 2008); United States v. Bolden, 325 F.3d 471, 492 (4th Cir. 2003)(citing Griffin v. United States, 502 U.S. 46 (1991)); Eleventh Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 13.2 (2003 ed.); United States v. Montgomery, 262 F.3d 233, 242 (4th Cir.)("where a statute in the disjunctive, federal pleading requires the Government to charge in the conjunction."), cert. denied, 534 U.S. 1034 (2004); United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000); 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.07 (5th ed. 2000).

## COUNT FIVE: OBJECTS OF THE CONSPIRACY
## ELEMENTS OF MAIL FRAUD (18 U.S.C. § 1341) AND
## WIRE FRAUD (18 U.S.C. § 1343)

The defendant has been charged in Count Five of the Superseding Indictment with conspiracy to commit mail fraud and wire fraud.

In order to prove a defendant guilty of mail fraud, the United States must prove the following elements beyond a reasonable doubt:

**FIRST**:     That the defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material;

**SECOND**:  That defendant did so with the intent to defraud; and

**THIRD**:     For the purpose of executing or attempting to execute the scheme, the defendant used or caused the use of the mails, or the use of the mails were reasonably foreseeable to that defendant.

2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.03 (6th ed. 2009); Horn's Federal Criminal Jury Instructions for the Fourth Circuit, § 2.61 (2007 ed.); Neder v. United States, 527 U.S. 1, 24-25 (1999); United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (identifying four elements). United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001) (identifies only two essential elements of (1) a scheme to defraud and (2) the use of the mails or wire communication in furtherance of the scheme). Intent to defraud is inherently part of proving the scheme to defraud.

In order to prove a defendant guilty of wire fraud, the United States must prove the following elements beyond a reasonable doubt:

**FIRST**: That the defendant knowingly devised or knowingly participated in a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations or promises that were material;

**SECOND** That the defendant did so with the intent to defraud; and

**THIRD**: In advancing, or furthering, or carrying out this scheme to defraud, the defendant transmitted any writing, sign, signal, picture, or sound by means of a wire, radio, or television communication in interstate or foreign commerce or caused the transmission of any writing, sign, signal, picture, or sound of some kind by means of wire, radio, or television communication in interstate or foreign commerce.

However, in this case, the defendant was not charged with the commission of mail fraud or wire fraud. He was charged with conspiracy to commit mail fraud or wire fraud. Therefore, it is not necessary for the United States to prove the essential elements required for a conviction of mail fraud or wire fraud. The United States must prove only that defendant conspired with others to commit mail fraud or wire fraud. Furthermore, it is not necessary that the fraud be successful for you to find the defendant guilty of this offense.

18 U.S.C. § 1343; United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (identifies four elements); United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001) (identifies only the classic two essential elements of (1) a scheme to defraud and (2) the use of the mails or wire communication in furtherance of the scheme); United States v. Jefferson, 674 F.3d 332, 366 (4th Cir. 2012) (quoting United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006), for the proposition that wire fraud has two elements, but then noting that the district court "instructed the jury in rather more detail."); 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.07 (6th ed. 2009).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**"PRIVATE OR COMMERCIAL INTERSTATE CARRIER"**

A "private or commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state. If a message or other article is deposited with such a carrier it need not be proved that the message or article thereafter moved in interstate commerce from one state to another.

Eleventh Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 50.2 (2003 ed.); United States v. Photogrammetric Data Services, Inc., 259 F.3d 229, 247-48 (4th Cir. 2001), cert. denied, 535 U.S. 926 (2002).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

**SCHEME TO DEFRAUD/FALSE OR FRAUDULENT PRETENSES**

The phrase "any scheme or artifice to defraud" or "any scheme or artifice for obtaining money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

It is not necessary for the United States to prove that the defendant was actually successful in defrauding anyone or

successful in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not necessary for the United States to prove that anyone lost any money or property as a result of the scheme or plan to defraud or the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud or scheme or plan to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

United States v. Brewer, 401 F. Supp. 1085, 1088 (E.D.N.C. 1974), aff'd, 528 F.2d 492 (4th Cir. 1975) (it is not the success of the scheme that violates the statute, but rather the devising of the scheme to defraud); United States v. Brien, 617 F.2d 299, 307 (1st Cir. 1980); United States v. Townley, 665 F.2d 579 (5th Cir. 1982); United States v. Bohonus, 628 F.2d 1167 (9th Cir. 1980; Silverman v. United States, 213 F.2d 405 (5th Cir. 1954); 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.13 (6th ed. 2009).

## UNITED STATES PROPOSED INSTRUCTION NO. _____

### "INTENT TO DEFRAUD"

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self. It is not necessary, however, to prove that anyone was, in fact, defrauded, as long as it is established that the defendant acted with the intent to defraud or mislead. It is not necessary that the United States prove all of the details alleged in the Superseding Indictment concerning the precise nature and purpose of the scheme, or that the mailed material was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the mail or common carrier was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant under consideration knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the Second Superseding Indictment. The United States must prove that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless associated oneself with the alleged fraudulent scheme for the purpose of causing some loss to another.

The United States does not have to prove precisely when the intent to defraud first materialized. Nor does the United States have to prove that the fraud succeeded.

2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 47.14 (6th ed. 2009) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**"CAUSE"**

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, § III, 18 U.S.C. § 1343, at 252-57 (2020 Online Edition).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_**

**"ATTEMPT"**

To "attempt" an offense means willfully to take some substantial step in an effort to bring about or accomplish something the law forbids to be done.

A "substantial step" is a step which strongly corroborates the defendant's intent to commit the substantive offense. It is an act in furtherance of the criminal scheme. It must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed. The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.

United States v. Neal, 78 F.3d 901, 906 (4th Cir. 1996), cert. denied, 519 U.S. 855 (1996); United States v. Pratt, 351 F.3d 131, 135 (4th Cir. 2003), cert. denied, 541 U.S. 1053 (2004); 2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 21.03, 21.04 (6th ed. 2008) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

## "TRANSMITS . . . BY MEANS OF WIRE . . . COMMUNICATION IN INTERSTATE AND FOREIGN . . . COMMERCE" - DEFINED

The phrase "transmits or causes to be transmitted by means of wire, radio, or television communication in interstate commerce" means to send from one state to another or one country to another by means of telephone or telegraph lines or by means of radio or television. Use of the Internet to send emails, data, or files satisfies the interstate commerce element.

United States v. Fumo, Crim. A. No. 06-319, 2009 WL 1688482, at *8-9 (June 17, 2009 E.D. Pa.); United States v. Schade, Crim. A. No. 08-2388, 2009 WL 808308, at *3 (3d Cir. Mar. 30, 2009); United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997); 2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.08 (6th ed. 2009) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. _____**

**<u>"MATERIAL" - DEFINED</u>**

An act, statement, or omission is "material" if it has a natural tendency to influence, or is capable of influencing or misleading, the individual or institution to which it was directed. It is not necessary for the United States to prove, however, that the act or omission actually influenced or misled.[1]

---

[1]<u>United States v. Gaudin</u>, 515 U.S. 506, 509 (1995); <u>United States v. Arch Trading Co.</u>, 987 F.2d 1087, 1095 (4th Cir. 1993); <u>United States v. Whaley</u>, 786 F.2d 1231, 1232 (4th Cir. 1986); <u>United States v. Norris</u>, 749 F.2d 1116, 1121 (4th Cir. 1984); <u>Needer v. United States</u>, 527 U.S. 1, 22-24 (1999).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_\_**

### "PROPERTY" – DEFINED

"Property" is anything in which one has a right that can be assigned, traded, bought, and otherwise disposed of. The property of which a victim is deprived need not be tangible property and the United States does not have to prove that the victim suffered a financial loss. The United States need only prove that the victim was deprived of some right over that property, such as the right to exclusive use.

United States v. Gray, 405 F.3d 227, 234 (4th Cir. 2005).

## KNOWLEDGE OF AND USE OF MAILINGS AND WIRE COMMUNICATIONS

You are instructed that with regard to Count Five, conspiracy to commit mail fraud and wire fraud, is not necessary for the United States to prove that defendant personally made the mailings, or used a wire communication in interstate commerce or gave a specific instruction that a particular mailing or wire communication be made, or even that the defendant had knowledge of the particular mailings or wire communications alleged.

Rather, all the United States must prove in Count Five is the defendant was a knowing participant in a scheme to defraud and that the mailings or wire communications were used in some manner to carry out the scheme and the fact that the mails or wires would be so used was either known or reasonably foreseeable to the defendant at that time.

Where one does an act with knowledge that the use of the mails or wires will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he "causes" the mails or wires to be used.

United States v. Bonnette, 663 F.2d 495, 498 (4th Cir. 1982); Pereira v. United States, 347 U.S. 1, 8-9 (1954).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

**MAILINGS AND WIRE COMMUNICATIONS IN FURTHERANCE OF SCHEME**

Mailings and wire communications are considered to be in furtherance of the scheme if they are sufficiently closely related to the scheme. It is not necessary that the use of the mails or wire communications was itself essential to the scheme or that the success of the scheme actually depended on the mailings or wire communications. The relevant question at all times is whether the mailing or wire communication is part of the execution of the scheme as conceived by the perpetrator at the time, regardless whether the mailing or wire communication later, through hindsight, may prove to have been counterproductive and return to haunt the perpetrator of the fraud. The mail fraud and wire fraud statutes include no guarantee that the use of the mails or wire communications for the purpose of executing a fraudulent scheme will be risk free. Those who use the mails or wire communications to defraud proceed at their peril. The mailings or wire communications may be innocuous if they are part of a larger scheme and will support conviction if they assist in the scheme's completion or help prevent its detection.

Schmuck v. United States, 489 U.S. 705 (1989); United States v. Maze, 414 U.S. 395, 399 (1974); United States v. LaFerriere, 546 F.2d 182, 188 n.6 (5th Cir. 1977); United States v. Green, 786 F.2d 247, 249 (7th Cir. 1986); United States v. Lane, 474 U.S. 438, 451-52 (1986).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_\_**

**MAILING AND WIRE COMMUNICATIONS NEED NOT BE FRAUDULENT**

The document mailed and the information transmitted by means of wire, radio or television communication in interstate commerce, need not itself disclose any intent to defraud, nor show on its face that it was mailed in furtherance of a scheme to defraud or, in the case of wire communications, that it contained any false or fraudulent pretense, representation or promise, or that it was wired in furtherance of a scheme to defraud.

But, it is necessary with regard to Count Five that the evidence in the case establish beyond reasonable doubt that the mailing or wire communication furthered the scheme to defraud.

United States v. Maze, 414 U.S. 395, 399-400 (1974); United States v. Contenti, 735 F.2d 628, 631 (lst Cir. 1984); United States v. Brien, 617 F.2d 299, 311-12 (lst Cir. 1980); United States v. Galloway, 664 F.2d 161, 163 (7th Cir. 1982); United States v. Bohonus, 628 F.2d 1167, 1173 (9th Cir. 1980).

**UNITED STATES PROPOSED INSTRUCTION NO. __**

**<u>INTERSTATE TRANSPORTATION OF STOLEN GOODS</u>**
**<u>(18 U.S.C § 2314)</u>**

Title 18, United States Code, Section 2314 provides in pertinent part:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise . . . of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud . . .

[shall be guilty of an offense against the United States].

18 U.S.C. § 2314.

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

**ELEMENTS OF INTERSTATE TRANSPORTATION OF
STOLEN GOODS - (18 U.S.C. § 2314)**

Now, I will define the elements of interstate transportation
of stolen goods (18 U.S.C. § 2314).

In order to find a defendant guilty of interstate
transportation of stolen goods, in violation of 18 U.S.C. § 2314,
the United States must prove each of the following elements beyond
a reasonable doubt:

**FIRST:** That the defendant transported, transmitted, or
transferred in interstate or foreign commerce
any goods, wares or merchandise;

**SECOND:** That the goods, wares or merchandise had a value
of $5,000 or more; and

**THIRD:** That the defendant knew that the goods, wares
or merchandise had been stolen, converted, or
taken by fraud.

18 U.S.C. § 2314; <u>Dowling v. United States</u>, 473 U.S. 207, 214
(1985); <u>United States v. Hale</u>, 857 F.3d 158 (4th Cir. 2017);
3 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction
54-22 (2019)(modified).

## FIRST ELEMENT – PROPERTY WAS STOLEN, CONVERTED, OR TAKEN BY FRAUD

The first element the United States must prove beyond a reasonable doubt is that the property was stolen, converted, or taken by fraud.

The first thing you must determine is whether the property constitutes goods, wares, or merchandise. "Goods, wares, or merchandise" means personal property that has some sort of tangible existence and that is ordinarily a subject of commerce.

Next, you must determine whether the property was stolen, converted, or taken by fraud.

The term "stolen" refers to the taking of any goods, wares, merchandise, securities or money with the intent to deprive the owner of the use or benefits of ownership.

The phrase "converted" means to take goods, wares, merchandise, securities, or money for one's own use by any dishonest or illegal means. For example, if a person has received money in exchange for specific services, and he does not perform those services and instead retains the money for his own use, he has converted the money.

The term "taken by fraud" refers to goods, wares, merchandise, securities, or money taken from its owner, through

misrepresentations or deceit, with the intent to deprive the owner of the use or benefits of ownership.

For the purposes of this case, it is not necessary that you know, or are able to determine, who stole, converted, or fraudulently obtained the property. While you must decide beyond a reasonable doubt that the particular property was stolen, you do not have to determine who stole it, or that the defendant knew who stole it. The United States need not prove that the defendant personally stole the property from the owner. However, you must determine whether the defendant intentionally deprived the owner of this property of the rights and benefits of ownership, without the owner's consent. In considering whether the defendant acted "intentionally," you should give the word its ordinary meaning of acting deliberately, or purposely, as opposed to acting by mistake or carelessness.

Any illegal or dishonest misrepresentation or taking of property that deprives the owner of his property without his consent is considered "stealing, conversion, or taking by fraud." The property does not have to be taken permanently, and the misrepresentation or taking does not have to result in monetary loss to the owner. What you must decide, and what the United States must prove beyond a reasonable doubt, is whether, at the time the defendant acquired possession of the property, he intended to take

it for his own use, and if so, whether he did so without the permission of the owner.

3 L. Sand, et al., Modern Federal Jury Instructions, Instruction 54-23 (2019); 2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 59.13 (6th ed. 2010).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

**WITHOUT OWNER'S CONSENT**

You must determine whether the defendant intentionally deprived the owner of the property of the rights of ownership without the owner's consent. It is not necessary that the United States prove that illegal methods were used to gain possession of the property, or that the owner never permitted the defendant to use the property. The United States satisfies its burden of proving the property was stolen, converted, or taken by fraud if it proves beyond a reasonable doubt that the defendant converted the property to his own use, against the owner's wishes, even if the defendant initially got the property lawfully.

In considering whether the defendant's acquisition of the property was against the owner's wishes, you may take into account any friendship or business relationship between the defendant and the owners.

3 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 54-24 (2019).

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**INFERENCE FROM "CLOSELY GUARDED" PROPERTY**

The United States must prove, beyond a reasonable doubt, that the defendant stole, converted, or fraudulently obtained the goods, wares or merchandise. Your decision whether the property was stolen may be based, at least in part, on circumstantial evidence. You may look at the situation and rely on your own experiences to help you determine whether the property was stolen.

You have heard testimony and received evidence that the property was normally closely guarded, and that it has disappeared without an explanation. If you find that the property was normally closely guarded and that it disappeared without an explanation, then you may find that the property was stolen. However, you do not have to make this finding, and the fact that I am telling you about the connection between the unexplained disappearance of closely guarded property and the conclusion that the property was stolen does not mean that I am encouraging you to make it. Remember that, at all times, the United States has the burden of proving beyond a reasonable doubt that the property was stolen.


3 L. Sand, et al., Modern Federal Jury Instructions, Instruction 54-25 (2019).

**UNITED STATES PROPOSED INSTRUCTION NO. _____**

## SECOND ELEMENT — TRANSPORTATION IN INTERSTATE OR FOREIGN COMMERCE

The second element the United States must prove beyond a reasonable doubt is that the property was transported, transmitted or transferred in interstate commerce.

Simply stated, the phrase "transported in interstate commerce" means that the stolen goods, wares or merchandise moved from one state to another or between the United States and a foreign country. For example, if a person caused merchandise to be driven from one state to another or from the United States to another country, he has transported or transmitted goods, wares or merchandise from one state to another.

If you find that the property was stolen in one state and was in the defendant's possession in another state, then you may—but need not—infer that the property has traveled in interstate commerce.

The defendant need not have intended or known of the property's transport in interstate commerce. Nor is it required that the defendant actually have physically transported the property across state lines. The United States satisfies its burden of proving transportation in interstate commerce if it proves beyond a reasonable doubt that the defendant caused the property's

transport across state lines, or performed a substantial step in furtherance of its journey. For example, if the United States shows that the defendant cashed a stolen check at an out-of-state bank and the check was then mailed across state lines to the original bank in accordance with normal banking practices, then you may find the defendant caused the transportation of stolen property in interstate commerce.

18 U.S.C. § 10; 3 L. Sand, et al., Modern Federal Jury Instructions, Instruction 54-26 (2019)(modified); 2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 59.14 (6th ed. 2010).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**THIRD ELEMENT – KNOWLEDGE THAT THE PROPERTY WAS STOLEN,**
**CONVERTED, OR TAKEN BY FRAUD AT THE TIME OF TRANSPORT**

The third element the United States must prove beyond a reasonable doubt is that the defendant knew at the time of its interstate transport that the property was stolen, converted, or taken by fraud.

In deciding whether the defendant knew that the property was stolen, converted, or taken by fraud at the time it was transported from one state to another or between the United States and a foreign country, you must focus on his actual knowledge at that time.

Your decision whether the defendant acted knowingly at the time the stolen property was transported involves a decision about the defendant's state of mind at the time the journey through interstate commerce occurred. It is obviously impossible to ascertain or prove directly the operation of the defendant's mind. You cannot look into a person's mind to see what his state of mind is or was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy the extent of the defendant's knowledge.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder, more clearly, than words. Therefore, you may well rely in part on circumstantial evidence in determining the extent of the defendant's knowledge.

Look at the defendant's actions in their particular contexts. Was a business transaction conducted in an irregular manner? What were the circumstances of the defendant's conduct subsequent to the interstate transport? You must examine the acts, conduct, and surrounding circumstances of a given situation to help you determine the extent of the defendant's knowledge.

3 L. Sand, et al., Modern Federal Jury Instructions, Instruction 54-27 (2019).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

**INFERENCE RAISED BY POSSESSION**

Your decision whether the defendant knew that the property was stolen, converted, or taken by fraud at the time of its interstate transport must be based, at least in part, on circumstantial evidence. You may rely on your own experiences and examine the situation and the actions of the people involved to help you determine what the defendant's state of mind was. If you decide that the property was stolen, and that it traveled in interstate commerce, then an important piece of circumstantial evidence for you to consider in deciding whether the defendant knew the property was stolen is the fact that the defendant was in possession of the recently stolen property.

You have heard testimony and received evidence that the defendant was in possession of the recently stolen property. I instruct you that you may—but need not—find from the defendant's possession of the property that he knew it was stolen at the time of its transport through interstate commerce.

When I refer to the property as "recently" stolen, you should give the word "recently" its ordinary, everyday meaning. It is a relative term with no fixed meaning. The longer the period since the theft, the weaker the connection between the defendant's unexplained possession of the property and the defendant's

knowledge that the property was stolen. The fact that the property was recently stolen is a factor for you to consider in examining the circumstances surrounding the defendant's possession of the property and deciding what conclusions, if any, you wish to draw from that possession.

You may, of course, consider any explanation the defendant has offered to explain his possession of the property. Possession may be satisfactorily explained through other circumstances or other evidence independent of any testimony by the defendant. It is for you to determine the reasonableness of the defendant's explanation. However, keep in mind that the defendant is not required to offer any explanation at all.

Let me emphasize again that you are not required to make the connection between the defendant's unexplained possession of recently stolen property and his knowledge that the property was stolen. The mere fact that I am telling you about this connection does not mean that I am encouraging you to make it. You have the right to reject this connection if you deem it appropriate to do so, even if you find that the defendant was in possession of the property in question and that no satisfactory explanation of his

possession has been presented. Remember that at all times, the United States has the burden of proving beyond a reasonable doubt that the defendant knew that the property was stolen.

3 L. Sand, et al., Modern Federal Jury Instructions, Instruction 54-28 (2019).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

**FOURTH ELEMENT – VALUE OF PROPERTY**

The fourth element the United States must prove beyond a reasonable doubt is that the property had a value of at least $5,000.

The term "value" means the face, par, or market value, whichever is the greatest, and the aggregate value of all goods, wares and merchandise referred to in a single indictment shall constitute the value thereof.

Market value is simply what a willing buyer would pay a willing seller.

It does not matter if you find the defendant actually received less than $5,000 for the goods, wares or merchandise. If the evidence shows, and you find beyond a reasonable doubt that the property's total face, par, or market value was $5,000, then this element of the offense is satisfied.

18 U.S.C. § 2311; United States v. Markus, 721 F.2d 442 (3d Cir. 1983); Schaffer v. United States, 362 U.S. 511 (1960); United States v. Honey, 680 F.2d 1228 (8th Cir. 1982); United States v. Perry, 638 F.2d 862 (5th Cir. 1981); United States v. Jones, 432 F. Supp. 801 (E.D. Pa. 1977), aff'd sub nom. United States v. Moore, 571 F.2d 154 (3d Cir. 1978); 2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 59.15 (6th ed. 2010)(modified); 3 L. Sand, et al., Modern Federal Jury Instructions, Instruction 54-29 (2019)(modified).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

**"WILLFUL BLINDNESS"**

The United States may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  A finding beyond reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit the jury to infer knowledge.  Stated another way, a defendant's knowledge of a particular fact may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

One may not willfully or intentionally remain ignorant of a fact material or important to his conduct to escape the consequences of criminal law.  If you find beyond a reasonable doubt that the defendant was aware of a certain fact but he deliberately and consciously avoided confirming this fact so he could deny knowledge if apprehended, then you may treat this deliberate avoidance as the equivalent of knowledge, unless you find the defendant actually believed this fact not to be true.  A showing of negligence, mistake or even foolishness on the part of the defendant is not enough to support an inference of knowledge.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and the inferences to be drawn from any such evidence.

You may not infer that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.


1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 17.09 (6th ed. 2008); United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997); United States v. Hopkins, 53 F.3d 533 (2d Cir. 1995), cert. denied, 516 U.S. 1072 (1996); United States v. Gordon, 754 F. App'x. 171 (4th Cir. 2018) (jury could infer defendant willfully avoided learning that funds came from illegal activity by failing to ask questions of person who supplied the funds, or notice obvious red flags raised by the odd nature of transactions) (evidence at trial supported both actual knowledge and willful blindness; if jury concluded defendant lacked actual knowledge as to the nature of the funds, they could conclude he willfully avoided learning this fact); United States v. Campbell, 977 F.2d 854, 859 (4th Cir. 1992) (real estate agent willfully blind to client's use of drug proceeds to purchase house); United States v. Campbell, 977 F.2d 854, 859 (4th Cir. 1992) (real estate agent willfully blind to client's use of drug proceeds to purchase house); United States v. Vinson, 852 F.3d 333, 357 (4th Cir. 2017) (where evidence suggested, "at a minimum," defendant failed to ask questions that might have incriminated him, trial court acted well within its discretion in giving willful blindness instruction); United States v. Hoffler-Riddick, No. 4:05cr9, 2006 WL 2381859, *5 (E.D. Va. Aug. 16, 2006) (person who has a "strong suspicion" that the money a drug dealer is using to conduct a financial transaction is drug proceeds is willfully blind if she deliberately avoids learning the truth) ("a willful blindness instruction is appropriate even when there is evidence of both actual knowledge and deliberate ignorance"); aff'd in part, rev'd in part, & remanded by 253 F. App'x. 249 (4th Cir. 2007); United States v. Sterling, 701 F. App'x. 196 (4th Cir. 2017) (willful blindness instruction appropriate where defendant in lottery scam received

large sums of cash and wire transfers from persons she did not know and subsequently transferred most of those funds to co-conspirators in Jamaica; evidence also showed defendant's fax machine was used in the middle of the night to send documents furthering the lottery scam); <u>United States v. Nicholson</u>, 176 F. App'x. 386, 400 (4th Cir. 2006) (willful blindness instruction as to defendant's knowledge of the source of the money she used to buy a house was appropriate where the money came from defendant's son, who dealt drugs from defendant's home and had no other visible source of income); <u>United States v. Hatcher</u>, 132 F. App'x. 468, 475 (4th Cir. 2005) ("a willful blindness instruction is appropriate even when there is evidence of both actual knowledge and deliberate ignorance"); <u>United States v. Hatcher</u>, 132 F. App'x. 468, 475 (4th Cir. 2005) ("a willful blindness instruction is appropriate even when there is evidence of both actual knowledge and deliberate ignorance"); <u>United States v. Matai</u>, 173 F.3d 426 (4th Cir. 1999) (Table) (willful blindness instruction appropriate where there is evidence of deliberate ignorance even though there is also evidence of actual knowledge).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_\_**

**<u>DEFINITIONS: WORDS AND TERMS</u>**

**<u>"KNOWINGLY"</u>**

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The purpose of adding the word "knowingly" is to ensure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

**<u>"WILLFULLY"</u>**

The word "willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids: that is to say, with bad purpose either to disobey or disregard the law.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 17.04, 17.05 (6th ed. 2008).

## UNITED STATES PROPOSED INSTRUCTION NO. ____

## PREPARATION OF WITNESSES

Some mention has been made of the preparation of witnesses to testify by the Assistant United States Attorney. There is nothing wrong with a lawyer preparing a witness to testify. As a matter of fact, if the lawyers did not do some preparation, this case would be much longer than it has been. It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness. You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness' testimony. You may also consider whether any such meeting did, in fact, influence the testimony of the witness.

Federal Criminal Jury Instructions of the Seventh Circuit, § 3.02 (2020 ed.).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

**TESTIMONY OF IMMUNIZED WITNESSES**

You have heard the testimony of one or more witnesses who testified under an agreement with the United States that gives him/her what is called "use immunity." What this means is that the testimony of the witness may not be used against him/her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the use immunity agreement.

You are instructed that the United States is entitled to call, as a witness, a person who has entered into a use immunity agreement with the United States and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

1 L. Sand, et al., Modern Federal Jury Instructions, §§ 7-8, 7-9 (2011) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**PERSONS NOT ON TRIAL**

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the United States can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

Sixth Circuit Pattern Jury Instructions, Criminal, Instruction No. 3.06 (2005 rev. ed.) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

## <u>PROOF OF KNOWLEDGE OR INTENT - RULE 404(b) EVIDENCE</u>

You have heard evidence that the defendant previously committed acts similar to the one charged in this case. Such evidence may be considered for the purpose of determining the element of intent, motive, plan, knowledge or absence of mistake. If you are convinced beyond a reasonable doubt, based on other evidence introduced, that the defendant did carry out the acts involved in the crime charged here, then you may use this evidence concerning previous acts to decide whether the defendant had the state of mind or intent necessary to commit the crimes charged in the Superseding Indictment.

Remember, even if you find that the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issue of knowledge or intent.

<u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988); <u>United States v. Von Foelkel</u>, 136 F.3d 339 (2d Cir. 1998); Fed. R. Evid. 404(b).

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**<u>CHARTS OR SUMMARIES</u>**

The exhibits which have been introduced and admitted into evidence are a part of the case and you are to consider them in the same manner as other evidence in the case. However, exhibits offered as evidence and not admitted by the court are not to be considered by you at all.

In this connection, I charge you that certain exhibits referred to as schedules or summaries have been admitted into evidence. Strictly speaking, these exhibits are not actual evidence, but are admitted as summaries of other evidence in the case and are admitted only for your assistance and convenience in considering the other evidence which they purport to summarize.

In other words, the charts or summaries are used only as a matter of convenience. These summaries have no independent value, and you should consider them only insofar as you have concluded that they accurately reflect the documents and testimony actually

introduced into evidence.  If you find that the summaries do not accurately reflect the evidence in this case, you are to disregard them entirely.

Fed. R. Evid. 1006; <u>United States v. Scales</u>, 594 F.2d 558, 562-64 (6th Cir.), <u>cert. denied</u>, 441 U.S. 946 (1979); <u>United States v. Lattus</u>, 512 F.2d 352, 353 (6th Cir. 1975); <u>United States v. Rath</u>, 406 F.2d 757, 758 (6th Cir.), <u>cert. denied</u>, 394 U.S. 920 (1969); <u>United States v. Bartone</u>, 400 F.2d 459, 461 (6th Cir. 1968), <u>cert. denied</u>, 393 U.S. 1027 (1969).

## UNITED STATES PROPOSED INSTRUCTION NO. ____

### EXPERT WITNESS

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. Although you may not arbitrarily disregard the testimony of an expert witness, if you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion.

United States v. Burgess, 691 F.2d 1146, 1155-1156 (4th Cir. 1982); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 14.01 (6th ed. 2008).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**"ON OR ABOUT" AND "IN OR AROUND" - PROOF OF**

You will note the Superseding Indictment charges that the offenses were committed "on or about" or "in or around" certain dates or time periods.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. 2008) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**"IN OR NEAR" -- PROOF OF**

You will note the Superseding Indictment charges that the offenses were committed "in or near" a certain location.  The proof need not establish with certainty the exact location of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed at a location reasonably near the location alleged.

**UNITED STATES PROPOSED JURY INSTRUCTION NO. ___**

**EVIDENCE INFERENCES - DIRECT AND CIRCUMSTANTIAL**

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact. If one fact or group of facts on the basis of common sense and common experience leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what her purpose was, circumstantial evidence is often an important means of proving what the state of mind was at the time of the events in question. Sometimes it is the only means of proving state of mind.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts which have been established by the evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 12.04, 12.05 (6th ed. 2008) (modified); <u>United States v. Dizdar</u>, 581 F.2d 1031, 1036-37 (2d Cir. 1978).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

## <u>CONJUNCTIVE-DISJUNCTIVE</u>

You will find that the Superseding Indictment is charged in the conjunctive, meaning that it uses the word "and" between two elements of the offense. However, the law may not require proof of both elements. Therefore, you should be guided by this Court's instructions as to the actual elements that must be proven.

<u>United States v. Montgomery</u>, 262 F.3d 233, 242 (4th Cir.)("where a statute in the disjunctive, federal pleading requires the Government to charge in the conjunctive."), <u>cert. denied</u>, 534 U.S. 1034 (2004); <u>United States v. Simpson</u>, 228 F.3d 1294, 1300 (11th Cir. 2000); 2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 64.07 (6th ed. 2010).

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**CONSCIOUSNESS OF GUILT/CONCEALMENT**

Statements knowingly and voluntarily made by defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that he did not commit a crime. Fear of law enforcement, reluctance to become involved, and simple mistake

may cause a person who has committed no crime to give such a statement or explanation.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 14.06 (6th ed. 2008) (modified); <u>United States v. Hart</u>, 273 F.3d 363, 373 (3d Cir. 2001).

**UNITED STATES PROPOSED INSTRUCTION NO. ____**

**<u>IGNORANCE OF THE LAW - NO DEFENSE</u>**

It is not necessary for the United States to prove that the defendant knew at the time the acts were committed, as alleged in the Superseding Indictment, that the acts violated the laws of the United States. Ignorance of the law is not a defense to the offenses charged in the Superseding Indictment.

<u>United States v. Wilson</u>, 133 F.3d 251, 261 (4th Cir. 1997).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**STATEMENTS OF COUNSEL AND STIPULATIONS**

Statements and arguments of counsel are not evidence in the case. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may, however, accept the stipulation as evidence, and regard that fact as being proven. You are not bound by stipulations, however, because the jury alone decides the facts and their importance to the case.

United States v. Muse, 83 F.3d 672, 678 (4th Cir.), cert. denied, 519 U.S. 904 (1996).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

**TAPES AND TRANSCRIPTS**

Audio recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these audio recorded conversations have been furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The recordings themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the recordings is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the transcripts.

If you cannot, for example, determine from the audio recording that particular words were spoken or if you cannot determine from the audio recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.


1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 11.10 (6th ed. 2008); <u>United States v. Meredith</u>, 824 F.2d 1418, 1428 (4th Cir. 1987); <u>United States v. Collazo</u>, 732 F.2d 1200, 1203 (4th Cir. 1984); <u>United States v. Long</u>, 651 F.2d 239, 243 (4th Cir. 1981); <u>United States v. Bryant</u>, 480 F.2d 785, 79 (2d Cir. 1973).

**UNITED STATES PROPOSED INSTRUCTION NO. \_\_\_**

**"SYMPATHY"**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Superseding Indictment and the denial made by the Not Guilty plea of the defendant. This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party. You are not permitted to be governed by sympathy or public opinion. Both the defendant under consideration and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.01 (6th ed. 2008) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. ___**

**<u>JUDICIAL NOTICE</u>**

During the course of this trial, the Court took judicial notice of the fact that Cross Lanes is located in Kanawha County, West Virginia, within the Southern District of West Virginia. We know this to be true.

Since this is a criminal case, you may, but are not required to accept as conclusive, any facts of which the Court has taken judicial notice. If you choose to accept, as conclusive, any facts which the Court has judicially noted, then such facts may be regarded as evidence in the case without further proof, and are to be weighed by you along with other evidence in the case.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (6th ed. 2008) (modified).

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES PROPOSED JURY INSTRUCTIONS" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 6th day of July, 2021 to:

Timothy J. LaFon
CICCARELLO DELGIUDICE & LAFON
1219 Virginia Street, East, Suite 100
Charleston, WV 25301-2912
tlafon@cdlwv.com

/s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov

/s/ Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov