**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                CRIMINAL ACTION NO. 2:20-cr-00054

NEDELTCHO VLADIMIROV,

              Defendant.

**ORDER**

The Court has reviewed the Defendant's *Motion in Limine No. 1* (Document 79), *Motion in Limine No. 2* (Document 80), *Motion in Limine No. 3* (Document 81), *Motion in Limine No. 4* (Document 82), *Motion in Limine No. 5* (Document 83), the *Response of the United States to Defendant's Motion in Limine No. 1* (Document 89), *Response of the United States to Defendant's Motion in Limine No. 2* (Document 90), *Response of the United States to Defendant's Motion in Limine No. 3* (Document 91), *Response of the United States to Defendant's Motion in Limine No. 4* (Document 92), and *Response of the United States to Defendant's Motion in Limine No. 5* (Document 93).  For the reasons stated herein, the Court finds that all of the motions in limine should be denied.

The Defendant was charged by a three-count Indictment, filed on March 10, 2020, with wire fraud conspiracy, interstate transportation of stolen goods, and international money laundering.  On February 24, 2021, a Superseding Indictment was filed, charging the Defendant with money laundering conspiracy, three counts of money laundering, and fraud conspiracy.  Trial

in this matter is scheduled to begin July 19, 2021.   On June 29, 2021, the Defendant filed five motions in limine.  The United States filed responses to those motions on July 6, 2021.   The motions are ripe for review.

### A.  Motion in Limine No. 1

The Defendant moves to exclude overview testimony and evidence from investigators, arguing that such evidence would not be first-hand information but would instead be improper hearsay.   In particular, the Defendant argues that such testimony would contain improper conclusions that could only be based on hearsay statements or documents that have not been properly authenticated.   The United States claims that it intends to call investigators who will only testify as to information that they directly obtained and observed, and that, therefore, the investigators are fact witnesses, not overview witnesses.

The Court finds the Defendant's motion to exclude overview evidence from investigators should be denied as moot.   Of course, hearsay evidence may not be offered except under one of the recognized exceptions. The investigators are permitted to testify as to what they obtained and/or directly observed.   Further, the Government has indicated that it will not present "overview evidence".

### B.  Motion in Limine No. 2

The Defendant seeks to preclude the United States from using the terms "boosters" or "fence" in the trial of this matter.   The term "booster" is used to represent individuals that sell stolen items to a "fence" for low prices.    These terms are used by investigators or law enforcement officers.   The Defendant argues that the use of these terms is prejudicial.   The Government asserts that it is alleging that the Defendant functioned as a "fence" and the "boosters" were his

co-conspirators.   The Government further acknowledges that it shoulders the burden of proof to show beyond a reasonable doubt that this was the scheme the Defendant was operating, and also carries the burden of explaining the meaning of the terms to the jury.

The Court finds the motion to exclude use of the terms "booster" or "fence" should be denied.   The terminology originates with investigators who use those terms to describe specific individuals and/or their roles in specific schemes. The Defendant has failed to demonstrate how these technical terms, used by investigators, would be unfairly prejudicial.

*C.  Motion in Limine No. 3*

The Defendant seeks to preclude conclusory statements by witnesses that the Defendant "knew" the items he was selling on E-bay were stolen.   Particularly, the Defendant seeks to limit witnesses, without foundation, from setting forth circumstances as to why they believed the Defendant knew the items were stolen because such testimony would be speculative.   The United States acknowledges that questions at trial asking a witness what the Defendant "knew" would call for improper speculation.   However, the United States argues that it can establish inferences from the surrounding facts and circumstances showing that the Defendant knew or should have known that the items were stolen.

The Defendant's motion seeking to limit statements about whether the Defendant knew the items he was selling on E-bay were stolen should be generally denied.   The admissibility of such statements depends on the testimony solicited from the witness and the foundation, if any, set forth in the evidence prior to the witness' testimony.   Therefore, the Court will issue rulings on the admissibility at the time an objection is made.   Of course, questions designed to elicit improper speculation from witnesses will not be permitted.

### D.  Motion in Limine No. 4

The Defendant moves this Court to limit the United States' ability to enter conclusory statements by bankers that certain financial transactions conducted by the Defendant were for the purpose of money laundering.   Specifically, the Defendant argues that bankers could not know the purpose of such transactions and, therefore, such testimony would be conclusory.   The United States asserts that it does not intend to question bankers about the purposes behind transactions, but instead intends to ask a Financial Analyst to testify as to his examination of bank records.

The Court finds the motion should be denied as moot given the United States' position that it has no intention of asking a banker whether the Defendant's banking transactions were done for the purpose of money laundering.

### E.  Motion in Limine No. 5

The Defendant moves this Court to limit the United States' ability to discuss or present evidence of text messages or emails allegedly from the Defendant unless the same have been properly authenticated pursuant to Rule 901 of the Federal Rules of Evidence.   The United States asserts that it does not intend to discuss text messages or emails in its opening statement, and acknowledges that, generally, text messages and emails must be properly authenticated before being entered into evidence.   However, the United States argues that such issues are better addressed at trial through objections than with a general order prohibiting such evidence.

The Court agrees that determining whether evidence has been properly authenticated is better addressed at trial.   As with all evidence, the Court will rule on objections to admissibility given the foundation that has been laid when and if it is offered, in keeping with the Rules of Evidence.   The motion should be generally denied.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Motion in Limine No. 1* (Document 79), *Motion in Limine No. 2* (Document 80), *Motion in Limine No. 3* (Document 81), *Motion in Limine No. 4* (Document 82), and *Motion in Limine No. 5* (Document 83) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        July 7, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA