IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 2:20-cr-00054

**NEDELTCHO VLADIMIROV**

MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PRIOR CONVICTION

The United States of America requests the Court to enter an order prohibiting the introduction of any evidence at trial concerning witness Steven Anderson's nineteen-year-old burglary conviction.

Generally, a witness's creditability may only be attacked by testimony about the witness's reputation for having a character for truthfulness. Fed. R. Evid. 608(a). Except for a criminal conviction, extrinsic evidence is not admissible to prove specific instances of a witness's conduct to attack a witness's character for truthfulness. Fed. R. Evid. 608(b).

Rule 609 permits attacking a witnesses' character for truthfulness by evidence of a felony criminal conviction. See Fed. R. Evid. 609(a)(1) (providing that such a conviction must be admitted, subject to Rule 403). However, a conviction that is more than ten years old is only admissible if it's probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and appropriate notice of intent to use the conviction at trial is given. See Fed. R. Evid. 609(b).

Here, Steven Anderson's nineteen-year-old conviction for burglary is not probative of his character for truthfulness. Therefore, it's probative value cannot be outweighed by its prejudicial effect. On February 8, 2002, Anderson was convicted of burglary of a post office under 18 U.S.C. § 2115, which provides:

> Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2115.

In pleading guilty to this crime, it was not necessary for Steven Anderson to admit to a dishonest act or false statement. Therefore, the nineteen-year-old conviction is not probative of Steven Anderson's character for truthfulness.

Furthermore, "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." United States v. Sims, 588 F.2d 1145, 1150 (6th Cir. 1978) (probative value of a 21-year-old burglary conviction and a 12-year-old conviction for transporting a stolen motor vehicle were substantially outweighed by their prejudicial effect).

Defendant does not rebut the presumption because, among other things, Steven Anderson has other felony convictions within the past ten years.[1] Therefore, impeaching Anderson with a felony conviction older than ten years is unnecessary and prejudicial.

---

[1] The United States is aware that Anderson has a February 13, 2020, felony conviction for theft of property $2,500 to $5,000, and a November 20, 2014, felony conviction for fleeing and eluding,

The Court should grant the United States' motion in limine and enter an Order prohibiting the introduction of any evidence at trial concerning witness Steven Anderson's nineteen-year-old burglary conviction.

        Respectfully submitted,

        LISA G. JOHNSTON
        Acting United States Attorney

By:

        /s/Andrew J. Tessman
        ANDREW J. TESSMAN
        Assistant United States Attorney
        WV State Bar No. 13734
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        E-mail: andrew.tessman@usdoj.gov

        /s/Erik S. Goes
        ERIK S. GOES
        Assistant United States Attorney
        WV Bar No. 6893
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: erik.goes@usdoj.gov

---

in violation of Ohio Rev. Code § 2921.331B, and resisting arrest, in violation of Ohio Rev. Code § 2921.33.

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CONVICTION," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 15th day of July, 2021 to:

>Timothy J. LaFon
>CICCARELLO DELGIUDICE & LAFON
>1219 Virginia Street, East, Suite 100
>Charleston, WV 25301
>E-mail: tlafon@cdlwv.com

>/s/Andrew J. Tessman