IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO.    2:20-cr-00054

**NEDELTCHO VLADIMIROV**

**AMENDED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
SOUTH CHARLESTON POLICE DEPARTMENT COVER PAGE**

The United States requests that the Court enter an order prohibiting the introduction of any evidence at trial concerning a cover page to a South Charleston Police Department police report.

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Federal Rule of Evidence 403, relevant evidence may be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the United States has become aware of the possibility that the defendant may attempt to use a cover page to South Charleston Police Department police report at trial to suggest that the prosecution of the defendant is somehow motivated by animus toward people from the nation of Bulgaria. The undersigned counsel is attaching a copy of the cover page to this motion for the Court's review.

The United States does not know anything about the circumstances of the creation of the document in question. There are only two witnesses from the South Charleston Police Department on the witness list, and neither officer had ever seen it before or knew of its existence prior to the undersigned counsel showing it to them. The report was received from the South Charleston Police Department at the beginning of the federal investigation into the defendant's conduct. However, we do not know who created it or why it was created.

The South Charleston police report in question has no relevance to the underlying federal investigation into the defendant's conduct in this case. The undersigned attorney produced it in its initial discovery production because it contained material concerning the defendant, and it was received by our office at some point in the beginning of the federal investigation. The witnesses who will testify at trial did not have involvement in the creation of the report. Therefore, the cover page has no relevance at trial. Finally, the defendant should not be permitted to create the highly prejudicial inference at trial that the investigation into his conduct is motivated by national animus.

The Court should grant the United States' motion in limine and enter an order prohibiting the introduction of any evidence at trial concerning a cover page of a South Charleston Police Department police report.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:
/s/Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
WV State Bar No. 13734
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: andrew.tessman@usdoj.gov


/s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: erik.goes@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "AMENDED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SOUTH CHARLESTON POLICE DEPARTMENT COVER PAGE," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 15th day of July, 2021 to:

>Timothy J. LaFon
>CICCARELLO DELGIUDICE & LAFON
>1219 Virginia Street, East, Suite 100
>Charleston, WV 25301
>E-mail: tlafon@cdlwv.com

/s/Andrew J. Tessman