

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO. 2:20-cr-54

NEDELTCHO VLADIMIROV

COURT'S CHARGE TO THE JURY

Members of the jury:

At the outset, I want to thank you for your undivided attention throughout the trial, your care in the consideration of the testimony and exhibits, your patience and understanding when delays were necessary, and your promptness in attending Court.

You have now heard and seen all of the evidence which you may properly consider in determining the facts of the case, and the guilt or innocence of the Defendant as determined by those facts and the law. At this stage in a trial, I am required to state and explain to the jury the law which applies to the case. This statement as to the law of the case is known as a charge, and is presented in the form of instructions. You will have a copy of this charge during your deliberations.

Each instruction is as important as any other. You should draw no inference from the order, language or manner in which these instructions are read. Do not pick out any one statement or instruction and ignore other instructions or parts of instructions. Consider and apply these instructions together as a whole.

### FIRST: THE DUTY OF THE JUDGE, THE JURY AND THE ATTORNEYS

The functions of the judge, the jury and the attorneys in a case are quite different. It is the duty of the judge to determine and state the law of the case, preside over the trial, and conform each portion to the law.

It is the duty of the jury to impartially determine the facts of the case from all of the evidence. Your oath as a juror requires you to accept and apply the law as stated in these instructions to the facts determined by you from all the evidence. You must not change the law or apply your own idea of what you think the law should be.

It is the duty of the attorneys to present their client's case, the law to the judge, and the facts to the jury; and, in argument, to relate the law to the facts, and thus assist the jury in determining the guilt or innocence of the defendant.

## SECOND: THE INDICTMENT

The superseding indictment alleges that beginning on or around December 2016, up to and including in or around February 10, 2020, the defendant, Nedeltcho Vladimirov, and others known and unknown to the Grand Jury, were members of a criminal theft ring based in the Southern District of West Virginia, the primary objective of which was for the defendant, Nedeltcho Vladimirov, to obtain money under false pretenses by listing and selling stolen items in online marketplaces.

COUNT ONE of the superseding indictment alleges, in summary, that the defendant, Nedeltcho Vladimirov, committed the offense of Money Laundering Conspiracy in that he and other persons did knowingly conspire with each other to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activities with the intent to promote the carrying on of the specified unlawful activity of mail fraud, wire fraud and interstate transportation of stolen property, while knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(h).

COUNTS TWO THROUGH FOUR of the superseding indictment allege, in summary, that the defendant, Nedeltcho Vladimirov, committed the offense of Money Laundering in that on three separate occasions on or around July 8, 2019, and July 23, 2019, he did knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, with criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of U.S. currency such property having been derived from mail fraud, wire fraud and interstate transportation of stolen property all in violation of Title 18, United States Code, Section 1957(a).

You will note the indictment charges that the offenses were committed on or about a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

You will find oftentimes that an indictment is charged in the conjunctive, meaning that it uses the word "and" between two elements of the offense. However, the law may not require proof of both elements. Therefore, you should be guided by this Court's instructions as to the actual elements that must be

proven.

A separate crime or offense is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. You should return a separate verdict as to each count. Your verdict on any count should not control your verdict on any other count.

You will also note the indictment charges that the offenses were committed at or near a certain location. The proof need not establish with certainty the exact location of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed at a location reasonably near the location alleged.

### THIRD: WHAT IS EVIDENCE?

You are to determine the facts of this case from the evidence alone. The "evidence" always consists of the sworn testimony of all the witnesses, all exhibits received in evidence, all stipulations and all matters of which I took judicial notice. A stipulation is an agreement among the parties that a certain fact is true. If the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proven. However, you are not required to do so, since you are the sole judge of the facts. If the Court

declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as conclusively proven the fact or event which has been judicially noticed, and weigh it along with other evidence in the case. You are not required to accept such facts, however, since you, as jurors, are the sole judge of the facts.

You must carefully and impartially consider the testimony of every witness and all exhibits, and not disregard or overlook any testimony, witness, exhibit or evidence; you must not permit yourself to be influenced by sympathy, bias, passion, prejudice or public sentiment for or against the Defendant or the United States. Both the Defendant and the United States expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Generally speaking, there are two kinds of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence of a fact to be proved is usually the testimony of the witness who saw, heard or otherwise experienced the fact. In other words, it is the testimony of a witness who claims actual knowledge of the fact(s). Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another

fact. If one fact or group of facts, on the basis of common sense and common experience, leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an important means of proving what the state of mind was at the time of the events in question. Sometimes it is the only means of proving state of mind.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. Do not be concerned about whether evidence is direct evidence or circumstantial evidence. You should consider and weigh all of the evidence that was presented to you.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify.

You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your own experience, reason and common sense.

The indictment in this case is only an accusation or charge against the defendant, and is not any evidence of guilt whatsoever. The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether Government or individuals, stand as equals at the bar of justice. The Defendant is on trial only for the acts or conduct alleged in the indictment. Your focus must be on the charges contained in the indictment, and not on anything else.

Nothing said or done by the attorneys who have tried this case is to be considered by you as evidence of any fact. The questions of counsel, the opening statements and the final arguments of counsel are intended to help you in understanding the evidence and applying the law to the evidence, but they are not themselves evidence. Accordingly, if any argument, statement or remark of counsel is not based upon the evidence or the law as stated in these instructions,

then you should disregard that argument, statement or remark.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibits ordered stricken by the Court must be entirely disregarded. You should not speculate as to the answer to any question to which an objection was sustained.

Certain exhibits referred to as schedules or summaries have been admitted into evidence. Strictly speaking, these exhibits are not actual evidence, but are admitted as summaries of other evidence in the case and are admitted only for your assistance and convenience in considering the other evidence which they purport to summarize.

In other words, the charts or summaries are used only as a matter of convenience. These summaries have no independent value, and you should consider them only insofar as you have concluded that they accurately reflect the documents and testimony actually introduced into evidence. If you find that the summaries do not accurately reflect the evidence in this case, you are to disregard them entirely.

Audio recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these audio recorded

conversations have been furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The recordings themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the recordings is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the transcript.

If you cannot, for example, determine from the audio recording that particular words were spoken or if you cannot determine from the audio recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

Nothing that I have said or done at any time during the trial is to be considered by you as evidence of any fact or as indicating any opinion concerning any fact, the "credibility of any witness," the "weight of any evidence," or the guilt or innocence of the defendant. Neither by these instructions, nor by any ruling or remark which I have made or will make, have I meant, or do I mean to indicate any opinion as to the facts of this case. The facts are for you, the jury, to decide.

Anything you may have seen or heard outside the courtroom is not evidence

and must be entirely disregarded.

### FOURTH:  WHAT YOU CONSIDER IN DETERMINING THE
### "CREDIBILITY OF THE WITNESSES" AND THE "WEIGHT OF THE EVIDENCE"

During your deliberations, you should carefully consider the testimony of each and every witness, and not disregard or overlook any testimony, witness or evidence.  Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You, as jurors, are the sole judges of the "credibility of a witness" and the "weight of the evidence."  The "credibility of a witness" means the truthfulness of the witness and the "weight of the evidence" means the extent to which you are or are not convinced by the evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The number of witnesses testifying on one side or the other of an issue is not alone the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently. The tests are: How truthful is the witness, and how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate, and otherwise trustworthy, in the light of all the evidence and circumstances shown.

In determining the "credit" and "weight" you will give to the testimony of any witness who has testified, you may consider, among other things, if found by you from the evidence:

1) his or her good memory, or lack of memory;

2) the interest or lack of interest of the witness in the outcome of the trial;

3) the relationship of any witness to any of the parties or other witnesses;

4) his or her demeanor and manner of testifying;

5) his or her opportunity and means or lack of opportunity and means of having knowledge of the matters concerning which he or she testified;

6) the reasonableness or unreasonableness of his or her testimony;

7) his or her apparent fairness or lack of fairness;

8) the intelligence or lack of intelligence of the witness;

9) the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

10) contradictory statements of any witness, if you believe from the evidence that such were made by the witness (either during trial or before trial) and that the same are contradictory of his or her testimony; however, contradictory statements, if any, may not be considered by the jury to establish the truth of such statements;

11) contradictory acts of any witness, if you believe that such were committed by the witness, and that they were contradictory of his or her testimony.

From these considerations and all other circumstances appearing from the evidence, you may give to the testimony of the witness such "credit" and "weight" as you believe it deserves. Further, the Court instructs you that you are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his or her testimony, or for

other reasons sufficient to you, that such testimony is not worthy of belief. During this trial, you have heard the testimony of several law enforcement officers or agents. The testimony of a law enforcement officer or agent should be considered in the same way and judged as to credibility and weight as the testimony of any other witness. Such witnesses do not stand in any higher station in the community than any other person, and their testimony is not entitled to any greater weight than other witnesses, simply because they are law enforcement officers.

You have heard the testimony of one or more witnesses who testified under an agreement with the United States that gives him/her what is called "use immunity." What this means is that the testimony of the witness may not be used against him/her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the use immunity agreement.

You are instructed that the United States is entitled to call, as a witness, a person who has entered into a use immunity agreement with the United States and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

The testimony of an immunized witness, someone who has been told that

his or her crimes will go unpunished in return for testimony or that his or her testimony will not be used against him or her in return for that cooperation, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the United States.

The jury must determine whether the testimony of the immunized witness has been affected by self-interest, or by the agreement he or she has with the United States, or by his or her own interest in the outcome of the case, or by prejudice against the defendant.

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach or to challenge the credibility, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached. If you believe that any witness in this case has knowingly testified falsely as to any material or important fact, you may, after considering and weighing the testimony of such witness, disregard all of the testimony of such witness, or give it or any part thereof, such "credit" and

"weight" as you believe it deserves.

The Defendant, Nedeltcho Vladimirov, is a competent witness on his own behalf, and you should not disregard or disbelieve his testimony in whole, or in part, solely because he is on trial charged with a crime. It is your duty to give his testimony the same careful and thorough consideration as the testimony of other witnesses, and to weigh his evidence by the same rules as you weigh the testimony of other witnesses, and give to his testimony such "credit" and "weight" as you believe it deserves.

Evidence relating to any statement, confession or admission alleged to have been made by a defendant out of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions or admissions should be disregarded entirely unless other evidence in the case convinces the jury that the statement, confession or admission was made knowingly and voluntarily.

In determining whether any alleged statement, confession or admission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made, the jury should consider the age, training, education, occupation, and physical and mental condition of the

defendant and his treatment while in custody or under interrogation as shown by the evidence in the case. Also, consider all other circumstances in evidence surrounding the making of the alleged statement, confession or admission.

If, after considering the evidence, you determine that a statement, confession or admission was made knowingly and voluntarily, you may give it such weight as you find it deserves under the circumstances.

### FIFTH: EXPERT WITNESSES - OPINIONS

Ordinarily, witnesses are not permitted to testify as to opinions or conclusions. However, the rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his opinion concerning such matters, and may state the reasons for the opinion. You should consider each expert opinion received in this case, and the reasons given in support of the opinion, and give it such weight as you may think it deserves. In determining the weight to be given to the opinion of an expert, you should consider the education, training and experience of the expert, the basis for the opinion, any bias exhibited by the witness, the confidence of the witness, the reasons and reasoning stated by

the witness, the opinions of other similar witnesses on the same matters, and the rules generally applicable to other witnesses in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely, or give it such weight as you find it deserves.

## SIXTH: THE BURDEN OF PROOF

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the United States to prove guilt beyond a

reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if you are not convinced beyond a reasonable doubt as to any one or more elements of the charge, you must find the Defendant not guilty. However, if you are satisfied beyond a reasonable doubt that all elements of the charge have been proven, then you must find the defendant guilty.

## SEVENTH: THE ISSUES YOU ARE TO DECIDE IN THIS CASE

As you have been instructed, the Defendant, Nedeltcho Vladimirov, is charged in Count One of the superseding indictment with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

You may return one of two verdicts as to Count One. 1) Guilty or 2) Not guilty.

Title 18, United States Code, Section 1956(a)(1)(A)(i) provides in pertinent part that:

(a) (1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity –

(A)(i) with the intent to promote the carrying on of specified unlawful activity . . .

shall be guilty of a crime against the United States.

Title 18, United States Code, Section 1956(h) provides in pertinent part that:

Any person who conspires to commit any offense defined in this section (Section 1956) or Section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

In order to satisfy its burden of proof for the offense charged in Count One of the superseding indictment, the United States must establish each of the following elements beyond a reasonable doubt:

**FIRST:** That two or more persons conspired to conduct or attempt to conduct a financial transaction having at least a minimal effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a minimal effect on, interstate or foreign commerce;

**SECOND:** That the property that was the subject of the monetary transaction involved the proceeds of specified unlawful activity;

**THIRD:** That at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the property involved represented the proceeds of some form of unlawful activity;

**FOURTH:** That the defendant engaged in the financial transaction with the intent to promote the carrying on of specified unlawful activity; and

**FIFTH:** That the defendant knowingly and voluntarily joined the conspiracy.

The specified unlawful activity referenced in the money laundering conspiracy in Count One of the superseding indictment included mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343, and/or interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.

Later in these instructions, I will provide you with the elements of mail fraud (18 U.S.C. § 1343), wire fraud (18 U.S.C. §1343), and interstate transportation of stolen property. Additionally, I will also define what constitutes a conspiracy.

The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a

deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means affected.

The term "financial institution" means, among other things, an insured bank, a commercial bank or trust company, or a private banker.

The term "monetary instruments" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders . . ..

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The term "specified unlawful activity" includes: any act or activity constituting an offense under 18 U.S.C. § 1341 relating to mail fraud, 18 U.S.C. § 1343 relating to wire fraud and/or 18 U.S.C. § 2314 relating to interstate transportation of stolen property.

Title 18, United States Code, Section 2314 provides in pertinent part:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise . . . of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud . . .

shall be guilty of an offense against the United States.

The phrase "transported in interstate commerce" means that the stolen goods, wares or merchandise moved from one state to another or between the United States and a foreign country. For example, if a person caused merchandise to be driven from one state to another or from the United States to another country, he has transported or transmitted goods, wares or merchandise from one state to another.

This statutory language and definition are relevant to your consideration of whether the United States has proven beyond a reasonable doubt that interstate transportation of stolen goods, mail fraud or wire fraud was "a specified unlawful activity" as alleged in Count One which charges the defendant with money laundering conspiracy.

The Defendant, Nedeltcho Vladimirov, is charged in Counts Two through Four of the superseding indictment with money laundering, in violation of Title 18, United States Code, Section 1957(a).

You may return one of two verdicts as to each of these three counts.

1) Guilty   or  2) Not guilty.

Title 18, United States Code, Section 1957, provides in pertinent part that:

> (a) Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity . . .

shall be guilty of a crime against the United States.

To "attempt" an offense means willfully to take some substantial step in an effort to bring about or accomplish something the law forbids to be done.

A "substantial step" is a step which strongly corroborates the defendant's intent to commit the substantive offense.  It is an act in furtherance of the criminal scheme.  It must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.  The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.

In order to satisfy its burden of proof for the offense charged in Count Two of the superseding indictment, the United States must establish each of the following elements beyond a reasonable doubt:

**FIRST:** On or about July 8, 2019, the defendant engaged or attempted to engage in a monetary transaction in or affecting interstate or foreign commerce;

**SECOND:** The monetary transaction involved criminally derived property of a value greater than $10,000;

**THIRD:** The property was derived from specified unlawful activity;

**FOURTH:** The defendant acted with knowledge that the transaction involved proceeds of a criminal offense; and

**FIFTH:** The transaction took place in the United States.

In order to satisfy its burden of proof for the offense charged in Count Three of the superseding indictment, the United States must establish each of the following elements beyond a reasonable doubt:

**FIRST:** On or about July 8, 2019, the defendant engaged or attempted to engage in a monetary transaction in or affecting interstate or foreign commerce;

**SECOND:** The monetary transaction involved criminally derived property of a value greater than $10,000;

**THIRD:** The property was derived from specified unlawful activity;

**FOURTH:** The defendant acted with knowledge that the transaction involved proceeds of a criminal offense; and

**FIFTH:** The transaction took place in the United States, and the transaction was separate and distinct from that alleged in Count Two.

In order to satisfy its burden of proof for the offense charged in Count Four of the superseding indictment, the United States must establish each of the following elements beyond a reasonable doubt:

**FIRST:** On or about July 23, 2019, the defendant engaged or attempted to engage in a monetary transaction in or affecting interstate or foreign commerce;

**SECOND:** The monetary transaction involved criminally derived property of a value greater than $10,000;

**THIRD:** The property was derived from specified unlawful activity;

**FOURTH:** The defendant acted with knowledge that the transaction involved proceeds of a criminal offense; and

**FIFTH:** The transaction took place in the United States and the transaction was separate and distinct from that alleged in Counts Two and Three.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find beyond a reasonable doubt that City National Bank or JPMorgan Chase Bank was insured by the FDIC, that is enough to establish that the transaction affected interstate commerce. Second, if

you find beyond a reasonable doubt that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find beyond a reasonable doubt that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. As I have previously stated, the term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The United States is not required to prove that all of the property involved in the transaction was criminally derived property. However, the United States must prove beyond a reasonable doubt that more than $10,000 of the property involved was criminally derived property.

The United States need not prove that all of the money involved in the transaction constituted the proceeds of the criminal activity; it is sufficient if the United States proves that at least part of the money represented such proceeds.

The mail fraud statute, Title 18, United States Code, Section 1341, provides in pertinent part that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . . and for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository or mail matter, any matter or thing whatsoever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing . . .

shall be guilty of an offense against the United States.

A "private or commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state. If a message or other article is deposited with such a carrier, it need not be proved that the message or article thereafter moved in interstate commerce from one state to another.

The wire fraud statute, Title 18, United States Code, Section 1343, provides in pertinent part that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or

causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . .

shall be guilty of an offense against the United States.

The phrase "transmits or causes to be transmitted by means of wire, radio, or television communication in interstate commerce" means to send from one state to another or one country to another by means of telephone or telegraph lines or by means of radio or television. Use of the internet to send emails, data, or files satisfies the interstate commerce element.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

The phrase "any scheme or artifice to defraud" or "any scheme or artifice for obtaining money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or

a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

An act, statement, or omission is "material" if it has a natural tendency to influence, or is capable of influencing or misleading, the individual or institution to which it was directed. It is not necessary for the United States to prove, however, that the act or omission actually influenced or misled.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. It is not necessary, however, to prove that anyone was, in fact, defrauded, as long as it is established that the defendant acted with the intent to defraud or mislead. It is not necessary

for the United States to prove that the defendant was successful in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not necessary that the United States prove all of the details alleged in the superseding indictment concerning the precise nature and purpose of the scheme, or that the mailed material was itself false or fraudulent, or that the use of the mail or common carrier was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant under consideration knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the superseding indictment. The United States must prove that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, associated oneself with the alleged fraudulent scheme for the purpose of causing some loss to another.

"Property" is anything in which one has a right that can be assigned, traded, bought, and otherwise disposed of. The property of which a victim is deprived need not be tangible property and the United States does not have to prove that the victim suffered a financial loss. The United States need only prove that the victim

was deprived of some right over that property, such as the right to exclusive use.

These statutes and definitions regarding mail and wire fraud are relevant to your consideration as to whether in Count One the United States has proven a "specified unlawful activity" beyond a reasonable doubt.

Under the law, a "conspiracy," as charged in Count One, is a combination or agreement of two or more persons to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member. The substance of the offense is a mutual agreement by two or more persons to disobey or disregard the law. In other words, the essence of the crime of conspiracy is an agreement to commit a criminal act.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly stated between themselves the details of the scheme and its object or purpose; or the precise means by which the object or purposes were to be accomplished; or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

You are instructed that a conspiracy once formed continues to exist until (1)

it has accomplished its manifest purpose and objectives, or (2) it is terminated by the withdrawal of the members of the conspiracy, evidenced by a clear showing of the intent of the conspirators to withdraw and no longer be a part of the conspiracy.

In your consideration of the conspiracy offense as alleged in Count One of the superseding indictment, you should first determine, from all the testimony and evidence in the case, whether the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether the defendant willfully became a member of such conspiracy.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants.

However, in determining whether the defendant was a member of an alleged conspiracy, the jury should consider only that evidence, if any, pertaining to his own acts and statements. A defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from the evidence of his/her own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt

from the evidence in the case that a conspiracy did exist as charged, and that the defendant was one of the members, then the statements and acts knowingly made and done during the conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the defendant even though he/she was not present to hear the statement made or see the act done. This is true because, as stated earlier, a conspiracy is a kind of "partnership" so that under the law each member is bound by or responsible for the acts and statements of every other member made in pursuance of their unlawful scheme.

Intent is an element of the offense of conspiracy. For the crime of conspiracy to be proved, there must be evidence sufficient to warrant belief beyond a reasonable doubt that the defendant intentionally entered into an agreement to do an illegal act with the intention of consummating that act.

To commit an act intentionally is to do so deliberately and not by accident.

One may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all other alleged conspirators. So, if a defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joins in an unlawful scheme on one occasion, that

is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he had played only a minor part in the conspiracy.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The purpose of adding the word "knowingly" is to ensure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

To act willfully in a conspiracy means to act voluntarily and intentionally, and with specific intent to do something the law forbids.

The United states may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit the jury to infer knowledge. Stated another way, a defendant's knowledge of a particular fact may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

One may not willfully or intentionally remain ignorant of a fact material or important to his conduct to escape the consequence of criminal law. If you find beyond a reasonable doubt that the defendant was aware of a certain fact but he deliberately and consciously avoided confirming this fact so he could deny knowledge if apprehended, then you may treat this deliberate avoidance as the equivalent of knowledge, unless you find the defendant actually believed this fact not to be true. A showing of negligence, mistake or even foolishness on the part of the defendant is not enough to support an inference of knowledge.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and the inferences to be drawn from any such evidence.

You may not infer that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

A person cannot conspire with himself, and therefore you cannot find a defendant guilty unless you find that he participated in the conspiracy as charged with at least one other person.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons, and the fact that they may have

associated with each other and may have assembled together and discussed common aims and interests, do not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

The United States is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the United States can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Lastly, with respect to conspiracy, in your consideration of Count One, you are required to determine if the United States proved beyond a reasonable doubt

that the defendant, Nedeltcho Vladimirov, conspired with others to commit money laundering. With respect to Count One, it is not necessary for you to consider whether or not the defendant actually committed or completed the crime of money laundering.

### EIGHTH: THE JURY'S DUTY DURING DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions, and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict -- whether guilty or not guilty -- must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussions persuade you that

you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans – you are not in allegiance with the United States nor are you in allegiance with the Defendant. You are the judges of the facts.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by your foreperson. I will respond as soon as possible either in writing or verbally in open court. Remember that you should not tell anyone -- including me -- how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. NOTHING I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

During your deliberations, you must not communicate with, obtain or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, Smart phone, IPhone, Blackberry or computer, the internet, any internet service, or any text or instant messaging service, or any internet chat room, blog or website such as

Facebook, MySpace, LinkedIn, YouTube or Twitter, or communicate to anyone or obtain any information about this case or conduct any research about this case until after I accept your verdict.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom and report your verdict.