**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**UNITED STATES OF AMERICA,**

**v.**                                                  **Case No.  2:20-cr-00054**

**NEDELTCHO VLADIMIROV,**

      **Defendant.**

**MOTION FOR JUDGMENT OF ACQUITTAL**
**OR, IN THE ALTERNATIVE, FOR A NEW TIRAL AND**
**MEMORANDUM IN SUPPORT THEREOF**

Now comes the Defendant, Nedeltcho Vladimirov, by counsel, Timothy J. LaFon, and moves this Honorable Court to grant a new trial in this matter and/or to set aside the verdict and enter an Order of Acquittal.  In support of said Motion, the Defendant Nedeltcho Vladimirov states as follows:

On July 21, 2021, the Defendant was convicted of one count of conspiracy to commit money laundering and three counts of money laundering.

It is the Defendant's position that the following errors were committed in said trial and pursuant to Rule 33 of the Federal Rules of Criminal Procedure a new trial should be granted thereof.  In addition, the Defendant moves in the alternative for Motion for Acquittal.

**STANDARDS**

"If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2).  A guilty verdict may only survive "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *United States v Morris*, 575 Fed. Appx. 174, 176 (4th Cir. 2014) (citation and quotations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Baylor*, 537 Fed. Appx. 149, 163 (4th Circ. 2013) (citation and quotations omitted). Here, the verdict must be set aside for several reasons: (1) the verdict is not supported by substantial evidence of Mr. Vladimirov's guilt beyond a reasonable doubt; (2) there was no evidence to support a conspiracy to commit money laundering; (3) there was no evidence at the trial that financial transactions were in fact money laundering; and (4) the Court erred in allowing retail investigators to testify as experts.

Alternatively, "[u]pon the defendant's motion, the court may vacate [the] judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). While "a court should exercise its discretion to grant a new trial sparingly," it should do so "when the evidence weighs heavily against the verdict." *United States v. Sprouse*, 517 Fed. Appx. 199, 204 (4th Cir. 2013). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). "[T]he court may consider the credibility of the witnesses and need not view the evidence in the light most favorable to the government in determining whether to grant a new trial." *United States v. Souder*, 436 Fed. Appx. 280, 289 (4th Cir. 2011) (citation omitted). Unlike the standard for entering a judgment of acquittal, "the trial court may grant relief if it determines that the evidence – even if legally sufficient to convict – weighs so heavily against the verdict that it would be unjust to enter judgment." *Id.* Thus, in *Souder*, the Fourth Circuit affirmed the district court's grant of a new trial when "the verdict was against the cumulative weight of the evidence[.]" *Id.* At 290 (citation and quotations omitted); *see also United States v. Campbell*, 977 F.2d 854, 860 n.6 (4th Cir. 1992) (same). Assuming *arguendo* that sufficient evidence existed to support Mr. Vladimirov's conviction, the Court should

2

nonetheless set aside the verdict and grant a new trial because it was against the cumulative weight of the evidence.

## ARGUMENT

### A. There Was No Evidence at the Trial of this Matter to Support a Conviction of Conspiracy to Commit Money Laundering (Count I)

The conspiracy in the indictment was specific and required some agreement between the Defendant and his alleged co-conspirators applicable to money laundering. That is, it was alleged that the Defendant and certain co-conspirators were involved in a "scheme . . . by using proceeds of the fraudulent scheme to conduct additional fraudulent transactions involving additional stolen items in the fraud scheme." *See* Paragraph 13 of the Superseding Indictment. The testimony of the alleged co-conspirators at the trial is that they had no knowledge of the Defendant's use of the funds which he obtained by selling products on eBay. Their only stated knowledge was that they believed he sold the products on eBay. There was no testimony that they had any idea as to any of his financial transactions other than he sold them on eBay nor was there any agreement applicable to the same. In fact, as to any conspiracy all alleged co-conspirators denied in the agreement or any direction that was provided by the Defendant. There was zero evidence as to an agreement between the co-conspirators as to the Defendant's use of the funds he obtained from selling the merchandise. The co-conspirators only testified they sold stolen property to the Defendant and nothing else.

### B. There Was No Evidence at the Trial of this Matter that the Actual Funds that the Government Claimed Was Laundered Flowed Directly From Illegal Transactions. Therefore Counts 2 – 4 of the Indictment were Unsupported by the Evidence

The Government put into evidence eBay transactions flowing from the Defendant's eBay accounts. The Government also introduced evidence that certain stolen products obtained from

alleged co-conspirators were sold on eBay.  In addition, the Government introduced evidence that the Defendant engaged in legitimate businesses on eBay.

Finally, the Government presented evidence that certain financial accounts were transferred by Defendant.  There was no direct evidence that the funds that were alleged to be money laundered flowed directly from criminal activity.  It was uncontroverted by the Government that the Defendant engaged in legitimate transactions along with their allegations that he engaged in illegal transactions.  There was no separation of the same and evidence that proved that the money that was allegedly laundered flowed from the alleged illegal transactions.  18 U.S.C. § 1957(a) requires proof that the funds that laundered were from criminally derived property of a value greater than $10,000.00.  There was no such direct proof.  The alleged co-conspirators did identify any direct products and did not provide evidence that these specific products were sold on eBay resulting in more than a $10,000.00 value.

### C.  The Court Erred in Allowing the Retail Investigators to Testify as Experts

The Defendant had filed a Motion in Limine to prevent "overview" testimony from investigators.  The Government filed a response and stated that they did not intend to present investigative overview evidence and that it would be improper for the investigator to testify to anything that they did not know firsthand.

The Court in ruling on said Motion stated as follows:

> Of course, hearsay evidence may not be offered except under one of the recognized exceptions.  The investigators are permitted to testify as to what they <u>obtained and or directly observed</u>.

Despite this ruling of the Court, these overview witnesses which were clearly investigators were ruled to be experts and allowed to testify as to substantially more than obtained and/or directly observed.

Further, these investigators were allowed to testify as experts even though they had no specialized knowledge that could properly be challenged as products of reliable principles and methods and whether their conclusions could be tested against said principles and methods.  Rule 702 of the Federal Rules of Evidence.  To testify as an expert requires some principles and methods applicable to the claimed expertise and proper application of the same.  *See United States v. Garcia*, 752 F3d 382.

The Defendant had prepared for trial as if no such overview witnesses/investigators would be testifying to any more than they actually witnessed.

The above-mentioned investigators/experts were allowed to improperly tender evidence as to what a reasonable person should conclude was "obvious".  There was nothing about their investigation qualifications that gave them expertise in this area.  This simply allowed the investigators to substitute their judgment for the jurors.

When utilizing an investigatory expert, it is incumbent on the government to show that the witness is not just channeling information and statements by non-testifying participants in the conspiracy into the record.  *See United States v. Garcia*, 752 F3d 382 (4th Cir.)

The investigation experts were allowed to testify about this conspiracy including multiple participants even though only four alleged co-conspirators showed up for trial.

It is clear that the "experts" were no more than overview witnesses that were able to testify to the entire investigation contrary to the Court's pre-trial rulings.  This testimony incorporated testimonial "hearsay" as to other individuals allegedly involved in the conspiracy effectively denying the Defendant's right to cross-examine these other individuals.

### D.  Alternatively, Defendant Should Be Granted a New Trial Pursuant to Rule 33

In the event the Court denies Defendant's motion for judgment of acquittal, the Court should grant his motion for a new trial because the cumulative weight of the evidence does not support a judgment of guilt.

The government presented four alleged co-conspirators who sold stolen items to the Defendant.  Everyone of these alleged co-conspirators stated that they did not advise the Defendant that the items were stolen.  Everyone of these co-conspirators testified that they were not directed to steal by the Defendant nor did they have any agreement of any kind to obtain stolen items for the purposes of resale by the Defendant on eBay.  Their only knowledge was that they had heard of Defendant operating a mobile pawn shop and that they could sell items to him.  Their testimony was that they would contact Defendant and would meet with Defendant usually in Defendant's vehicle to sell merchandise and that he would ascertain the price to pay based upon looking at the prices of said such items sold on eBay.

There was no testimony at all by any of these alleged co-conspirators that they had any knowledge as to what the Defendant did applicable to his financial transactions nor was there any evidence that the Defendant had actual knowledge that these items were stolen.  The Defendant testified at trial himself and denied any knowledge that these items were stolen and there was no evidence to contradict this presented at the trial.  The Court should keep in mind that this case was not one of transferring and receiving stolen property.  The allegations in the Indictment were that there was a conspiracy to launder money.  There was absolutely no evidence presented at the trial that there was any agreement as to the use made by the Defendant of any proceeds obtained from his eBay sales.  There was not one single co-conspirator that testified they had any knowledge or agreement implicit or otherwise applicable to these financial transactions.

6

In order for money laundering to have taken place by the Defendant as alleged in Counts 2 through 4 of the Indictment it must be proven that proceeds of illegal transactions were utilized in certain financial transactions.  While it is true that the government may have proven that the Defendant benefited from selling stolen property, there was no evidence that he actually knew the merchandise was stolen.  The Court allowed a jury instruction as to "willful ignorance" and allowed the government to argue that the Defendant willfully stuck his head in the stand; however, there was absolutely no evidence that he willfully ignored knowledge that items were stolen.  The only testimony that he willfully ignored the same was by "experts," who were no more than investigators who testified that any reasonable person would have known that the items were stolen.

The jury instruction as to "willful blindness" stated, in part, that "if you find beyond a reasonable doubt that the Defendant was aware of certain fact, but he deliberately and consciously avoided confirming the fact so that he could deny knowledge if apprehended, then you may treat this deliberate avoidance as an equivalent of knowledge unless you find the Defendant actually believed this fact not to be true."  This instruction was given inappropriately because there was absolutely no evidence in this case to support this.  There is no evidence of a fact that the Defendant knew that he consciously avoided confirming.  The only evidence presented in this case is that the Defendant made inquiries of certain of these co-conspirators as to whether items were stolen and advised them specifically he did not accept stolen items.  There was no evidence in this case to support the willful blindness instruction whatsoever.

The clear weight of the evidence is against the government's case and a new trial should be granted, therefore.

The Defendant advises his counsel that he filed the attached Motion to Appeal. (*See* Exhibit 1 attached hereto.) It does not appear from the docket sheet for this case. At the direction of the Defendant the attached 11 points on this Motion to Appeal are incorporated herein and are further grounds for a Motion For Acquittal and for a new trial.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Vladimirov respectfully requests the Court grant his Motion and enter a judgment of acquittal on all counts. In the alternative, Defendant requests the Court order a new trial on all counts.

**<u>NEDELTCHO VLADIMIROV</u>**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**


By: /s/Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**UNITED STATES OF AMERICA,**

**v.**                                                          **Case No.  2:20-cr-00054**

**NEDELTCHO VLADIMIROV,**

   **Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

   I, Timothy J. LaFon, do hereby certify that the foregoing **"Motion For Judgment of Acquittal Or, In the Alternative, For a New Trial and Memorandum in Support Thereof"** has been served upon all parties via the Court's electronic filing system on the 10th day of September, 2021:

>                    Eric Goes, Esquire
>                    United States Attorney's Office
>                    P.O. Box 1713
>                    Charleston, West Virginia 25326

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
     Timothy J. LaFon (WV #2123)
     Attorney for Defendant

S:\Debby\Clients\Vladimirov, Nedeltcho\2021-9-9 - Motion to Rule 33 .docx