## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**UNITED STATES OF AMERICA,**

**v.**                                              **Case No.  2:20-cr-00054**

**NEDELTCHO VLADIMIROV,**

      **Defendant.**


### DEFENDANT'S SENTENCING MEMORANDUM

Now comes the Defendant, Nedeltcho Vladimirov, by counsel, Timothy J. LaFon, and for his Sentencing Memorandum in this case states as follows:

    I.    **Objections to Presentence Report.**

      A.    **The Addition of Obstruction of Justice and the Two Point Increase is Improper.**

The Probation Department and the Government argue that the Sentencing Guidelines should be increased two levels because of the obstruction of justice flowing from the Defendant's testimony at trial.  The Probation Department and the Government argue that his "false" testimony constituted perjury in that the jury found that he knowingly received stolen items from the boosters. The Government argues that this knowingly false testimony rises to the level of perjury which constitutes obstruction of justice.  This absolutely cannot be determined based on the jury's verdict. As the Court is aware, there was much argument at the trial of this matter and ultimately an instruction was given to the jury that they could find the Defendant guilty if they found that the Defendant knew or "should have known" that the items were stolen.  There was an instruction that was given that the Defendant could not intentionally maintain his ignorance as to facts that were obvious and claim lack of knowledge as a defense to the case.  Therefore, it is impossible for this

Court to reach a conclusion that the jury found that the Defendant knew the items were in question were stolen and thus testified falsely.  The Defendant was doing no more than exercising his Constitutional right to try to defend himself and this should not be held against him by increasing the guidelines by two points.  In addition, the Defendant's failure to accept responsibility is already calculated into the guidelines in that he does not get any reduction in his guideline calculation for the same.

### B.    The PSR Improperly Calculates the Amount of Laundered Funds.

The number utilized by the Probation Department as the overall amount of funds laundered is speculation at best.  Four boosters testified at the trial of the matter, but none of them ever established the number of times or the value of the items that they sold to the Defendant.  To extrapolate this to mean that the entirety of the eBay sales of the Defendant constituted the laundered funds is unfair and inequitable.  The four individuals who testified at trial as "boosters" could not identify the amount of product that was sold from other individuals or whether said other individuals sold stolen items.  In fact, there was no testimony presented at trial that established that the products that were sold by the four boosters were actually sold on eBay.  Some of the boosters testified that they believed that they were being sold on eBay simply because the Defendant checked the price on eBay, but there was no direct evidence presented at trial that traced their products to be sold on eBay.  In fact, testimony at the trial of this established the Defendant conducted sales on eBay on non-stolen items.  2S1.1(a)(2) references 2B1.1 Application of the same increases the guidelines as the amount of laundered funds increase.  Given the fact that the Government did not prove the exact amounts that the Defendant dealt with in stolen property increasing the level over the base offense level of 8 is inequitable and constitutes pure speculation.

### C.     The Organizer and Leader Enhancement Is Improper.

The Probation Department and the Government argue that the Defendant was an organizer or leader of this criminal activity.  There was no evidence presented at trial that the Defendant ever directly solicited any of his customers.  It is clear that the customers (boosters) learned of the Defendant through his advertisement as a mobile pawn shop or by word of mouth.  It is also clear that the Defendant never directed their activities, asked them to steal products for him, nor was there evidence that he had any direct knowledge of the fact that they were drug dependent.  The Defendant did not exercise any management control over a criminal organization.  If the boosters acted in concert in any fashion, the Defendant had nothing whatsoever to do with it according to the evidence.  The boosters simply passed his name around via word of mouth as a way they could get rid of stolen property.

The Government argues that there was an arrangement between the boosters and the Defendant.  In Fact, the evidence presented showed that there was no arrangement other than the boosters presented products, the Defendant priced them, and sold them on eBay.  The Defendant did not exercise any leadership or management in this particular case.

### D.     The other objections to the Presentence Investigation Report.

As the Court is aware, the Defendant has zero criminal history.  However, the Defendant wants to point out to the Court under paragraph seventy-four (74) the Presentence Investigation Report page 17 states that the Defendant was charged with sexual abuse of a minor.  There has been no conviction as to the child abuse charge contained in said paragraph.  However, the Defendant denies any sexual nature to any alleged abuse.  In addition, in paragraph eighty-one (81) a Domestic Violence Order is mentioned; on page 18.  The Defendant advises that said case was dismissed.

II.     **18 U.S.C. Section 3553 Factors.**

The Defendant believes that this case is ripe for a downward departure after the applicable sentences have been calculated.  18 U.S.C. § 3553 factors can be accomplished and still provide mercy to this Defendant that a downward variance would allow.

A.     **The nature and circumstances of the offense**.

The Defendant is from another Country.  There are certain language barriers suffered by the Defendant.

The Defendant lost his job, after a long history of supporting himself and being productive citizen.  He attempted to get into the market of legitimate secondhand sales that have become so popular in today's society.  Unfortunately, this got away from him and according to the jury's verdict when he should have noticed that the items that he was receiving were stolen, he did not and proceeded thereunder to get himself into criminal difficulty.  There was no huge mastermind or planning behind these crimes and there certainly was no evidence that the Defendant had actual knowledge that these individuals selling the products to him were drug addicts and that he was taking advantage of that situation.  The Government tries to present to the Court that the Defendant took advantage of drug induced individuals who could have killed themselves from receiving the funds for selling the property.  There was no evidence presented at the trial of this matter that the Defendant had extensive knowledge of the drug situation of the customers.  In fact, each and every one of them testified that they never advised him of their drug situation.

B.     **The Need to Protect the Public from Further Crimes.**

With all due respect to the Federal Government, had this case been charged at the State level it would have been a transferring and receiving of stolen property case.  The penalty that the Defendant is facing now as a result of the Federal Government's conclusion to move forward with

this case is astronomically larger than all other individuals setting in similar circumstances that are usually tried by State Courts.  A variance down from the applicable guidelines in this case, would still protect the public from such further crimes without unduly burdening the Defendant's life from this day forward and would give him a chance to rehabilitate.

> ### C.      Seriousness Offense to Promote Respect for the Law Provide Just Punishment and Afford Adequate Deterrence.

The calculations of the guidelines by the Government and the Probation Department are doing nothing more than piling on.  There is no underlying charge in the Indictment that a proper guideline can be calculated such as if the Defendant had been charged with a theft crime.  Therefore 2S1.1(a)1 cannot be utilized to calculate the guidelines.  Therefore, the Defendant is left with calculations per 2S1.1(a)(2) calculations of 8 plus the money laundering range.  An argument is made to increase this guideline by multiple levels based on the overall amount sold on eBay.  This constitutes speculation and increases the guidelines that make the same not reflective of the overall amount of money laundered.  The Defendant gets no credit for acceptance of responsibility because he exercised his Constitutional right to go to trial and now the Government attempts to argue for an enhancement based upon his leadership role.  A variance down from the guidelines after property calculated, would still promote all of these 18 U.S.C. § 3553(a)(2)(a) & (b) factors without unduly multiplying the affect of the arguments made as to the sentencing guidelines both by the Government and Probation Department.

The Government attempts to argue that this case has something to do with fostering the growth of demand for opiates.  There is nothing in this case that would exemplify that the Defendant was attempting to take advantage of opiate addicts.

THERFORE, for all the above-stated reasons, the Defendant moves this Honorable Court to vary downward from the appropriately calculated sentencing guidelines.  In addition, for the

Court's further consideration, the Defendant has asked that the following handwritten notes be considered by the Court (*See* attached Exhibit 1).

**<u>NEDELTCHO VLADIMIROV</u>**

By Counsel.

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/Timothy J. LaFon
    Timothy J. LaFon (#2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304)344-4440
    Attorney for Defendant

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**UNITED STATES OF AMERICA,**

**v.**                                                 **Case No.  2:20-cr-00054**

**NEDELTCHO VLADIMIROV,**

     **Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

     I, Timothy J. LaFon, do hereby certify that the foregoing **"Defendant's Sentencing Memorandum"** has been served upon all parties via the Court's electronic filing system on the 7th day of January, 2022:

                         Andrew Tessman, Esquire
                         United States Attorney's Office
                         P.O. Box 1713
                         Charleston, West Virginia 25326

**CICCARELLO, DEL GIUDICE & LAFON**

By: _/s/Timothy J. LaFon_____
     Timothy J. LaFon (#2123)
     Attorney for Defendant

S:\Debby\Clients\Vladimirov, Nedeltcho\2022-1-6 - Defendant's Senencing Memorandum.docx