IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.             CRIMINAL ACTION NO. 2:20-cr-00054

NEDELTCHO VLADIMIROV,

    Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

  Pending before the Court is a Motion (Document 194), brought pursuant to 18 U.S.C. §3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment

825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on December 5, 2023, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and an addendum to the PSR from the Probation Office.[1] The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Vladimirov was convicted of money laundering conspiracy and money laundering following a jury trial and a verdict returned on July 21, 2021. At the time of his original sentencing, he had zero criminal history points. He had a total offense level of 30 and a criminal history category of I, for a Guideline range of 97 to 121 months. On January 20, 2022, the Court imposed a guideline sentence of imprisonment of 97 months, to be followed by three years of supervised release. Relevant here, Mr. Vladimirov received an aggravating role enhancement pursuant to USSG §3B1.1(a) for being an organizer or leader of a criminal activity that involved five or more members or was otherwise extensive. As provided in §4C1.1, a defendant is only eligible for the two-level Zero Point Offender reduction if he meets all ten criteria outlined therein. Specifically, §4C1.1(a)(10) requires that "the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in

---

[1] Inasmuch as the PSR Addendum indicates that Mr. Vladimirov is ineligible for relief under Amendment 821 due to the application of an aggravating role adjustment at sentencing, the Court finds it unnecessary to undertake further review of the previously ordered additional submissions by the parties.

21 U.S.C. § 848."[2] Because Mr. Vladimirov received an aggravating role adjustment under §3B1.1(a) and, therefore, cannot meet all the criteria under §4C1.1, the Court finds that he is not eligible for relief under Amendment 821.

Based on the foregoing considerations, the Motion (Document 194) is **DENIED**. The Court further **ORDERS** that the Federal Public Defender's *Motion to Withdraw and Appoint CJA Panel Counsel* (Document 198) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: December 8, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] As noted in the PSI Addendum, the Court did not find at sentencing that Mr. Vladimirov engaged in a continuing criminal enterprise. Nevertheless, the Court need not address the applicability of this prong of §4C1.1(a)(10) because Mr. Vladimirov cannot satisfy the first prong.