IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:20-cr-00054

NEDELTCHO VLADIMIROV,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Reconsideration* (Document 210), wherein he requests that the Court reconsider his *Motion for Reduction in Sentence Pursuant to Amendment 821* (Document 194) and *Motion Seeking Appointment of Counsel* (Document 195).[1] For the following reasons, the Court finds that the motion should be denied.

By Memorandum Opinion and Judgment Order (Document 200) entered December 8, 2023, the Court denied the Defendant's motion for a sentence reduction, finding that he is ineligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because he received an Aggravating Role adjustment under § 3B1.1(a). To be eligible for a reduction under Amendment 821, a defendant must meet certain criteria, including that he "did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a

---

[1] To the extent the Defendant moves the Court to reconsider his *Motion Seeking Appointment of Counsel* (Document 195), the Court notes that it initially granted the motion to the extent that the Defendant requested the Court to appoint counsel to represent him with respect to his eligibility for a sentence reduction. The Court subsequently denied the Defendant's motion for a sentence reduction, finding further briefing by counsel unnecessary in light of its conclusion that the Defendant was ineligible for relief under the plain text of §4C1.1.

continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10). Although the Defendant received an Aggravating Role adjustment under § 3B1.1(a), he argues that he remains eligible for relief because the "plain language" of § 4C1.1(a)(10) disqualifies a defendant from relief only if he received an Aggravating Role adjustment *and* was engaged in a continuing criminal enterprise. However, the fact that the Defendant was not found to have engaged in a continuing criminal enterprise is of no consequence. Section 4C1.1(a) provides that a defendant must meet "all of the following criteria" to be eligible for a sentence reduction, and a lack of an adjustment under § 3B1.1 is one of those criteria. Courts interpreting this provision have concluded that § 4C1.1(a) precludes a sentence reduction for a defendant who, although not engaged in a continuing criminal enterprise, nonetheless received an adjustment under § 3B1.1. *See United States v. Arroyo-Mata*, No. 1:09-CR-13-TCB, 2024 WL 1367796, at *3 (N.D. Ga. Apr. 1, 2024) (collecting cases and noting that "[e]very court thus far has rejected the argument that U.S.S.G. § 4C1.1(a)(10) precludes Amendment 821 relief only when a defendant received a U.S.S.G. § 3B1.1 adjustment *and* engaged in a continuing criminal enterprise." (emphasis in original)); *United States v. Espinoza*, No. 21-CR-01559-H, 2024 WL 1078252, at *3 (S.D. Cal. Mar. 12, 2024); *United States v. Barona Astaiza*, No. 16-CR-661-2, 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024); *United States v. Urias-Avilez*, No. 15-CR-10152, 2024 WL 626165, at *2 (D. Kan. Feb. 14, 2024); *United States v. Diaz-Pellegaud*, No. 09-CR-40029, 2024 WL 417105, at *2 (D.S.D. Feb. 5, 2024); *United States v. Castaneda Mendez*, No. 20-CR-20155, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024); *United States v. Gordon*, No. 19-CR-00007, 2023 WL 8601494, at *3 (D. Me. Dec. 12, 2023).

Moreover, to the extent that the Defendant's argument might be construed to assert that the "and" used in § 4C1.1(a)(10) is analogous to the "and" used in the safety-valve provision of 18 U.S.C. § 3553(f)(1), the Supreme Court took precisely the opposite view in *Pulsifer v. United States*, 144 S. Ct. 718 (2024).

> In sum, Paragraph (f)(1)'s criminal-history requirement sets out an eligibility checklist. A defendant is eligible for safety-valve relief only if he satisfies each of the paragraph's three conditions. He cannot have more than four criminal-history points. He cannot have a prior three-point offense. And he cannot have a prior two-point violent offense. Because Pulsifer has two prior three-point offenses totaling six points, he is not eligible. It makes no difference that he does not also have a prior two-point violent offense.

Slip. Op. at 27–28. Accordingly, the Court reaffirms its finding that the Defendant is ineligible for relief under Amendment 821.

After careful consideration and for the foregoing reasons, the Court **ORDERS** that the Defendant's *Motion for Reconsideration* (Document 210) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 3, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA