IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        CRIMINAL ACTION NO. 2:20-cr-00054

NEDELTCHO VLADIMIROV,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)* (Document 232), wherein he asks the Court to reduce his sentence to allow him to serve as a caregiver for his mother in Sofia, Bulgaria. The United States did not respond to Mr. Vladimirov's motion. For the reasons stated herein, the Court finds the motion should be denied.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i). See also *United States v. Payne*,

No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires a fact-specific inquiry into the defendant's circumstances and offense. *See* U.S.S.G. § 1B1.13.

On January 20, 2022, the Court imposed a sentence of 97 months of incarceration as a result of the Defendant's conviction by jury trial of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and three counts of money laundering in violation of 18 U.S.C. § 1957(a). The Defendant was found responsible for $594,766.43 in laundered funds. He also received Sentencing Guideline level enhancements for his conviction under 18 U.S.C. § 1956(h), obstruction of justice, and acting as an organizer or leader of a criminal activity that involved at least five participants. The Bureau of Prisons Inmate Finder provides an anticipated release date of December 31, 2025.

Mr. Vladimirov requests that the Court reduce his sentence to allow him to provide care for his elderly mother, who suffers from macular degeneration (vision loss), coxarthrosis (hip osteoarthritis), and gonarthrosis (knee joint osteoarthritis). He states her health conditions severely limit her mobility and independence, and she cannot perform basic tasks without significant difficulty. Further, Mr. Vladimirov's father, who was her primary caregiver, passed away last year. He states his sister lives in Spain and is unable to provide care for their mother due to work and financial obligations, leaving him as the only available caregiver. Mr.

Vladimirov asserts these circumstances qualify as extraordinary and compelling reasons that justify his release.

In support of his motion, Mr. Vladimirov contends he is uniquely positioned to fulfill the caregiving role his mother needs. He states that after his release, he plans to return to Bulgaria to live with his mother. He argues that compassionate release and a reduction in sentence is further justified because he has already served 85% of his sentence. He has also provided copies of his mother's medical records, his father's death certificate, his sister's Spanish identification card, and documents denying his administrative appeals for release.

The Court finds that Mr. Vladimirov is not an appropriate candidate for compassionate release. While Mr. Vladimirov's motion provides that he would be the only available caretaker for his mother, which could qualify as an extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(3)(B), the § 3553(a) factors do not support early release.

For over three years, Mr. Vladimirov acted as a fence[1] and knowingly conspired with at least four boosters[2] to perpetrate an illegal money laundering scheme to sell stolen items. Mr. Vladimirov met with boosters after they stole items from stores in and around Charleston, West Virginia. He would then scan the item's barcode and offer cash to the boosters, usually about 30–40% less than the eBay value. Many of the boosters were individuals addicted to controlled substances who used the money to support their addictions. The investigation into these crimes revealed that Mr. Vladimirov had fifteen to twenty boosters stealing for him, and his eBay account

---

1 A fence is an individual who knowingly buys goods to later resell them for profit. The fence acts as a middleman between thieves and the eventual buyers of stolen goods, who may not be aware the goods are stolen.

2 A booster steals goods for the fence and is willing to accept a low profit margin to dispose of the stolen goods and distance himself from the criminal theft that procured the goods.

had thousands of transactions. Missing items from Target, CVS, and Kroger stores were identified as listed for sale or already sold on Mr. Vladimirov's eBay account.

In this case, the amount of money laundered by Mr. Vladimirov is significant and resulted in a substantial increase in his Guideline range. The sentence he received was at the bottom of his Guideline range of 97 to 121 months. Early release of Mr. Vladimirov would lead to unwarranted disparity with other defendants convicted of similar conduct. The risk to the public, given Mr. Vladimirov's lengthy and repeated engagement in money laundering, the extensive list of items stolen and sold on his eBay website, and the considerable profits he realized from this criminal endeavor, weigh against early release. When considering the nature of Mr. Vladimirov's offense, the need to protect the public, deterrence, and the other 3553(a) factors, the Court finds compassionate release is not appropriate.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)* (Document 232) be **DENIED and DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: March 13, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA